UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civ. Action No. 05-0992 (PLF) |
|     v. | ) |
| | ) ECF |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
|     Defendant. | ) |

### JOINT REPORT TO THE COURT

The parties to the above actions hereby submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P., and LCvR 16.3.

    1.) <u>Resolution By Dispositive Motion</u>:   Plaintiff takes the position that this case is unlikely to be resolved on dispositive motion. Defendant takes the position that this case can be resolved on dispositive motion.

    2.) <u>Amendment of Pleadings</u>:   Plaintiff does not anticipate amending the Complaint. Defendant does not anticipate amending the pleadings.

    3.) <u>Assignment to a Magistrate Judge</u>:   The Parties have not consented to the assignment of this case to a Magistrate Judge at this time.

    4.) <u>Settlement Possibility</u>:   Plaintiff believes that settlement discussions could bring about a resolution of this case and is prepared to engage in them at any time defendant is amenable.

Defendant believes that settlement discussion is premature without some discovery in this case.

5.) <u>ADR</u>: Plaintiff believes that ADR would be a benefit in this case. Defendant believes that ADR would be beneficial only after some discovery in this case.

6.) <u>Resolution on Summary Judgment</u>: Plaintiff does not believe that this case can properly be resolved on summary judgment. Defendant believes that this case can be resolved by summary judgment.

7.) <u>Disclosures</u>: The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court 45 days after the Court issues an Initial Scheduling Order.

Plaintiff proposes that the parties provide home addresses and telephone numbers of persons identified in disclosures, and that the parties serve copies of all documents identified in disclosures, in accordance with <u>Viverso v. Nationwide Janitorial Service, Inc.</u>, 200 F.R.D. 681, 684 (N.D. Ga. 2000); <u>Dixon v. Certainteed Corp.</u>, 164 F.R.D. 685, 698 (D. Kan. 1996); and <u>Folsom v. Heartland Bank</u>, 1999 WL 322691 (D. Kan. 1999).

Defendant proposes that the parties comply with Fed. R. Civ. P. 26(a)(1) and the applicable Local Rules in making their respective Initial Disclosures.

8.) <u>Extent of Discovery</u>: The parties respectfully submit that discovery should begin on November 15, 2005, and end on May 1, 2006. Plaintiff anticipates that complete development of an evidentiary record may require discovery to the extent permitted by the

presumptive discovery limitations set out in the Federal Rules of Civil Procedure, but at present, does not see a need to exceed those limitations. There were three officials of defendant's Office of Inspector General involved in the adverse personnel actions that comprise the subject matter of this action; two or three employees similarly situated to plaintiff; three witnesses to defendant's actions; and one or more personnel specialists who are knowledgeable about plaintiff's reassignment and the removal of her supervisory duties.

Defendant proposes that the parties should be limited to five depositions per side. Defendant also proposes that each side is limited to 25 requests for admission, 20 interrogatories (including all subparts), and 20 discrete requests for the production of documents.

9.) <u>Expert Witnesses</u>:   Neither party anticipates presenting an expert witnesses. The parties agree that expert disclosures, if any, will be made in accordance with the schedule provided under Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

10.) <u>Class Action Issues</u>: Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: The parties do not anticipate a need to bifurcate this matter.

12.) <u>Date for Pretrial Conference</u>:   Plaintiff takes the position that a status conference should be scheduled after the presently scheduled close of discovery. Both parties take the

position that a pretrial conference should be set after the Court resolves all dispositive motions.

13.) <u>Trial Date</u>:   The parties are amenable to having a firm trial date set at the pre-trial conference.

14.) <u>Other Matters</u>:   Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of information covered by the Privacy Act, 5 U.S.C. §552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

SO STIPULATED:

_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004
Phone (202) 955-6968

Counsel For Plaintiff


_____
Kenneth L. Wainstein, Esq.
United States Attorney
  D.C. Bar No. 451058

_____
AUSA R. Craig Lawrence
  D.C. Bar No. 171538

_____
AUSA John C. Truong
   D.C. Bar No. 465901
Office of the U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
Phone (202) 307-0406

Counsel For Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION,<br><br>    Plaintiff,<br><br>    v.<br><br>ALPHONSO R. JACKSON,<br>  Secretary Of Housing And<br>  Urban Development,<br><br>    Defendant. | )<br>)<br>)<br>)  Civ. Action No. 05-0992 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED ORDER**[1]

Upon consideration of the parties' Joint Report To The Court, and the entire record in this matter; it is hereby:

ORDERED that initial disclosures shall be made no later 45 days from the Court's Issuance of an Initial Scheduling Order.

[ORDERED that the parties shall provide home addresses and telephone numbers of persons identified in their respective disclosures and copies of all documents identified in disclosures, not already in the opposing party's possession.]

ORDERED that discovery shall commence on November 15, 2005, and end on May 1, 2006.

ORDERED that Counsel for both parties are to continue working cooperatively with one another to prepare routine protective orders needed to facilitate discovery, and to take account of scheduling

---

[1] Those sections of this Proposed Order which appear in brackets ("[]") have been proposed by one party, but not agreed to by the other party. Sections which do not appear in brackets have been agreed upon.

conflicts and other issues that may arise during the course of this case.

ORDERED that the presumptive limits on discovery set forth in Rules 30 and 33, Fed. R. Civ. P., shall be in effect, absent agreement of the parties and/or leave of Court.

[ORDERED that each side is limited to five depositions, 25 requests for admission, 20 interrogatories (including all subparts), and 20 discrete requests for the production of documents.]

ORDERED that expert designations and disclosures, if any, shall be made in accordance with the schedule provided under Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

ORDERED that dispositive motions, if any, shall be filed no later than June 15, 2006; oppositions to dispositive motions shall be filed no later than July 31, 2006; and replies, if any, shall be filed no later than August 14, 2006.

FURTHER ORDERED that the parties shall appear for a status conference before the undersigned on May ____, 2006.


SO ORDERED this ____ day of _____, 2005.


_____
United States District Judge