IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAUNDRA G. ELION,

    Plaintiff,

    v.

ALPHONSO R. JACKSON,
Secretary of Housing and Urban
Development

    Defendant.

Civil Action No. 05-992  (PLF)(AK)

## ORDER

On April 13, 2006, the Trial Court (Friedman, J.) referred this case to this Court for resolution of all discovery disputes pursuant to Local Rule 72.2. The dispute currently before the Court involves the appropriate scope of inquiry in the Plaintiff's deposition of a witness, Mr. Austin Groom, who Plaintiff believes is similarly situated to her. Mr. Groom had previously filed an EEO complaint alleging discriminatory conduct against the same supervisor, after which he was fired. He later entered into an Alternative Dispute Resolution (ADR) agreement and was reinstated.

The Defendant permitted the Plaintiff to inquire about the circumstances of the discrimination, but believes that the terms of the ADR agreement should remain confidential because the terms of any settlement are not relevant to the Plaintiff's claims. The Plaintiff is willing to agree that the terms of the settlement agreement are not relevant, so long as the

Defendant does not plan to use the fact of Mr. Groom's firing or reinstatement as a basis for arguing that he and the Plaintiff are not similarly situated.  The Plaintiff was not fired when she filed her EEO complaint, but rather was transferred to another job.

Following a telephone conference with counsel for the parties on Friday, May 12, 2006, it is hereby, this _19th_ day of May, 2006

ORDERED that the terms of the ADR agreement are not relevant and Defendant's objection to deposition questions seeking such information is sustained, and it is

FURTHER ORDERED that should it appear that the Defendant is using or intends to use the fact of Mr. Groom's firing and/or reinstatement (or any other issue related to the ADR agreement) to argue that he is not similarly situated to the Plaintiff, at that point the terms of the ADR agreement may be relevant.  Should this circumstance occur after the close of discovery, the Plaintiff should file a motion under Fed. R. Civ. P. 56(f) to reopen discovery for the limited purpose of deposing Mr. Groom about the terms of the ADR agreement.

SO ORDERED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE