UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, </br></br> Plaintiff, </br></br> v. </br></br> ALPHONSO R. JACKSON, </br> Secretary Of Housing And </br> Urban Development, </br></br> Defendant. | ) </br> ) </br> ) </br> )  Civ. Action No. 05-0992 (PLF) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFF'S CONSENT MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 15, Fed. R. Civ. P., for leave to file her Amended Complaint, lodged herewith. The grounds in support of this Motion are fully explained in the accompanying Memorandum of Points and Authorities. A proposed Order has also been filed, in accordance with LCvR 7.1(c).

Counsel for defendant has been advised of this Motion and has stated that defendant does not oppose plaintiff's Motion; however, defendant reserves the right to challenge the merits of the Amended Complaint

Respectfully submitted,

/s/
_____
Robert C. Seldon, Esq.
   D.C. Bar No. 245100

/s/
_____
Molly E. Buie, Esq.
   D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, )<br>    Plaintiff, )<br>        v. )<br>ALPHONSO R. JACKSON, )<br>  Secretary Of Housing And )<br>  Urban Development, )<br>    Defendant. ) | Civ. Action No. 05-0992 (PLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S CONSENT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**INTRODUCTION**

Last week, the Supreme Court issued a precedent-setting decision that materially changed the law governing the nature of acts that are actionable in cases of retaliation. Burlington Northern & Santa Fe R.R. v. White, 2006 WL 1698153 (U.S. June 22, 2006) (slip copy). In that decision, the Supreme Court "agree[d] with the formulation" adopted several months earlier by the D.C. Circuit in Rochon v. Gonzalez, 438 F.3d 1211 (D.C. Cir. 2006); and definitively relieved a plaintiff pursing a claim of retaliation from having to show that he sustained an adverse employment action, as that term had come to be defined under cases such as Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999).

Under the law in this judicial district previously, the adverse employment action standard was generally viewed as applying not only to claims of discrimination, but of retaliation as well. E.g., Runkle v. Gonzalez, 391 F. Supp.2d 210, 222 (D.D.C. 2005); Rochon v.

1

Gonzalez, 319 F. Supp.2d 23, 30-31 (D.D.C. 2005), rev'd 438 F.3d 1211 (D.C. Cir. 2006); Cheek v. Chertoff, 2006 WL 695829 (D.D.C. 2006). The Supreme Court's decision in Burlington Northern, which for all practical purposes affirmed the D.C. Circuit's decision in Rochon, has now held that a claim of retaliation may concern any action, personnel or otherwise, that would have been material to a reasonable employee, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington Northern, 2006 WL 1698153 (slip copy at 10) (quoting Rochon, 438 F.3d at 1219).

This new precedent has worked a departure from the D.C. Circuit's most recent articulation of the law that controlled this case when the Complaint was filed. E.g., Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002). In order to conform to the Burlington Northern/Rochon legal standard, plaintiff respectfully seeks leave to amend those Counts of her Complaint that sound in retaliation in order to allege that those claims are actionable without regard to whether she sustained an adverse employment action.[1]

Under Rule 15, Fed. R. Civ. P., leave to amend is to be "liberally granted," in the absence of prejudice, bad faith, or dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend may be granted even after final judgment has been entered. Id. Discovery to date about the predicate acts that comprise the subject matter of plaintiff's claims of retaliation will be equally useful

---

[1] The specific portions of the Complaint which plaintiff seeks leave to amend are Count I, ¶48; Count V, ¶72; Count VI, ¶79; Count IV, ¶79; Count IX, ¶99; Count X, ¶106; and Count XI, ¶112.

after amendment; in any event, more than ample time remains for defendant to initiate any additional discovery it requires. Since plaintiff moved promptly upon the issuance of the Supreme Court's decision in Burlington Northern, plaintiff respectfully seeks leave to amend her Complaint.

**ARGUMENT**

**PLAINTIFF SHOULD BE GRANTED LEAVE
TO FILE HER AMENDED COMPLAINT**

Plaintiff's original Complaint, which was filed on May 16, 2005, was tailored to meet the legal standards in this Circuit. At that time, they required a party pursuing a claim of retaliation claim to show that "1) she engaged in a statutorily protected activity; 2) that the employer took an adverse personnel action; and 3) that a causal connection existed between the two." Brown v. Brody, 199 F.3d, 446, 452, 455 (D.C. Cir. 1999); cited by Rochon v. Gonzalez, 319 F. Supp.2d at 30; Runkle v. Gonzalez, 391 F. Supp.2d at 222 (citing Morgan v. Fed. Home Loan Mortgage Corp., 328 F.3d 647, 651 (D.C. Cir. 2003)). In other words, a plaintiff pursing a claim of retaliation had to allege and prove that she had suffered an adverse employment or adverse personnel action, just like a plaintiff in a case of discrimination. E.g., Brown v. Brody, 199 F.3d at 452, 453. Utilizing this standard, the District Court in Rochon granted summary judgment because the plaintiff had not sustained an adverse personnel action, which entailed a "significant change in employment status, such as a hiring, firing, failing to promote, reassignment with

3

significantly different responsibilities, or a decision causing a significant change in benefits." 319 F. Supp.2d at 222.[2]

Thus, prior to the decisions in Burlington and Rochon, a plaintiff could only pursue a claim of retaliation that did not rise to the level of independently actionable adverse employment action as part of a cumulative series of acts that comprised a hostile work environment or a constructive discharge. E.g., Pennsylvania State Police v. Suders, 124 S.Ct. 2342, 2351 (2004); Harris v. Forklift Systems, 510 U.S. 17, 21 (1993); Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986). Now a plaintiff in a retaliation case may proceed in one or more of the following ways: as (i) adverse employment or adverse personnel actions; (ii) a hostile work environment; (iii) a constructive discharge; **or** (iv) acts that would dissuade a reasonable worker from making a charge of discrimination. In other words, there is now a fourth basis in retaliation claims.

On December 5, 2005, the Supreme Court granted certiorari from the Sixth Circuit's decision in Burlington Northern. 126 S.Ct. 797 (2005). On February 28, 2006, the D.C. Circuit overturned the lower court's decision in Rochon. 438 F.3d 1211. At least until the Supreme Court issued its decision, the standard for a claim of retaliation in this Circuit no longer required a plaintiff to demonstrate that he had suffered an adverse personnel or employment action. Rather, as the D.C. Circuit held:

---

[2]   The plaintiff in Rochon argued that the law did not require an adverse personnel action with respect to retaliation claims, but the District Court held that "the D.C. Circuit has explicitly imposed an adverse personnel action requirement in order to establish a prima facie case under the *McDonnell Douglas* framework." Rochon, 319 F.Supp.2d at 31 (citing Brown, 199 F.3d at 455).

4

> . . . to support a claim of retaliation a plaintiff must demonstrate the employer's challenged action would have been material to a reasonable employee, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Id. at 1219. When the Supreme Court issued its decision in Burlington Northern on June 22, 2006, and essentially adopted the D.C. Circuit's standard, the new legal standard in retaliation cases became indisputable. 2006 WL 1698153 (slip copy at 10).

The issuance of the Burlington Northern/Rochon retaliation standard may have a concrete impact on the ultimate disposition of this case. Specifically, that precedent has now made clear that so long as plaintiff's retaliation claims meet the Burlington Northern/Rochon standard, which they surely do, she need no longer prove that her reassignment and non-selection constituted adverse employment actiona. For that reason, justice requires plaintiff be granted leave to amend her Complaint.

Defendant would not be prejudiced by such an amendment. Discovery already taken by defendant about the predicate acts that comprise the subject matter of plaintiff's claims of retaliation will be equally useful after amendment. With discovery still open, defendant has sufficient time to initiate any additional discovery it might require.

Rule 15 of the Federal Rules of Civil Procedure requires that leave to amend a complaint "shall be freely given . . . " to a plaintiff. Indeed, in Foman v. Davis, the Supreme Court held that Rule 15 is an affirmative mandate that should be heeded: "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a

5

proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. 178, 182 (1962). Leave may even be granted after the entry of judgment. Id. In the absence of undue delay, bad faith, or dilatory motive, leave to amend must be granted unless the defendant can demonstrate unfair prejudice. Id.; see also Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330-31 (1970).[3] Furthermore, since the intervening change in law occurred prior to a final decision in this case, this Court must apply the new Burlington Northern/Rochon standard in reaching its final decision in this case. See Crocker v. Piedmont Aviation, 49 F.3d. 735, 740 (D.C. Cir. 1995) (citing Women's Equity Action League v. Cavazos, 906 F.2d 742, 752 n. 14 (D.C. Cir 1990) ("When intervening legal authority makes clear that a prior decision bears qualification, that decision must yield. Law of the case cannot be substituted for the law of the land.") (internal quotation marks omitted)).

---

[3] Many lower courts have held that leave must be granted unless prejudice can be shown. E.g., Frank v. U.S. West, 3 F.3d 1357, 1365 (10th Cir. 1993); Richards v. Mileski, 662 F.2d 65 (D.C. Cir. 1981); Sackett v. Beaman, 399 F.2d 884 (9th Cir. 1968); Lone Star Import v. Citroen Cars Corp., 288 F.2d 69 (5th Cir. 1961); Goldenberg v. World Wide Shippers and Movers of Chicago, 236 F.2d 198 (7th Cir. 1956); Sunray Oil Corp. v. Sharpe, 209 F. 2d 937 (5th Cir. 1954); Hammerman v. Peacock, 607 F. Supp. 911, 916-17 (D.D.C. 1985); Archbold v. McLaughlin, 181 F. Supp. 175 (D.D.C. 1960).

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully moves the Court to grant leave to file her Amended Complaint, lodged herewith.

Respectfully submitted,

/s/
_____
Robert C. Seldon, Esq.
   D.C. Bar No. 245100

/s/
_____
Molly E. Buie, Esq.
   D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff