THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 05-0992 (PLF) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary of the | ) |
| U.S. Dept. of Housing and | ) |
| Urban Development, | ) |
| | ) |
|     Defendant. | ) |

DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant Alphonso R. Jackson, Secretary, Department of Housing and Urban Development ("HUD"), by and through his counsel hereby answers Plaintiff's Complaint as follows:

1.    Defendant admits the allegations in Paragraph 1.

2.    Defendant admits the allegations in Paragraph 2.

3.    Defendant admits that Deputy Inspector General Michael Stephens did indicate he was prepared to meet with the Plaintiff to resolve her issues in her complaint. Except for the foregoing specific admission, Defendant denies the remaining allegations in Paragraph 3.

4.    Defendant admits that the parties did meet and discuss the Plaintiff's concerns. Defendant also admits that Plaintiff withdrew her administrative complaint. Except for the foregoing specific admissions, Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations and, therefore, denies them.

5.     Defendant denies the allegations in Paragraph 5.

6.     Defendant admits that the Plaintiff was reassigned to a nonsupervisory position on April 21, 2004. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

7.     Defendant admits that the Assistant Director, Donna Hawkins, a female African American, was reassigned to a nonsupervisory position and that she had filed a complaint alleging discrimination. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

8.     Defendant admits that Michael Beard, a white male, was reassigned from the position of Regional Inspector General for Audit of HUD Region 6 to a nonsupervisory position in the OIG Headquarters Office of Audit and that he had filed a complaint alleging discrimination. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

9.     Defendant admits that Daniel P. Salas was reassigned in April 2005 from the Deputy Assistant Inspector General for Investigations position to a newly created management position in OIG Headquarters and he had filed a complaint alleging discrimination. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

10.     This Paragraph sets forth Plaintiff's request for relief, to which a response is not necessary. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. This Paragraph contains statements on jurisdiction and venue, to which a response is not necessary.

14. The dates alleged in this Paragraph are inaccurate. Defendant admits that Plaintiff was appointed to the position of District Inspector General in September 1999 (not June 1999 as alleged in sentence 1 of this Paragraph). Defendant admits that the Capital Region Office was closed effective June 30, 2003 (not May 2002 as alleged in sentence 2 of Paragraph). Defendant admits that Plaintiff was reassigned to be Director of the Headquarters Audits Division.

15. Defendant admits that the Capital District was responsible for the audits as described in this Paragraph. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

16. Defendant lacks sufficient knowledge and information to admit or deny the allegations in this Paragraph and, therefore, denies them.

17. Defendant lacks sufficient knowledge and information to admit or deny the allegations in this Paragraph and, therefore, denies them.

18. Defendant lacks sufficient knowledge and information to admit or deny the allegations in this Paragraph (including the Footnote 2) and, therefore, denies them.

19. Defendant admits that the Plaintiff did not receive an award in 2003 and that her unit was tied for fourth place on September 30, 2003, in a rating system developed by OIG.

20. Defendant lacks sufficient knowledge and information to admit or deny the allegations in this Paragraph and, therefore, denies them.

21. Defendant admits that the Plaintiff filed an informal complaint of discrimination in December 2002. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph. Defendant also incorporates his answers in Paragraphs 14-20 herein.

22. Defendant admits the allegations in this Paragraph.

23. Defendant admits that Deputy Inspector General agreed to meet with Plaintiff in January 2003 to address her concerns. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

24. Defendant denies the allegations in this Paragraph.

25. Defendant denies the allegations in this Paragraph.

26. Defendant admits that the parties agreed to meet. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

27. Defendant admits that Plaintiff withdrew her complaint on March 20, 2003. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

28. Defendant denies the allegations in this Paragraph.

29. Defendant denies the allegations in this Paragraph.

30. Defendant denies the allegations in this Paragraph.

31. Defendant admits that the Deputy Inspector General requested a meeting with the Plaintiff and Ms. Hawkins, and that Ms. Hawkins refused to talk with Mr. Stephens without her attorney present. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

32.     Defendant admits that there was a meeting in April 2004 between the Deputy Inspector General and Plaintiff. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

33.     Defendant admits that on April 21, 2004, or thereabouts, Assistant Inspector General Heist reassigned Plaintiff to a non-supervisory position. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

34.     Defendant denies the allegations in this Paragraph.

35.     Defendant admits that the Plaintiff and Ms. Hawkins were the only African-American female managers in the Headquarters Office of Audit at that time. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

36.     Defendant denies the allegations in this Paragraph.

37.     Defendant denies the allegations in this Paragraph.

38.     Defendant admits that Michael Beard, a white male, was reassigned in January 2005, or thereabouts, to a non-supervisory position in OIG Headquarters Office of Audit. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

39.     Defendant admits that Daniel Salas was reassigned in April 2005 to head a newly created office within Headquarters, the Office of Inspections and Evaluations. Except for the foregoing specific admission, Defendant denies the remaining allegations in this Paragraph.

40.     Defendant denies the allegations in this Paragraph.

41. Defendant admits that in August 2004, Mr. James Heist announced that he had selected a white male auditor to replace a retiring Division Director in Headquarters Office of Audit in 2005. Defendant admits that the position was not advertised.

42. Defendant denies the allegations in this Paragraph.

43. Defendant admits the allegations in this Paragraph.

44. Defendant admits the allegations in this Paragraph.

45. Defendant admits the allegations in this Paragraph.

46. Defendant incorporates his answers to Paragraphs 1-45 herein.

47. Defendant denies the allegations in this Paragraph.

48. Defendant denies the allegations in this Paragraph.

49. Defendant denies the allegations in this Paragraph.

50. Defendant denies the allegations in this Paragraph.

51. Defendant denies the allegations in this Paragraph.

52. Defendant incorporates his answer to Paragraphs 1-51 herein.

53. Defendant denies the allegations in this Paragraph.

54. Defendant denies the allegations in this Paragraph.

55. Defendant denies the allegations in this Paragraph.

56. Defendant denies the allegations in this Paragraph.

57. Defendant denies the allegations in this Paragraph.

58. Defendant incorporates his answers to Paragraphs 1-57 herein.

59. Defendant denies the allegations in this Paragraph.

60. Defendant denies the allegations in this Paragraph.

61. Defendant denies the allegations in this Paragraph.

62. Defendant denies the allegations in this Paragraph.

63. Defendant denies the allegations in this Paragraph.

64. Defendant incorporates his answers to Paragraphs 1-63 herein.

65. Defendant denies the allegations in this Paragraph.

66. Defendant denies the allegations in this Paragraph.

67. Defendant denies the allegations in this Paragraph.

68. Defendant denies the allegations in this Paragraph.

69. Defendant denies the allegations in this Paragraph.

70. Defendant incorporates his answers to Paragraphs 1-69 herein.

71. Defendant denies the allegations in this Paragraph.

72. Defendant denies the allegations in this Paragraph.

73. Defendant denies the allegations in this Paragraph.

74. Defendant denies the allegations in this Paragraph.

75. Defendant denies the allegations in this Paragraph.

76. Defendant incorporates his answers to Paragraphs 1-75 herein.

77. Defendant denies the allegations in this Paragraph.

78. Defendant denies the allegations in this Paragraph.

79. Defendant denies the allegations in this Paragraph.

80. Defendant denies the allegations in this Paragraph.

81. Defendant denies the allegations in this Paragraph.

82. Defendant denies the allegations in this Paragraph.

83.  Defendant incorporates his answers to Paragraphs 1-82 herein.

84.  Defendant denies the allegations in this Paragraph.

85.  Defendant denies the allegations in this Paragraph.

86.  Defendant denies the allegations in this Paragraph.

87.  Defendant denies the allegations in this Paragraph.

88.  Defendant denies the allegations in this Paragraph.

89.  Defendant denies the allegations in this Paragraph.

90.  Defendant incorporates his answers to Paragraphs 1-89 herein.

91.  Defendant denies the allegations in this Paragraph.

92.  Defendant denies the allegations in this Paragraph.

93.  Defendant denies the allegations in this Paragraph.

94.  Defendant denies the allegations in this Paragraph.

95.  Defendant denies the allegations in this Paragraph.

96.  Defendant denies the allegations in this Paragraph.

97.  Defendant incorporates his answers to Paragraphs 1-96 herein.

98.  Defendant denies the allegations in this Paragraph.

97[sic]. Defendant denies the allegations in this Paragraph.[1]

99.  Defendant denies the allegations in this Paragraph.

100.  Defendant denies the allegations in this Paragraph.

101.  Defendant denies the allegations in this Paragraph.

---

[1] There are two paragraphs identified as Paragraph 97.

102.    Defendant denies the allegations in this Paragraph.

103.    Defendant incorporates his answers to Paragraphs 1-102 herein.

104.    Defendant denies the allegations in this Paragraph.

105.    Defendant denies the allegations in this Paragraph.

106.    Defendant denies the allegations in this Paragraph.

107.    Defendant denies the allegations in this Paragraph.

108.    Defendant denies the allegations in this Paragraph.

109.    Defendant denies the allegations in this Paragraph.

110.    Defendant incorporates his answers to Paragraphs 1-109 herein.

111.    Defendant denies the allegations in this Paragraph.

98[sic]. Defendant denies the allegations in this Paragraph.[2]

112.    Defendant denies the allegations in this Paragraph.

113.    Defendant denies the allegations in this Paragraph.

114.    Defendant denies the allegations in this Paragraph.

115.    Defendant denies the allegations in this Paragraph.

The remaining allegations contain Plaintiff's Prayer for Relief (Paragraphs A-G) to which no response is necessary. To the extent that a response may be deemed necessary, Defendant denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever. Defendant further avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a.

---

[2]    There are two paragraphs identified as paragraph 98.

All allegations of the Complaint not specifically admitted above are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the Complaint or a portion thereof.

### SECOND DEFENSE

The Complaint or a portion thereof is barred by the applicable limitations period.

### THIRD DEFENSE

The Plaintiff has not properly exhausted her administrative remedies.

### FOURTH DEFENSE

The Complaint or a portion thereof fails to state a claim upon which relief may be granted.

### FIFTH DEFENSE

A compensatory damages award and trial by jury are not available under the ADEA.

Defendants expressly deny all allegations to which no specific response has been made.

Defendant prays that the Court enters judgment in favor of Defendants and dismisses the above-captioned with prejudice.

Dated: July 27, 2006.                    Respectfully Submitted,

                                         /s/   Kenneth L. Wainstein
                                         KENNETH L. WAINSTEIN, D.C. BAR #451058
                                         United States Attorney

      /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

      /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant