UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SAUNDRA G. ELION,                   )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )    Civil Action No. 05-0992 (PLF)
                                    )
ALPHONSO R. JACKSON,                )
                                    )
       Defendant.                   )
_____)

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on plaintiff's motion for sanctions [18]. Upon consideration of the motion and the attachments thereto filed by the plaintiff, as well as the defendant's opposition and his attachments, the Court will grant plaintiff's motion.

       The facts are substantially as follows: Discovery requests were made by plaintiff which, fairly read, called for the production of an e-mail from Deputy Assistant Inspector General Stephens to Assistant Inspector General Heist. The defendant did not produce the April 4, 2004 e-mail in response to interrogatories or document requests, and it only came to light during the deposition of Mr. Heist a few days before the close of all discovery. Plaintiff asks the Court to sanction the defendant by precluding defendant from offering in evidence any and all documents not timely produced during discovery, including the April 4, 2004 e-mail, and also by precluding defendant from offering the testimony of any witness with respect to the April 4, 2004 e-mail (or any other documents not timely disclosed).

       Rule 37(c)(1) of the Federal Rules of Criminal Procedure provides that a party

who fails to disclose information required by Rule 26(a) or (e)(1), or to amend a prior response to discovery under Rule 26(e)(2), "without substantial justification" for the failure shall be precluded from using the information not disclosed as evidence at trial. Rule 37 applies not only to failures under Rules 26(a) of the Federal Rules, but also to any failure to supplement disclosures as the case goes forward under Rule 26(e). Under the Rule, a derelict party is not permitted to use any information that was not but should have been disclosed under Rule 26(a), Rule 26(e)(1) or Rule 26(e)(2).

As amended in 1993, Rule 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. It therefore is unnecessary to decide whether the defendant acted in bad faith (which the Court doubts) or was simply sloppy in its search for relevant documents and in assisting its litigation counsel in responding to interrogatories. While the cases are not entirely in accord with respect to their interpretation of Rule 37(c)(1) and the appropriateness of the preclusion remedy, the overwhelming weight of authority is that preclusion is <u>required</u> and <u>mandatory</u> absent some unusual or extenuating circumstances -- that is, a "substantial justification." See <u>Klonoski v. Mahlab</u>, 156 F.3d 255, 269, 271 (1st Cir. 1998). The sanction of exclusion is "automatic and mandatory unless the party to be sanctioned can show that its violation . . . was either justified or harmless." <u>NutraSweet Co. v. X-L Engineering Co.</u>, 227 F.3d 776, 785-86 (7th Cir. 2000). Furthermore, the burden is on the party facing sanctions to prove that its violation was either substantially justified or harmless. <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

In the circumstances of this case, the Court finds that there is no substantial justification for the defendant's failure and that, in view of plaintiff's arguments and

representations about the course of discovery and plaintiff's discovery plan, the Court cannot find that the failure of the defendant is harmless.  Accordingly, it is hereby

ORDERED that plaintiff's motion for sanctions [18] is GRANTED.  The defendant is precluded from offering in evidence any documents not timely disclosed or produced during discovery or under Rule 26 of the Federal Rules of Civil Procedure, including the e-mail from Deputy Inspector General Michael Stephens dated April 4, 2004, which is attachment C to plaintiff's motion for sanctions, and also by precluding defendant from offering the testimony of any witness with respect to the April 4, 2004 e-mail (or any other documents not timely disclosed).

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 8, 2006