THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 05-0992 (PLF) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary of the | )    ECF |
| U.S. Dept. of Housing and | ) |
| Urban Development, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

**DEFENDANT'S CONSENT MOTION FOR RECONSIDERATION
OF THE COURT'S SEPTEMBER 8, 2006 ORDER**

**I.    Introduction**.

Pursuant to Fed. R. Civ. P. 54(b), Defendant respectfully moves for reconsideration of the Court's September 8, 2006 Order (Dkt. No. 21) excluding the April 4, 2004 e-mail from the record.

The parties have been working diligently to resolve a difficult evidentiary question that arose when counsel for defendant learned that a copy of the Stephens e-mail was Bates stamped and intended to be produced during the discovery period. Although the parties disagree on whether the e-mail was actually produced, they have worked diligently and cooperatively to resolve the impact of this new information on the Court's earlier Order. Having done so, defendant now moves for reconsideration and plaintiff consents to the same.

**II.     Standard of Review**.

Fed. R. Civ. P. 54(b) governs reconsideration of orders that do not constitute final judgments in a case. See Campbell v. United States Dep't of Justice, 231 F.Supp.2d 1, 6 n. 8 (D.D.C. 2002) (Rule 54(b) "addresses interlocutory judgments"); Moore v. Hartman, 332 F.Supp.2d 252, 256-57 (D.D.C. 2004) (explaining that Rule 54(b) governs the disposition of requests for reconsideration of interlocutory orders). Rule 54(b) provides, in relevant part, that:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

Importantly, the standard for reconsideration of interlocutory orders under Rule 54(b) is distinct from the standard applicable to motions for reconsideration of final judgments. The precise standard governing Rule 54(b) reconsideration is unsettled in the D.C. Circuit; however, it is clear that "courts have more flexibility in applying Rule 54(b)" than in determining whether reconsideration is appropriate under Rules 59(e) and 60(b). See Cobell v. Norton, 224 F.R.D. 266, 271-73 (D.D.C. 2004) (citing Moore, 332 F. Supp. 2d at 256). The court in Cobell explained that courts in the D.C. Circuit have held that Rule 54(b) reconsideration may be granted "as justice requires." Cobell, 224 F.R.D. at 272 (citing Campbell, 231 F.Supp.2d at 7; M.K. v. Tenet, 196 F.Supp.2d 8, 12 (D.D.C. 2001)).

The court in Cobell also elaborated that,

> Other courts apply a variety of different standards when confronted with a motion for reconsideration under Rule 54(b). See generally Moore, 332 F.Supp.2d at 257 n. 7 (surveying various standards); Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc., 215 F.R.D. 581 (D.Ariz. 2003) (same); see, e.g., Gallant v.

> Telebrands Corp., 35 F.Supp.2d 378, 394 (D.N.J. 1998) (predicating Rule 54(b) reconsideration on whether "the parties proffer 'supplemental evidence or new legal theories' ") (quoting United States ex rel. Haskins v. Omega Institute, Inc., 25 F.Supp.2d 510, 512 (D.N.J. 1998)); Neal v. Honeywell, 1996 WL 627616, at *2 (N.D. Ill. 1996) (noting that Rule 54(b) motions for reconsideration are "best characterized as a common law motion for reconsideration" to be granted where the court "has patently misunderstood a party," "has made a decision outside the adversarial issues presented to the Court by the parties," "has made an error not of reasoning but of apprehension," or where "a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court") (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990)).
>
> Each of these standards leaves within the ambit of the Rule 54(b) reconsideration inquiry a good deal of space for the Court's discretion. This Court will adhere to the "as justice requires" standard for determining whether to grant reconsideration of an interlocutory order under Rule 54(b) because our Court has applied it previously. There does not seem to be any real distinction, however, between this approach and the others listed above, insofar as asking "what justice requires" amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances.

Cobell, 224 F.R.D. at 272.  Under the "as justice requires" standard, the Court should vacate its September 8, 2006 Order.

**III.    Argument**.

On September 8, 2006, the Court found that Defendant failed to timely produce the e-mail from Deputy Michael Stephens dated April 4, 2004 during discovery.  See Sept. 8, 2006 Order (Dtk. No. 21).  The Stephens April 4, 2004 e-mail set forth the bases for the agency to impose a hiring freeze in 2004.  Due to this hiring freeze the agency disbanded the Headquarters Audit Division ("HAD"), of which Plaintiff used to serve as the supervisor.  Plaintiff's claims of discrimination and retaliation arose from, *inter alia*, Defendant's decisions to disband HAD and reassigned her to a non-supervisory position.  See Plaintiff's Amended Complaint.  At the time, counsel for defendant did not believe that the document had been produced.

The Court found that Defendant's untimely production of this e-mail was neither substantially justified nor harmless. Id. at 2-3. As a consequence, the Court sanctioned Defendant under Fed. R. Civ. P. 37(c)(1) and issued an order precluding Defendant from "offering in evidence . . . the e-mail from Deputy Inspector General Michael Stephens dated April 4, 2004 . . . [and] testimony of any witness with respect to the April 4, 2004 e-mail." Id. at 3.

However, after the issuance of the Court's sanction order, Defendant discovered that it had Bates stamped the Stephens April 2004 e-mail and intended to produce it to Plaintiff approximately five months prior to the close of discovery (August 2006). In this case, Defendant produced more than 3,800 pages of documents in response to Plaintiff's discovery requests. More particularly, on or about March 10, 2006, Defendant produced 2847 pages of documents to Plaintiff in response to her requests for documents. These documents were "bates labeled" in numerical sequence. The "Stephens April 4, 2004 e-mail" has "bates number" 2409. Therefore, Defendant now believes that this document was included in the March 10th production. Given the overall volume of documents produced in this case, it was an excusable neglect that Defendant did not notice that this one-page document had been produced when it briefed the sanctions motion months later.

Without agreeing that the Stephens e-mail was in fact produced during discovery, Plaintiff appreciates that the predicate for the Court's Order has been affected. Accordingly, alerting Plaintiff to this fact, the parties engaged in discussions (both by telephone and letters) on how to resolve the issue. Indeed, the parties have been working diligently to resolve this matter in order to discharge their professional obligations to the Court and to do so cooperatively and

4

without unnecessary disagreement. They agreed that so long as any potential prejudice to Plaintiff was cured, Plaintiff would not oppose a motion by defendant for reconsideration.

Specifically, Plaintiff claims that to cure any perceived prejudice to Plaintiff because of Defendant's alleged untimely production of this e-mail, Defendant needed to produce the information and documents referenced in the Stephens April 2004 e-mail that supported the bases for the hiring freeze and conduct a new search for other, related documents. In that vein, on January 10, 2007, Defendant forwarded to Plaintiff's counsel all of the documents that were in existence and confirmed that other specified documents did not exist. This supplemental production ameliorated any potential harm Plaintiff believed might have resulted from Defendant's alleged untimely production and provided the basis for her to consent to reconsideration.

**IV.     Conclusion.**

Given these facts, the underlying basis for the Court's sanction order – the untimely production of the Stephens e-mail was not "harmless" – has dissipated. Accordingly, since the harm to Plaintiff no longer exists, under the "as justice requires" standard, the Court should set aside its order precluding Defendant from offering in evidence the Stephens April 2004 e-mail and testimony with respect to this e-mail.

Dated: January 17, 2007.                      Respectfully Submitted,


    /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) Civil Action No. 05-0992 (PLF) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary of the | )       ECF |
| U.S. Dept. of Housing and | ) |
| Urban Development, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

ORDER

Upon consideration of Defendant's Consent Motion for Reconsideration of the Court's September 8, 2006 Order, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Defendant's Consent Motion for Reconsideration of the Court's September 8, 2006 Order be and is hereby GRANTED; and it is

FURTHER ORDERED that the Court's September 8, 2006 Order (Dtk. No. 21) be and is hereby VACATED.

SO ORDERED.

_____

U.S. District Judge