# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0992 (PLF) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
| Secretary, U.S. Dept. of Housing ) | |
| and Urban Development, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## NOT IN GENUINE DISPUTE

Pursuant to Local Rules 7(h) and 56.1, Defendant hereby submits the following Statement of Material Facts Not in Genuine Dispute:

1. Plaintiff Saundra Elion, an African-American female over fifty seven years old, was appointed to be the District Inspector General for Audit (DIGA), a GS-15 supervisory auditor position within the Office of Inspector General (OIG) of HUD, in June 1999. A.C. at ¶ 14. She was assigned to the Capital District Office of Audit. Id.

2. In May 2002, Defendant abolished the Capital District Office of Audit and transferred Plaintiff along with all other personnel to the newly-created Headquarters Audit Division (HAD). (Compl. at 14).

3. As part of the transfer, Plaintiff became the Director of the HAD, a supervisory GS-15 position, on June 30, 2002. A.C. at ¶ 14.

4. She did not suffer any loss of rank, pay, status, or privileges of employment when she

became the Director of the HAD. Deposition of Sandra Elion ("Elion I Depo.") at p. 78-80.

5. On December 18, 2002, Plaintiff filed an administrative discrimination complaint alleging a hostile work environment on the basis of her sex, race, and age, complaining of a diminution of duties and responsibilities, dilution of staff resources, and an undermining of her professional authority. A.C. at ¶ 21.

6. On January 30, 2003, Plaintiff met with Mr. Stephens (Deputy Inspector General), and her two supervisors – Mr. James Heist (Assistant Inspector General for Audit ("AIGA")), and Mr. Michael Phelps ( Deputy AIGA) to address the Plaintiff's concerns. A.C. at ¶ 26; Jan. 17, 2003 Email (Gov. Exh.A).

7. Mr. Stephens engaged in this informal process in lieu of the formal Alternative Dispute Resolution process to address what he perceived to be a communications and management issue. Matthews Depo. at 27:13-22; Deposition of Michael Heist ("Heist Depo.") 47-53; Stephens Depo. at p. 89-95. Plaintiff also believed that Mr. Stephens thought her complaint was "just a matter of miscommunication, that there was no deliberate discrimination." Elion II at 79-80.

8. The January 30th meeting was not intended to be a mediation session, (Matthews Depo. p. 62) but an attempt by management to establish better relations with the Plaintiff to address her concerns. Stephens Depo. 92-96.

9. On March 20, 2003, Plaintiff voluntarily withdrew her December 2002 administrative discrimination complaint. A.C. at ¶ at 27; March 20, 2003 Memo (Gov. Exh.C). In the Memorandum withdrawing her December 2002 EEO complaint, Plaintiff stated, "The

issues have been resolved to my satisfaction at this time." March 20, 2003 Memo (Gov. Exh.C).

10. On April 7, 2004, Mr. Stephens sent out an e-mail to senior executives in the OIG (including Mr. Heist), informing them that there was a hiring freeze and the OIG had a projected budget deficit of $6.5 million. Gov. Exh. D

11. On April 12, 2004, Mr. Heist informed his managers, which included Plaintiff, that the hiring freeze would continue for the foreseeable future. Elion II Depo. at 8:22-11:15; See also April 12, 2004 Email (Gov. Exh.E).

12. In April 2004, there were only 5 employees in the HAD. Heist Depo. at 114:1-115:14. These five employees included Plaintiff (a GS-15 Director), Ms. Donna Hawkins (a GS-14 Assistant Director), and three staff auditors. Id.

13. On April 20, 2004, Mr. Heist recommended that the HAD be disbanded. See Apr. 20, 2004 Memo (Gov. Exh. F).

14. There was a need to increase the staffing of auditors at the Financial Audit Division because of the new deadline for submitting the agency's audit report. Every executive agency is required to conduct a financial audit each fiscal year. Under the President's Management Agenda, the Office of Management and Budget ("OMB") accelerated financial reporting dates for the executive agencies. See Dec. 21, 2001 Memo (Gov. Exh.G).[1]

---

[1] The December 21, 2001 Memorandum is a public document that can be obtained by visiting the following website: http://www.whitehouse.gov/omb/financial/year_end_reporting_2001.pdf. Plaintiff does not dispute the deadline for the agency's audit report was accelerated to November 15, 2004. Elion II Depo. at 159.

15. Defendant's financial audit for Federal Fiscal Year (FY) 2004, conducted by the Financial Audits Division, was due to the OMB by November 15, 2004. Id. Plaintiff does not deny that the November 15th deadline existed. Elion I Depo. at 209-10

16. Mr. Heist transferred three staff auditors to the Financial Audit Division, Ms. Donna Hawkins to Technical Oversight and Planning Division, and Plaintiff to become a Special Assistant to the AIGA. See Apr. 21, 2004 E-mail.

17. Mr. Stephens approved Mr. Heist's proposal on April 21, 2004. See Apr. 20, 2004 at p. 2 (Gov. Exh. F).

18. Plaintiff's reassignment to become a Special Assistant did not affect her pay or grade. Elion I Depo. at 221: 12-223:22.

19. As a result of the HAD's dissolution, on May 5, 2004, Plaintiff filed her second EEO complaint alleging discrimination and retaliation. A.C. at ¶ 43.

Dated: February 26, 2007.                    Respectfully Submitted,

    /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

The December 21, 2001 Memorandum was superceded an August 23, 2005 Circular No. A-136 from the OMB. This public document can be obtained from the following website: http://www.whitehouse.gov/omb/circulars/a136/a136_rev_2005.pdf.

    /s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406
Attorneys for Defendant