December 18, 2002

Saundra G. Elion
7237 Devereux Court
Alexandria VA  22315

SUBJECT: Informal Complaint

Dear Ms. Elion:

The pre-complaint process of your informal complaint is complete.

You allege that you were harassed and discriminated against because of your race (African American), sex (female) and age (54) when, Michael Phelps, Deputy Assistant Inspector General for Audit and James Heist Assistant Inspector General for Audit, Inspector General, Office of Audit, reduced your managerial responsibilities, staff, professional exposure, and assignments. The most recent event occurred on November 26, 2002, when Mr. Phelps instructed you to become the Auditor-in-charge on an audit assignment (this duty is generally performed by a GS-13 auditor). You feel that you are being "under utilized" by not being able to make use of your skills and abilities and that there is a differential in treatment between yourself and the other Regional Inspectors General that include nine (9) white males, one (1) Hispanic male, one (1) African American male, one (1) Asian female and one (1) white female. You feel that this continuing harassment of you since March 2002, involving the same HUD officials has created a hostile work environment motivated by your race, sex and age. Some specific incidents of this claim are as follows: reduced your area of responsibility from covering Washington, DC Metro area to solely Headquarters; Abolished the Capital District and reassigned audit staff to Headquarters as the Headquarters Audits Division; Reduced the staffing ceiling to 9 and did not allow you to select which support staff to give up and specifically prohibited you from advertising any vacancies between January and October 2002 (all other audit offices were granted approval to exceed their established ceilings during this period); Did not allow you to hire an assistant or appoint an "acting" assistant (every other audit office has one or more assistants).

If the above adequately describes your potential complaint, please sign this letter and fax it back to me on (202) 708-0022 for inclusion in the counseling file.

Sincerely,

*Doris A. Carey*
Doris A. Carey
EEO Counselor

_____  12/23/02
Saundra Elion            Date

Saundra G. Elion, Director
Headquarters Audits Division
Office of Audit
HUD Office of Inspector General

**Personal Background:**
30 years of auditing/management experience with 4 other Federal Agencies prior to joining HUD OIG in June 1999. First encounter with overt discrimination where I have been the target.

Hired by previous AIGA as the District Inspector General for the DC Metro area. Staff of 13 auditors and 2 support personnel

**Allegation:**
Discriminatory practices by the Deputy Assistant Inspector General for Audit and the Assistant Inspector General for Audit because of my race, sex, and possibly age have created a hostile work environment. I am the only African-American female manager in HUD OIG and I have been subjected to harassment through continuous changes in my responsibilities and span of authority. None of the other managers appear to undergo the same level of scrutiny as I have had to endure over these past 7 months. The overall composition of managers (GS-15s) in the Office of Audit is:
  3 females (Asian, African-American, White)
  11 males (1 African-American, 1 Hispanic, 9 White)

*Primary:* Michael Phelps, Deputy Assistant Inspector General for Audit
*Secondary:* James Heist, Assistant Inspector General for Audit

**Specific Actions**
Erosion of duties and responsibilities (starting in March through Present)
**Managerial Duties Limited**
- Abolished the Capital District Office of Audit (which had been located at 800 N. Capitol St, NW) and reassigned audit staff to Headquarters in May 2002 as the Headquarters Audits Division (HAD). Abolishing the Capital District was purportedly done to bring the OIG into alignment with HUD's regional offices; however, within 4 months after our move to Headquarters, the AIGA moved the San Francisco Office of Audit to Los Angeles (LA is not a regional office).
- Scope of work reduced from coverage of the DC metro area (which included Northern VA as well as Prince George's and Montgomery Counties) to Headquarters only.
- No audit assignments had been identified for HAD which had been created in May 2002. I was not allowed any time either before or after the move to Headquarters, to develop an Audit Plan (to establish an audit universe). All other

- managers are given opportunity to develop a plan that they use to select their audits from.
- The Deputy is the approving official on ALL of HAD's personnel actions. RIGAs and all other Division Directors EXCET ME have approval authority over actions (promotion, awards, etc) for their personnel. The Deputy also requires me to submit to him a workload distribution showing the number of days each auditor will work on each assignment (No other Director is required to do this.)
- Audit assignments were "handed off" to me that had short timeframes and I was expected to complete them with a limited staff In August 2002 I requested additional resources to complete a specific assignment; however that request was denied and the Deputy's proposed solution was to reassign the audits (and presumably the staff) to other offices rather than temporarily assign auditors to assist me.

**Insufficient Staff**
- Deputy officially reduced the staffing ceiling from 15 to 9 in June 2002. I was not allowed to select which support staff to give up and I was specifically prohibited (by the Deputy AIGA) from advertising any vacancies between Jan and Oct 2002 (During this same period, every other audit office was granted approval to exceed their established ceiling).
- Not allowed to hire an assistant or appoint anyone as the "acting" assistant when my assistant retired in Jan 2002. My division is the ONLY office within the Office of Audit that does not have an assistant. Every other audit office within the OIG has one or more assistants; and when we were the Capital District we historically had had 2 assistants.

**Reduction in Professional Standing**
- Beginning in September 2002, support personnel and auditors from other divisions, namely the Technical Operations and Planning Division, were encouraged (by their manager with the explicit approval of the AIGA and the Deputy AIGA) to meet directly with my staff on matters affecting their audit assignments without conferring with me. Yet the AIGA wanted me to justify decisions the support staff reached. In one instance during September, a GS-13 auditor scrutinized and questioned my decisions and report presentation but inaccuracies in his data were completely ignored by the AIGA and the Deputy AIGA. Prior to May 2002, I always discussed such matters with the RIGAs or my other counterparts.
- The Deputy AIGA accepted any and all conclusions reached by reviewers their conclusions (auditors within the Office of Audit) of my reports without verifying their (On more than one occasion during September and October 2002, the Deputy stated another manager "had to rewrite my report". The "rewrite" consisted of changes to no more than 7 sentences in the 12-page report. On September 27th, the Deputy gave me a formal memo describing deficiencies with a report but one deficiency was based on criteria that had not been issued.)
- On November 26, 2002, the Deputy AIGA instructed me to become the Auditor-in-Charge of a potentially sensitive assignment (the AIC is typically selected by

the manager and is generally a GS-13 auditor). For other offices, the Deputy has detailed auditors, even sent some on TDY, to work on sensitive assignments.

**Impact**:
The work environment has become quite hostile and one of distrust. Initially it only affected me but now each staff member is being affected; they feel they must always be on the defensive knowing that any action they take will be looked at much more closely than any other office. I have tried to foster an environment of taking pride in issuing quality products, but my efforts alone are not sufficient to maintain a high level of productivity.



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-0001

Office of Departmental
Equal Employment Opportunity

December 24, 2002

**MEMORANDUM FOR:** Kenneth M. Donohue, Sr., Equal Employment Opportunity Officer, Office of Housing, G

**FROM:** Linda Bradford Washington, Manager, Alternative Dispute Resolution Program, EU

**SUBJECT:** ADR Mediation Request of Saundra Elion, Aggrieved Person (AP) Case Number: HQ030070

The Office of Departmental Equal Employment Opportunity has received a request from Saundra Elion, located in the HUD Office of Inspector General, Washington, DC, to resolve her informal Equal Employment Opportunity (EEO) complaint using the Department's Alternative Dispute Resolution Program.

The Equal Employment Opportunity Commission now requires all federal agencies to make available Alternative Dispute Resolution (ADR) to persons who seek redress at the informal and formal EEO complaint stages of the EEO administrative process. HUD, as a matter of policy, has determined to make ADR available and to promote ADR as a method of conflict resolution. Therefore, Managers are expected to fully cooperate and participate in this process consistent with the Department's ADR policy statement. The Department's ADR Program uses mediation as the ADR technique for resolving workplace disputes. Mediation services are conducted by contract trained and certified mediators or shared interagency neutrals.

The ADR Program is designed to resolve workplace disputes early and in a more timely, efficient and cost effective fashion than the traditional EEO formal system. ADR has been proven to foster respectful and productive discussions, resolve underlying issues and ultimately improve workplace morale and productivity. Your participation in the process could resolve a potential EEO complaint.

Attached is a copy of the EEO Counselor's summary of the AP's informal complaint. As a remedy to her EEO complaint, Saundra Elion is seeking the following: return staffing to its original level (Ceiling of at least 14); return to original mission (DC Metropolitan area); limit the Deputy AIGA's authority over daily operations; stop the continuous micromanagement; restore managerial responsibilities commensurate with RIGAs; the recovery of legal fees; and compensatory damages. In the event you elect mediation we will contact you within three (3) days after we receive your confirmation to mediate to confirm your participation or to obtain the identification of the person who will represent you and negotiate on your behalf during the

mediation session. Upon your acceptance to participate in the mediation process you or your designee will be briefed on the mediation process.

We appreciate your cooperation in this matter. If you have any questions, please do not hesitate to contact John Burden, Alternative Dispute Resolution Specialist, on (202)-708-2001, Extension 2051.

Attachment

cc: Nick B. Kehoe, GF
Agnes Proctor-Matthews, GF
Saundra Elion
7237 Devereux Court
Alexandria, VA 22315

---

Please return a copy of this letter within ten (10) days of receipt of this notice to the Office of Departmental Equal Employment Opportunity/Alternative Dispute Resolution Program, Linda Bradford Washington, Room 7143 or fax (202) 619-0095:

___ Agree to mediation process.

___ Do not agree to mediation process. (**Provide written justification**)

___ Would like to discuss the mediation process and receive additional information.

_____        _____
EEO Officer's or Designee's Signature              Date

FROM : VICTOR H. ELION         FAX NO. : 703 7196619         Dec. 27 2002 02:46PM P3

December 18, 2002

Saundra G. Elion
7237 Devereux Court
Alexandria VA  22315

SUBJECT: Informal Complaint

Dear Ms. Elion:

The pre-complaint process of your informal complaint is complete.

You allege that you were harassed and discriminated against because of your race (African American), sex (female) and age (54) when, Michael Phelps, Deputy Assistant Inspector General for Audit and James Heist Assistant Inspector General for Audit, Inspector General, Office of Audit, reduced your managerial responsibilities, staff, professional exposure, and assignments. The most recent event occurred on November 26, 2002, when Mr. Phelps instructed you to become the Auditor-in-charge on an audit assignment (this duty is generally performed by a GS-13 auditor). You feel that you are being "under utilized" by not being able to make use of your skills and abilities and that there is a differential in treatment between yourself and the other Regional Inspectors General that include nine (9) white males, one (1) Hispanic male, one (1) African American male, one (1) Asian female and one (1) white female. You feel that this continuing harassment of you since March 2002, involving the same HUD officials has created a hostile work environment motivated by your race, sex and age. Some specific incidents of this claim are as follows: reduced your area of responsibility from covering Washington, DC Metro area to solely Headquarters; Abolished the Capital District and reassigned audit staff to Headquarters as the Headquarters Audits Division; Reduced the staffing ceiling to 9 and did not allow you to select which support staff to give up and specifically prohibited you from advertising any vacancies between January and October 2002 (all other audit offices were granted approval to exceed their established ceilings during this period); Did not allow you to hire an assistant or appoint an "acting" assistant (every other audit office has one or more assistants).

2

If the above adequately describes your potential complaint, please sign this letter and fax it back to me on (202) 708-0022 for inclusion in the counseling file.

Sincerely,

*Doris A. Carey*
Doris A. Carey
EEO Counselor

_____  12/23/02
Saundra Elion            Date