UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Civ. Action No. 05-0992 (PLF) |
| ALPHONSO R. JACKSON,<br>  Secretary Of Housing And<br>  Urban Development, | ) ) ) ) ) |
|     Defendant. | ) ) |

**PLAINTIFF'S FIRST MOTION IN LIMINE**
<u>(ADR Involving Austin Groom And Groom's Reinstatement)</u>

    Plaintiff to the above action respectfully moves the Court, pursuant to Rule 7, Fed. R. Civ. P., to exclude evidence from the upcoming trial about the Alternative Dispute Resolution process involving Austin Groom, plaintiff's predecessor as District Inspector General in Washington, D.C.; the agreement that was supposedly reached in ADR between defendant and Mr. Groom, and the fact that Mr. Groom was reinstated after being discharged by defendant.

    The grounds in support of this Motion are contained in the accompanying Memorandum of Points and Authorities, to which the Court is respectfully referred.

    Counsel for plaintiff has advised opposing counsel about this Motion, who has stated that it will be opposed.

1

A proposed Order to accompanies this Motion.

                              Respectfully submitted,

                              _____//s//_____
                              Robert C. Seldon, Esq.
                               D.C. Bar No. 245100

                              _____//s//_____
                              Molly E. Buie, Esq.
                               D.C. Bar No. 483767

                              Robert C. Seldon & Associates, P.C.
                              1319 F Street, N.W., Suite 200
                              Washington, D.C.  20004
                              (202) 393-8200

                              Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO R. JACKSON, )<br>  Secretary Of Housing And )<br>  Urban Development, )<br>)<br>Defendant. )<br>_____) | Civ. Action No. 05-0992 (PLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S FIRST MOTION IN LIMINE
(ADR Involving Austin Groom And Groom's Reinstatement)**

**INTRODUCTION**

Immediately before occupying the position of Director of the OIG Headquarters Audits Division, plaintiff was the District Inspector General for OIG's Capital District in Washington, D.C. (Elion SJ Decl., ¶29[1]).  Plaintiff's predecessor in that position was Austin Groom (Groom Dep. at 11-13).  Like plaintiff, Mr. Groom is an African American who was reassigned involuntarily to a special assistant position (Id. at 13-16).  While in that position, and after filing an EEO complaint, Mr. Groom was discharged from OIG and the federal government (Id. at 26-28 & Dep. Exh. 1).

---

[1]   Ms. Elion's position at the time the actions that form the subject matter of this litigation was Director of the OIG Headquarters Audits Division (Elion SJ Decl., ¶2). Ms. Elion's Declaration accompanied Plaintiff's Opposition to Defendant's Motion for Summary Judgment and is Attachment #3 to Docket Entry No. 37.  It has not been filed again with this Motion.

Mr. Groom's immediate supervisor in his special assistant position was Deputy Assistant Inspector General for Audit Michael Phelps; shortly after being assigned to that position, his second level supervisor became Assistant Inspector General for Audit James Heist (Id. at 13-18). These are the same senior OIG officials who were the subjects of Ms. Elion's initial EEO complaint, and in Ms. Elion's chain-of-command when her Division was abolished and she was reassigned involuntarily (Elion SJ Decl., ¶¶5, 12; Att. 1, 2).[2]

Ms. Elion and Mr. Groom are both African Americans and filed administrative complaints of discrimination against Mr. Phelps and Mr. Heist that covered a wide range of management actions (Groom Dep. at 33-34 & Dep. Exh. 1; Att. 1). After Mr. Groom filed a complaint, Mr. Phelps and Mr. Heist took adverse action against him, specifically terminating him (Id. at 26-28). By all indications, they did so while Mr. Groom's formal complaint was still in the investigative stage (Id. at 22-23 & Dep. Exh. 1).

Mr. Groom and defendant apparently engaged in ADR in order to attempt to resolve one or more of his complaints against the agency; after they did, Mr. Groom was reinstated in HUD but outside of OIG (Id. at 9-11, 19-20). Plaintiff respectfully moves the Court to exclude all evidence from the record about the ADR process, the agreement apparently reached in ADR; and Mr. Groom's reinstatement. The grounds in support of this Motion, which are explained more fully below, is that defendant asserted a privilege against disclosing these matters and secured an Order upholding its claim of privilege (Att. 3, 5). Having successfully limited plaintiff's discovery into these matters, defendant cannot be permitted to introduce evidence about them on them at trial.

---

[2] Like Mr. Groom, Ms. Elion was also assigned to a special assistant position after being removed from OIG management (Elion SJ Decl., ¶12).

**ARGUMENT**

**DEFENDANT IS ESTOPPED FROM INTRODUCING EVIDENCE ABOUT
THE ADR PROCESS AND AGREEMENT INVOLVING MR. GROOM
AND HIS REINSTATEMENT OUTSIDE OF OIG**

Mr. Groom's treatment by Mr. Heist and Mr. Phelps is highly probative evidence that these same officials retaliated and discriminated against Ms. Elion. Jones v. WMATA, 946 F. Supp. 1011, 1019 (D.D.C. 1996) (Lamberth, J.) (citing Morris v. WMATA, 702 F.2d 1037, 1045 (D.C. Cir. 1983)). Rule 404(b) of the Federal Rules of Evidence specifically contemplates the introduction of evidence of "other . . . wrongs . . . as proof of motive." The issue now before the Court is whether to exclude evidence at the upcoming trial concerning the ADR process between defendant and Mr. Groom, the agreement they apparently reached, and Mr. Groom's eventual reinstatement in HUD but to an entity outside of OIG (Groom Dep. at 9-11, 19-20 & Att. 3).

Mr. Groom's treatment by Mr. Phelps and Mr. Heist came to light in response to Plaintiff's 1st Request for Production of Documents, which sought copies of all documents relating "to complaints of discrimination based on race, sex, or age or retaliation" against Mr. Heist or Mr. Phelps (Pl. 1st RFP No. 7[3]). So did the fact that Mr. Groom and defendant engaged in Alternative Dispute Resolution. However, defendant refused to produce the substance of the parties' agreement, or the provisions that seemingly resulted in Mr. Groom's reinstatement. Instead, they produced an "agreement" that was entirely blank, except for its caption, legend, and signature page (Att. 3).

---

[3] Plaintiff has not attached a copy of her Requests for Production to this Motion, but will file them with the Court in the unlikely event that they are in dispute.

Defendant based its position on the ground that the process was strictly confidential and, therefore, privileged. Plaintiff naturally sought production of the entire document and the right to conduct follow up discovery about its contents and Mr. Groom's reinstatement. In advance of Mr. Groom's deposition, the parties alerted the Court to the fact that the terms of the ADR agreement would be among its subjects. On April 14, 2006, the Court referred the dispute over the production of an unredacted version of the agreement to Magistrate Judge Kay (Att. 4).

After conferring telephonically, Judge Kay gave the parties an oral ruling to guide them in the Groom deposition, and later issued a written Order. It held that:

> The Defendant permitted the Plaintiff to inquire about the circumstances of the discrimination, but believes that the terms of the ADR agreement should remain confidential because the terms of any settlement are not relevant to the Plaintiff's claims.
>
> Following a telephone conference with counsel for the parties on Friday, May 12, 2006, it is hereby, this 19th day of May, 2006
>
> ORDERED that the terms of the ADR agreement are not relevant and Defendant's objection to deposition questions seeking such information is sustained.

(Att. 5 at 1-2). When the deposition of Mr. Groom opened, defendant's counsel objected, stating that the treatment of Mr. Groom was "irrelevant to the underlying claims the Plaintiff is advancing in this case … and so is the entire testimony here today" (Groom Dep. at 4). Then, during the deposition, defendant's counsel instructed Mr. Groom not to respond to questions about the ADR process, and whether the agreement resulted in his reinstatement (Groom Dep. at 40-43, 46-47).

Defendant's position during the parties' discovery dispute led Judge Kay to issue an Order permitting defendant to withhold "the terms of the ADR agreement" (Att. 5 at

1-2).  By seeking and securing this Order, defendant prevented plaintiff from acquiring information about Mr. Groom's reinstatement and whether his reinstatement was of any consequence to OIG.  Information of this nature would have included

- Why the agreement resulted in Mr. Groom being reinstated to an entity outside of HUD OIG.

- Whether Mr. Groom's reinstatement reduced the number of vacancies on OIG's staff that it was able to fill or OIG funds for salaries.

- Whether any funds were paid in accordance with the ADR agreement and, if so, whether they were charged to OIG.

Having prevented plaintiff from discovering information of this nature, defendant must be precluded from offering evidence about the ADR process, introducing the terms of that agreement into the record, and about Mr. Groom's reinstatement.  Grajales-Romero v. American Airlines, 194 F.3d 288, 297 (1st Cir. 1999).  Even were this not the case, since Mr. Groom was reinstated to a position in HUD, but outside of the Inspector General's Office; evidence about the ADR agreement and his reinstatement would be irrelevant; and unduly prejudicial and confusing.  Therefore, they are not admissible into the record at the upcoming trial.  Rules 401, 403, Fed. R. Evid.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully moves the Court to exclude evidence about the ADR process involving Austin Groom, the agreement that was supposedly reached in ADR with Mr. Groom, and the fact that Mr. Groom was reinstated after being discharged by defendant.

                                          Respectfully submitted,

                                          _____/s/_____
                                          Robert C. Seldon, Esq.
                                            D.C. Bar No. 245100

                                          _____/s/_____
                                          Molly E. Buie, Esq.
                                            D.C. Bar No. 483767
                                          Robert C. Seldon & Associates, P.C.
                                          1319 F Street, N.W.
                                          Suite 200
                                          Washington, D.C.  20004
                                          (202) 393-8200

                                          Counsel for Plaintiff