UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, | ) |
|       Plaintiff, | ) |
| v. | ) Civ. Action No. 05-0992 (PLF) |
| ALPHONSO R. JACKSON,<br>  Secretary Of Housing And<br>  Urban Development, | ) |
|       Defendant. | ) |

**PLAINTIFF'S SECOND MOTION IN LIMINE**
(**Plaintiff's Performance And Conduct**)

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 7, Fed. R. Civ. P., to preclude defendant from offering evidence at the upcoming trial about plaintiff's performance as Director of the Headquarters Audits Division or plaintiff's conduct in her former position as grounds justifying the employment actions that are at issue in this case including, but not limited to, defendant's decision to disband the Headquarters Audits Division.

The grounds in support of this Motion are explained in the accompanying Memorandum of Points and Authorities, to which the Court is respectfully referred.

Counsel for plaintiff has advised opposing counsel about this Motion, who has stated that it will be opposed.

1

A proposed Order to this effect accompanies this Motion.

                                   Respectfully submitted,

                              _____//s//_____
                              Robert C. Seldon, Esq.
                                D.C. Bar No. 245100

                              _____//s//_____
                              Molly E. Buie, Esq.
                                D.C. Bar No. 483767

                              Robert C. Seldon & Associates, P.C.
                              1319 F Street, N.W., Suite 200
                              Washington, D.C.  20004
                              (202) 393-8200

                              Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 05-0992 (PLF) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
|  Secretary Of Housing And ) | |
|  Urban Development, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S SECOND MOTION IN LIMINE
(Plaintiff's Performance And Conduct)**

This case turns on the lawfulness of an organizational "realignment" by defendant and its effects on plaintiff, rather than on plaintiff's performance or her conduct. Plaintiff's former Division, the Headquarters Audits Division of the Office of Inspector General ("OIG") of the Department of Housing and Urban Development ("HUD"), was disbanded on April 21, 2004 in a Memorandum entitled "Proposal for Realignment of the Office of Audit" (Att. 1[1]).  As part of that action, defendant removed Ms. Elion from her position; disbanded her former Division; relieved Ms. Elion of management duties; and involuntarily reassigned Ms. Elion to a materially less desirable position (Id.).

---

[1]  Attachment 1 is the Memorandum by James Heist, the Assistant Inspector General for Audit, proposing the "realignment" of plaintiff's former Division and the other employment actions that are at issue in this case.  The Memorandum is dated April 20, 2004; and approved the following day by Deputy Inspector General Michael Stephens.  The document was submitted as part of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Docket Entry 37, ECF #13), and was verified and authenticated by Ms. Elion in her Declaration that accompanied that Motion (¶46(d)).

Defendant itself specifically framed the issues in this case as organizational, and not personal to Ms. Elion. The fact that it did so was confirmed on the first page of motion for summary judgment, which stated:

> The only issue here is whether Defendant discriminated and retaliated against Plaintiff when – <u>because of a hiring freeze and other work priority</u> – Defendant disbanded the Headquarters Audit Division ("HAD") and reassigned her and other employees of the HAD to other divisions.

(Def. Mot. at 1) (emphasis supplied). Defendant reiterated this formulation later when its summary judgment motion went on to state: "Defendant does <u>not</u> contend that Plaintiff's performance fell short of the employer's expectation …" (<u>Id</u>. at 12) (emphasis supplied).

In order to be certain that the issues in this case would be framed as organizational ones, the deposition of Assistant Inspector General James Heist focused on his reasons for proposing to "realign" the Office of Audit.

> Q: So are you saying, then, that [Ms. Elion's] performance or conduct was related to your reasons for abolishing the headquarters audit division?
>
> Objection. Mischaracterizes the Witness' ….
>
> Q: Are you saying that?
>
> A: No.

(Heist Dep. at 115-16[2]). Mr. Heist was also asked whether his Memorandum to Mr. Stephens of April 20, 2004 – which makes no mention of Ms. Elion's performance or conduct – "contain[ed] the full reasons … for abolishing the Headquarters Audits Division" (<u>Id</u>. at 113). After first agreeing that it did (<u>id</u>.), Mr. Heist then added an organizational reason: specifically, that from his Memorandum, you implicitly "could piece … together" that the ratio between the Division's management and staff was

---

[2] These pages from the Heist Deposition have been filed with this Motion.

imbalanced (Id. at 114). Mr. Heist then admitted that there were no reasons outside of his Memorandum and its implicit statement about staffing ratios that led him to propose abolishing Ms. Elion's former Division (Heist Dep. at 115-16).

For these reasons, any evidence that defendant would offer about plaintiff's supposed shortcomings, such as her supposed mismanagement of staff, would be inadmissible. It would be irrelevant; and unduly prejudicial and confusing. Rules 401, 403, Fed. R. Evid.[3] Accordingly, plaintiff respectfully moves the Court to issue an Order In Limine precluding defendant from offering evidence at the upcoming trial about plaintiff's performance as Director of the Headquarters Audits Division or plaintiff's conduct in her former position, as grounds justifying the employment actions that are at issue in this case including, but not limited to, defendant's decision to disband the Headquarters Audits Division, remove her from management, and reassign her outside of management.

---

[3] On summary judgment, plaintiff offered evidence about the ranking of her former Division when it was abolished both on its own and in comparison to other Divisions (Pl. SJ Opp. at 12-13; Att. 2. Attachment 2 was submitted as part of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Docket Entry 37, ECF #14), and was verified and authenticated by Ms. Elion in her Declaration that accompanied that Motion (¶46(3)). Ms. Elion plans to testify about her former Division's ranking and offer Attachment 2 into the record at trial.

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100


_____/s/_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for Plaintiff