**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAUNDRA G. ELION, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-0992 (PLF) |
| | ) | |
| ALPHONSO R. JACKSON, | ) | |
| Secretary Of Housing And | ) | |
| Urban Development, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S THIRD MOTION IN LIMINE**
(**Other Claims**)

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 7, Fed. R. Civ. P., to exclude mention of the claims articulated in Counts IV through XI of the Amended Complaint at the upcoming trial.

Counsel for plaintiff has advised opposing counsel about this Motion, who has stated that he reserves the right to oppose it.

The grounds in support of this Motion are as follows:

1.)    One body of evidence supports the claims articulated in Counts I through V of the Amended Complaint.  Counts I, II, and III arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.  Counts IV and V, however, arise under the Age Discrimination in Employment Act, 29 U.S.C. §§621 et seq.[1]

---

[1]    Although Count XI also arises under the ADEA, the reasons for excluding any mention of this Count are the same as those that underlie plaintiff's argument regarding Counts VI through X in this Motion.

1

2.)     When Congress amended Title VII in 1991 to provide for jury trials for many employment cases originating in the federal sector, it did not include claims arising under the ADEA.  Since plaintiff's ADEA claims can not be placed before a jury, any mention of them would be irrelevant, and unduly prejudicial and confusing.  Therefore, they are not admissible into the record at the upcoming trial.  Rules 401, 403, Fed. R. Evid.

3.)     At the post-discovery status conference, on August 10, 2006, plaintiff's counsel advised the Court and defendant's counsel that plaintiff had decided not to pursue the claims over defendant's reassignment of a nonminority, male auditor to a vacant supervisory position as a Division Director in the Office of Audit in the Washington, D.C., headquarters of the Office of Inspector General.

4.)     For that reason, there was no need for the parties to address Counts VI through XI of the Amended Complaint when briefing summary judgment, or for the Court to consider these claims in adjudicating defendant's motion for summary judgment.

5.)     A party's decision not to pursue particular claims has the salutary effect of conserving judicial resources, reducing an adversary's burden in moving dispositively, and streamlining cases for juries.

6.)     There would be a substantial disincentive for a plaintiff to take this step if doing so would open her up to being impeached because at an earlier time, she formulated her claims differently or included other claims.

7.)     To avoid this adverse affect from attaching to plaintiff's decision, one which benefited defendant on summary judgment and will do so by limiting the claims that it must respond to at trial, plaintiff respectfully moves the Court to exclude all mention of the claims articulated in Counts IV through XI of the Amended Complaint.

A proposed Order to this effect accompanies this Motion.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100

_____//s//_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for Plaintiff