UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO R. JACKSON, )<br>  Secretary Of Housing And )<br>  Urban Development, )<br>)<br>Defendant. )<br>_____) | Civ. Action No. 05-0992 (PLF) |

**PLAINTIFF'S FOURTH MOTION IN LIMINE**
(<u>Personnel Specialists</u>)

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 7, Fed. R. Civ. P., to preclude defendant from offering evidence that it used personnel specialists in making the decisions to abolish the Headquarters Audits to abolish plaintiff's former position as Director of the Headquarters Audits Division, or to remove plaintiff from a management position and reassign her as a special assistant.

The grounds in support of this Motion are contained in the accompanying Memorandum of Points and Authorities, to which the Court is respectfully referred.

Counsel for plaintiff has advised opposing counsel about this Motion, who has stated that it will be opposed.

1

A proposed Order to this effect accompanies this Motion.

                                            Respectfully submitted,


                                            _____//s//_____
                                            Robert C. Seldon, Esq.
                                             D.C. Bar No. 245100


                                            _____//s//_____
                                            Molly E. Buie, Esq.
                                             D.C. Bar No. 483767

                                            Robert C. Seldon & Associates, P.C.
                                            1319 F Street, N.W., Suite 200
                                            Washington, D.C.  20004
                                            (202) 393-8200

                                            Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. Action No. 05-0992 (PLF) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary Of Housing And | ) |
| Urban Development, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
PLAINTIFF'S FOURTH MOTION IN LIMINE
(Personnel Specialists)

Plaintiff's written discovery was specifically aimed at identifying any personnel or human resource specialists who were involved in defendant's decisions to abolish plaintiff's former division, the Headquarters Office of Audits; to abolish plaintiff's former position as Director of that Division; or to remove plaintiff from a management position and reassign her as a special assistant. (Elion SJ Decl., Att. 13 at 11, Att. 20 at 2, & Att. 21 at 1[1]). In express terms, her 1st Interrogatory No. 6(a) specifically asked defendant to "identify … all personnel and human resource specialists and persons involved in the decision to abolish the Headquarters Audits Division and the position of the Director of the Headquarters Audits Division" (Elion SJ Decl., Att. 13 at 11). None were identified in response (Id.).

---

[1]   Attachments 13, 20, and 21 were submitted as part of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Docket Entry 37, ECF #22, 30, 31), and were verified and authenticated by Ms. Elion in her Declaration that accompanied that Motion (¶¶46(m), (u), (v)).

1

To be absolutely certain that defendant did not overlook identifying any personnel or human resources specialists involved in the employment actions that comprise the subject matter of this suit, plaintiff's counsel wrote to defendant's counsel to ensure that defendant's responses were complete.

> If the decision to abolish [plaintiff's former Division and position] was made without input from or the participation of human resources personnel or personnel specialists, defendant is required to say so clearly. If such persons were involved, they must be identified.

(Elion Decl., Att. 20 at 2). Defendant responded in a letter from its counsel confirming that "[a]ll personnel involved … have been identified" (Id., Att. 21 at 1).

Defendant has two personnel offices at its disposal to consult with when implementing reorganizations (Phelps Dep. at 35-37, 43-45). The fact that defendant utilized neither in the "realignment" that abolished the Headquarters Audits Division and plaintiff's former position as its Director is probative of whether that "realignment" was, as defendant contends, a planned organizational change. Since defendant's discovery responses revealed that personnel and human resources specialists were not involved in the employment actions at issue in this case, defendant should be precluded from offering evidence that they were utilized.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100

_____//s//_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for Plaintiff

3