## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SAUNDRA G. ELION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-0992 (PLF)** |
| **v.** | ) | |
| | ) | |
| **ALPHONSO R. JACKSON, Secretary** | ) | |
| **U.S. Department of Housing and** | ) | |
| **Urban Development,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S RESPONSE AND OBJECTION TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Alphonso R. Jackson, Secretary, Department of Housing and Urban Development, in his official capacity, hereby responds to Plaintiff's First Set of Interrogatories and First Request for Production of Documents ("Discovery Requests") as follows:

### General Objections

1.    The Defendant objects to the instructions and definitions to the extent that they seek to impose burdens beyond those set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure. The Defendant's responses will be governed by the provisions of Rules 26 and 33.

2.    The Defendant objects to each and every Discovery Request to the extent that they are vague, ambiguous, overly broad, unduly burdensome and/or do not specify the information sought with sufficient particularity.

**RESPONSE No. 1(c)**:  Defendant incorporates by reference the objects set forth in response to Interrogatory No. 1(a).  Subject to and without waiving the foregoing objections, Defendant states that the following individuals may have information deemed responsive to this Interrogatory: James Heist, Mike Phelps, Saundra Elion, Robert Gwin, and Brenda Patterson.

>   d.) **and all documents which refer or relate, whether in whole or in part, to your response to the foregoing Interrogatory**.

**RESPONSE No. 1(d)**.  Defendant incorporates by reference the objections and responses in Response No. 1(a).  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to documents previously provided to Plaintiff in the Agency's Report of Investigation (ROI).  Plaintiff should have a copy of the ROI.  Other documents that may be deemed responsive include the staffing documents for  supervisory vacancies for which the Plaintiff failed to submit an application.

**INTERROGATORY NO. 2:   Provide a complete and accurate account of the functions of the Capital District Office of Audit separately and on an annual basis from January 1, 1998, until its abolition, including but not limited to, identifying:**

>   a.) **the functions of the Capital District Office of Audit;**

**RESPONSE No. 2(a)**:  Defendant objects to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this Interrogatory as irrelevant and beyond the scope of this litigation because the information sought does not pertain to Plaintiff's underlying allegations of discrimination.  Defendant also objects to this Interrogatory as harassing and unduly burdensome because Plaintiff has in her possession information responsive to this Interrogatory.  Specifically, Plaintiff used to work for the Capital District Office of Audit as a GS-15 District Inspector General and should know the functions of this Office.

Subject to and without waiving the foregoing objections, Defendant states that the following information may be deemed responsive to this Interrogatory: According to James Heist, the Assistant Inspector General for Audit, the Capital District Office of Audit was one of eleven district (now regional) offices responsible for conducting and supervising internal and external audits of HUD-related operations and activities in accordance with established policies, standards, and procedures. The principal geographic region for external audits assigned to the Capital District was the Washington D.C. metropolitan area. The Capital District also performed internal audits at HUD Headquarters. While the Capital District normally had primary responsibility for audits in this geographic area, just as with all OIG district/regional offices, this jurisdiction was not exclusive. If circumstances warranted, any district/region could perform audits in any other district/region. Also other district/regions could and did from time to time perform audits at HUD headquarters. See also documents identified in e., below.

**b.) the duties and responsibilities of the District Inspector General for the Capital District Office of Audit;**

**RESPONSE No. 2(b)**: Defendant incorporates by reference its objections and responses to Interrogatory No. 2(a). Subject to and without waiving the foregoing objections, Defendant states that the following information may be deemed responsive: The District Inspector General for Audit (DIGA) of the Capital District would be the highest management position in the district and is responsible for conducting, managing, reviewing, and supervising all audits conducted by the Capital District.

**c.) all persons involved in determining the duties and work assignments of the Capital District Office of Audit;**

6

**RESPONSE No. 2(c)**:  Defendant incorporates by reference its objections and responses

to Interrogatory No. 2(a).  Subject to and without waiving the foregoing objections,

Defendant states that the following information may be deemed responsive: The

Assistant Inspector General for Audit and his Deputy are usually responsible for

determining the duties and work assignments for the Capital District Office.   In addition,

planning committees prepare a list of audits to be conducted during the following year.

The Technical Oversight and Planning Division (or its predecessor organization) and the

DIGAs  provided input into the selection of work assignment.  Finally, the Inspector

General and Deputy General could assign work and duties to any DIGA.

> **d.) all persons involved in determining the duties and work assignments of the District Inspector General for the Capital District Office of Audit**;

**RESPONSE No. 2(d)**: Defendant incorporates by reference its objections and responses

in Interrogatory No. 2(c).

> **e.) and all documents, which refer or relate, to your response to the foregoing Interrogatory.**

**RESPONSE No. 2(e)**: Defendant incorporates by reference its objections and responses

to Interrogatory No. 2(a).  Subject to and without waiving the foregoing objections,

pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to the affidavit of James

Heist, ROI, Exh. F-2.  Defendant also refers Plaintiff to documents that  will be produced

to Plaintiff once the Court approves the parties' Stipulated Protective Order.

**INTERROGATORY NO. 3:   Provide a complete and accurate account of the processes and actions leading up to and including your decision to abolish the Capital District Office of Audit including, but not limited to, identifying:**

> **a.) all personnel and human resource specialists and persons involved in the decision to abolish the Capital District Office of Audit;**

**RESPONSE No. 3(a)**:  Defendant objects to this Interrogatory as overly broad and unduly burdensome for failure to define the term "human resource specialist."  Defendant further objects to this Interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that James Heist, Assistant Inspector General for Audit; David Williams, Acting Inspector General; and Saundra Elion, the DIGA were involved in the decision to abolish the Capital District Office of Audit.

**b.) all persons involved in the decision to abolish the Capital District Office of Audit;**

**RESPONSE No. 3(b)**:  Defendant incorporates by reference the response in Interrogatory No.  3(a).  In addition, Defendant also objects to Interrogatory No. 3(b) as harassing and cumulative because it seeks information previously requested in No. 3(a).

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the response to Interrogatory No. 3(a).

**c.) each person's actions in abolishing the Capital District Office of Audit**;

**RESPONSE 3(c)**:  Defendant objects to this Interrogatory as irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that according to James Heist, in late 2001, he recommended to then Acting Inspector General David Williams that the Office of Audit's Capital District office be disbanded. The Capital District was originally established to perform audit work in the Washington DC metropolitan area, including audits of HUD program participants and offices in HUD

8

headquarters. The Department did not have a corresponding office for the Capital

District, rather the Department's Washington D.C. field office reported to the HUD

Region 3 office in Philadelphia. Prior to the creation of OIG's Capital District, audits of

HUD program participants in the Washington D.C. metropolitan area had been the

primary responsibility of the OIG district office in Philadelphia. OIG's organizational

structure failed to align with the Department's structure, which only had ten

districts/regions. It also appeared that the majority of the Capital District's workload had

been in HUD headquarters or special projects. James Heist felt it was logical to have the

Capital District office located in the HUD headquarters office building and at the same

time align the audit district with the Department's organizational structure.

Mr. Williams approved Mr. Heist's recommendation and the change was effective

approximately May 2002. Plaintiff Saundra Elion selected the name for the new office,

which was the Headquarters Audit Division, and would have been responsible for the

transition.

　　　　Mr. Heist also believed that moving the office to the headquarters building would

result in a cost savings for OIG. The Capital District was housed in leased office space.

There was sufficient vacant space in headquarters to accommodate the staff. Mr. Heist

was not in a position to know the timing and extent of the savings. Individuals involved

in releasing the leased space were John Harr, a former financial officer with OIG, who is

now retired; John Dupuy, a former OIG employee; one or two former real estate

specialists with HUD; and an employee of the General Services Administration (GSA).

　　　　**d.) and all documents, which refer or relate, to your response to the foregoing
　　　　Interrogatory.**

**RESPONSE No. 3(d)**:  Defendant objects to this Interrogatory as unduly, harassing, and

cumulative as it seeks information requested in previous Interrogatory No. 3(a) and (b).

Defendant also objects to this Interrogatory for not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states: None.

**INTERROGATORY NO. 4:  Identify the positions to which incumbents in the
Capital District Office of Audit were assigned immediately before and after that
office was abolished including, but not limited to, identifying:**

    **a.) the name, position, grade, race, sex, and age of each such incumbent
immediately before you abolished the Capital District Office of Audit;**

**RESPONSE No. 4(a):**  Defendant objects to this Interrogatory as vague, overly broad,

and unduly burdensome as it seeks information not relevant to Plaintiff's underlying

claims in this litigation.

Subject to and without waiving the foregoing objects, pursuant to Fed. R. Civ. P.

33(d), Defendant refers Plaintiff to documents that will be produced to Plaintiff after the

Court approves the parties' Stipulated Protect Order.

    b.) **the name, position, grade, race, sex, and age of each such incumbent
immediately after you abolished the Capital District Office of Audit**;

**RESPONSE** 4(b): Defendant incorporates by reference the objections and responses in

Interrogatory No. 4(a).   Defendant further states that Plaintiff's title was changed from

DIGA to Director.

    **c.) and all documents, which refer or relate, to your response to the foregoing
Interrogatory.**

**RESPONSE 4(c)**:  Defendant incorporates by reference the objections and responses in

Interrogatory No. 4(a).

**INTERROGATORY NO 5:  Provide a complete and accurate account of the functions of the Headquarters Office of Audit, separately and on an annual basis from January 1, 1998, through the present, including but not limited to, identifying:**

a.)  **the functions of the Headquarters Office of Audit:**

**RESPONSE 5(a)**: Defendant objects to this Interrogatory as harassing and unduly

burdensome because Plaintiff has the responsive information in her possession as she

was "Director of the HUD OIG Headquarters Audits Division."  Compl. at para. 14.  As

"Director of the HUD OIG Headquarters Audits Division," it is expected that Plaintiff

knows or should have known the functions of the Headquarters Office of Audit.

Defendant further objects to this Interrogatory as unduly burdensome as it seeks

information dating eight years.  Defendant also objects to this Interrogatory as irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant refers

Plaintiff to documents that  will be produced to Plaintiff after the Court approves the

parties' Stipulated Protective Order.  Defendant further states that the Headquarters

Office of Audit is headed by the AIGA and a Deputy AIGA, who assists the AIGA and

assumes AIGA responsibilities in the absence of the AIGA. The Office of Audit has/had

the following divisions:

The Technical Oversight and Planning Division is responsible for providing

technical expertise on program areas and liaison/oversight services for audit activities in

the Regions and other Headquarters divisions.  The Division also conducts research and

develops data for use by the AIGA.  Other services provided by the Division include

developing and updating the Audit Plan, writing operational policy, and overseeing

Office of Audit follow-up activities on a national basis.

The Information Systems Audits Division is responsible for performing audits of HUD's Automated Data Processing (ADP) systems and operations that support HUD programs. The Division also provides technical assistance to non-information system auditors in the Office of Audit in their program and financial statement audits and the Office of Investigation in its investigative efforts. In this capacity, the Division manages and supports the OIG Computer Aided Audit Techniques initiative. Additionally, the Division provides advisory services to HUD management covering a number of ADP system concerns such as security, development progress, and data quality.

The Financial Audits Division is responsible for performing the annual audit of HUD's consolidated financial statements. The Division oversees contract work related to the annual audits of the Federal Housing Administration and Ginnie Mae financial statements. These audits are performed in accordance with the Chief Financial Officers Act of 1990, Pub. L. No. 101-576 (codified in various sections of Titles 5, 31, 38, and 42 of the U.S. Code). The Division develops and recommends policies governing the issuance of audit reports by non-federal auditors to ensure they are in compliance with Government Auditing Standards. The Division maintains liaison with federal, state, and professional organizations related to the performance of audits of HUD programs by non-federal auditors. The Division Director is designated as the Hearing Auditor for debarment actions involving Independent Accountants.

From May 2002 to April 2004, the Headquarters Audit Division was responsible for conducting internal audits of Headquarters administrative and program offices in accordance with established policies, standards, and procedures. This was not an exclusive jurisdiction in that other divisions and district/regional offices were authorized

12

and did perform audits of HUD Headquarters offices.  The Director was responsible for

maintaining liaison on audit matters with HUD Headquarters directors, program

managers, and other Headquarters staff by providing them with related advice and

counsel.  The Division also performed special projects as directed by the DIGA.

> **b.) the functions of each division and other component of the Headquarters Office of Audit;**

**RESPONSE No. 5(b)**: Defendant incorporates by reference the objections and responses

in Interrogatory No. 5(a).

> **c.) all persons involved in determining the duties and work assignments of the functions of each division and other components of the Headquarters Office of Audit;**

**RESPONSE 5(c)**: Defendant incorporates by reference the objections and responses in

Interrogatory No. 5(a).  Defendant further states that the Inspector General, Deputy

Inspector General, Assistant Inspector General for Audit, and Deputy Assistant Inspector

General for Audit were usually responsible for determining the duties and work

assignments for the Headquarters Office of Audit.

> **d.) all persons involved in determining the duties and work assignments of the Directors of each division and other components of the Headquarters Office of Audit**;

**RESPONSE** 5(d): Defendant incorporates by reference the objections and responses in

Interrogatory 5(c).

> **e.) all documents, which refer or relate, to your response to the foregoing Interrogatory.**

**RESPONSE 5(e):** Defendant incorporates by reference the objections and responses in

Interrogatory No. 5(a).

**INTERROGATORY NO. 6:  Provide a complete and accurate account of the processes and actions leading up to and including your decision to abolish the Headquarters Audits Division including, but not limited to, identifying:**

    **a.) all personnel and human resource specialists and persons involved in the decision to abolish the Headquarters Audits Division and the position of the Director of the Headquarters Audits Division;**

**RESPONSE 6(a)**:  Defendant objects to this Interrogatory as overly broad and unduly burdensome for failure to define the term "human resource specialist."  Defendant further objects to this Interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence.

    Subject to and without waiving the foregoing objections, Defendant states that James Heist, Michael Phelps, and Michael Stephens were involved.

    **b.) all persons involved in the decision to abolish the Headquarters Audits Division and the position of Director of the Headquarters Audits Division;**

**RESPONSE 6(b)**:  Defendant incorporates by reference the objections and responses in Interrogatory 6(a).  Defendant also objects to this Interrogatory as harassing and unduly burdensome as it is cumulative and duplicative of the previous Interrogatory.

    **c.) each person's actions in abolishing the Headquarters Audits Division and the position of Director of the Headquarters Audits Division;**

**RESPONSE 6(c)**:  Defendant objects to this Interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.

    Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to ROI, Exh. F2, affidavit of James Heist, pages 4-6, with three attachments; ROI, Exh. F4, affidavit of Michael Stephens, pages 4-5; and ROI, Exh. F16, memorandum from James Heist to Michael Stephens, in which Mr. Heist presents his recommendation and seeks approval for the proposed actions.

**d.) and all documents, which refer or relate, to your response to the foregoing Interrogatory**.

**RESPONSE 6(d)**: Defendant incorporates by reference the objections and responses in

Interrogatory No. 6(c).

**INTERROGATORY NO. 7:  Identify the positions to which incumbents in the Headquarters Audits Division were assigned immediately before and after that office was abolished including, but not limited to, identifying:**

**a.) the name, position, grade, race, sex, and age of each such incumbent immediately before you abolished the Headquarters Audits Division;**

**RESPONSE No. 7(a)**:  Defendant objects to this Interrogatory as irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that

**Saundra Elion** – Director/Supervisory Auditor – GS-15 – African American – female –

over 40; **Donna Hawkins** – Deputy Director/Supervisory Auditor – GS-14 – African

American – female --over 40; **Karmel Smith** – Auditor – GS-13 – African American –

female – under 40; **Sharon Brown**– Auditor – GS-13 – African American – female –

under 40; and **Seanna McGee** -- Auditor – GS-12 – African American – female – under

40.

**b.) the name, position, grade, race, sex, and age of each such incumbent immediately after you abolished the Headquarters Audits Division**;

**RESPONSE No. 7(b):**  Defendant incorporates by reference the objections and

responses in Interrogatory No. 7(a).  Subject to and without waiving the foregoing

objections, Defendant states that **Saundra Elion** – Special Assistant to the AIGA – GS-

15 – African American – female – over 40; **Donna Hawkins** – Senior Auditor – GS-14 –

African American – female --over 40; **Karmel Smith** – Auditor – GS-13 – African

American – female – under 40; **Sharon Brown** – Auditor – GS-13 – African American –

female – under 40; and **Seanna McGee** – Auditor – GS-12 – African American – female – under 40.

    **c.) and all documents, which refer or relate, to your response to the foregoing Interrogatory.**

**RESPONSE 7(c):**  None.

**INTERROGATORY NO. 8:  Provide a complete and accurate account of your processes and actions in soliciting, considering, and selecting among candidates for the position of Division Director in the Headquarters Office of Audit identified in paragraph 41 of Defendant's Answer to the Complaint in this action including, but not limited to, identifying**

    **a.) the successful candidate, his race, and his age at the time of your selection of him**;

**RESPONSE No. 8(a)**:  Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory as it violates Fed. R. Civ. P. 33, which limits each party to 25 interrogatories, including subpart.  This is Plaintiff's twenty-sixth Interrogatory.

Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to the ROI, Exh. F2, affidavit of James Heist for the Defendant's actions with respect to the selection of Robert Gwin, race-Caucasian, date of birth, July 1945.  This was a non-competitive placement action.  See also OIGM Chapter 1335, Merit Staffing Plan (2002).  These documents will be produced to Plaintiff after the Court approves the parties' Stipulated Protective Order.

    **b.) the processes, guidelines, and procedures by which you interviewed, considered, and selected the successful candidate for the foregoing position**;

**RESPONSE No. 8(b)**: Defendant incorporates by reference the objections and responses in Interrogatory 8(a).  Defendant further objects to this Interrogatory as it violates Fed. R.

**RESPONSE No. 10(d)**: Defendant incorporates by reference the objections and responses in Interrogatory 10(c). Defendant further objects to this Interrogatory as it violates Fed. R. Civ. P. 33, which limits each party to 25 interrogatories, including subpart. This is Plaintiff's fortieth Interrogatory. Defendant further objects to this Interrogatory as unduly burdensome and harassing as it requires Defendant to respond to more than 25 interrogatories.

> **(e)    all evidence tending to prove your contention that you would have selected a candidate other than plaintiff for the foregoing position**;

**RESPONSE 10(e)**: Defendant incorporates by reference the objections and responses in Interrogatory 10(c). Defendant further objects to this Interrogatory as it violates Fed. R. Civ. P. 33, which limits each party to 25 interrogatories, including subpart. This is Plaintiff's forty-first Interrogatory. Defendant further objects to this Interrogatory as unduly burdensome and harassing as it requires Defendant to respond to more than 25 interrogatories.

> **(f)    and all documents which refer or relate, whether in whole or in part, to your response to the foregoing Interrogatory**.

**RESPONSE**: Defendant incorporates by reference the objections and responses in Interrogatory 10(c). Defendant further objects to this Interrogatory as it violates Fed. R. Civ. P. 33, which limits each party to 25 interrogatories, including subpart. This is Plaintiff's forty-second Interrogatory. Defendant further objects to this Interrogatory as unduly burdensome and harassing as it requires Defendant to respond to more than 25 interrogatories.

**INTERROGATORY NO. 11:  Do you contend that you would have abolished the Headquarters Audits Division of the Inspector General for Audit or reassigned plaintiff from her position as Director of the Headquarters Audits Division of the Inspector General for Audit to a nonsupervisory position even in the absence of**

unduly burdensome and harassing as it requires Defendant to respond to more than 25

interrogatories.

**INTERROGATORY NO. 12:  Provide a complete and accurate account of the
positions to which plaintiff would have been entitled to be reassigned had plaintiff's
termination from the service or reduction in grade been proposed in accordance
with 5 C.F.R. Part 351 in connection with your Proposal for Realignment of the
Office of Audit (Apr. 20, 2004) and the processes for ascertaining all such positions
including, but not limited to, identifying:**

> (a) **plaintiff's competitive area as of April 20, 2004;**
>
> (b) **plaintiff's competitive level in her competitive area as of April 20,
> 2004;**
>
> (c) **all of your other employees occupying the same competitive area and
> competitive level as of April 20, 2004, including, but not limited to,
> each such employee's name, race, sex, age, position, and grade level;**
>
> (d) **the order of retention of plaintiff and each such employee; and**
>
> (e) **each Human Resources or employee relations specialist or personnel
> who provided information in response to this Interrogatory.**

**RESPONSE12(a)-(e)**:  The Defendant objects to this Interrogatory as unduly

burdensome, vague, overly broad, and not reasonably calculated to the discovery of

relevant or admissible evidence because it asks Defendant to speculate as to what

Plaintiff "would have been entitled" to.  Defendant further objects to this Interrogatory as

it violates Fed. R. Civ. P. 33, which limits each party to 25 interrogatories, including

subpart.  These are Plaintiff's forty-sixth through fiftieth interrogatories.  Defendant

further objects to this Interrogatory as unduly burdensome and harassing as it requires

Defendant to respond to more than 25 interrogatories.

Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ.

P. 33(d), Defendant refers Plaintiff to documents that will be produced to Plaintiff after

the Court enters the parties' Stipulated Protective Order.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:  Organizational charts for or other documents from which the organization of the following can be ascertained separately, on an annual basis, from January 1, 1998, through the present:**

       **A.)    Your Office of Inspector General.**

       **B.)    Your Office of Assistant Inspector General for Audit.**

       **C.)    The Regional, District, and other local offices in your Office of Inspector General.**

       **D.)    The Regional, District, and other local offices in your Office of Assistant Inspector General for Audit.**

       **E.)    The Department of Housing and Urban Development.**

       **F.)    The Regional, District, and other local offices in the Department of Housing and Urban Development.**

**RESPONSE NO. 1**:  Defendant objects to this Request as overly broad, irrelevant, and not calculated to lead to the discovery of admissible evidence.  For instance, the organizational chart of the entire Department of Housing and Urban Development dating to 1998 is not relevant at all to Plaintiff's claims in this litigation.  Furthermore, the organization charts of "regional, district and other local offices" of HUD are similary irrelevant as there are no allegations that Plaintiff even worked for any of these "other local offices."  Defendant further objects to this Request as unduly burdensome as it seeks documents dating back eight years.

      Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to documents that will be produced to Plaintiff after the Court approve the parties' Stipulated Protective Order.

**DOCUMENT REQUEST NO. 2:  Staffing charts or other documents from which positions as auditors; grade levels of the foregoing positions; and race, sex, and age**

of incumbents in the foregoing positions in the following entities can be ascertained separately, on an annual basis, from January 1, 1998, through the present:

      A.)    Your Office of Assistant Inspector General for Audit.

      B.)    The Regional, District, and other local offices in your Office of Assistant Inspector General for Audit.

**RESPONSE NO. 2**: Defendant incorporates by reference the objections and responses in

Request No. 1.  Defendant also objects to this Request as harassing and unduly

burdensome as it is cumulative and a duplication of Request No. 1

**DOCUMENT REQUEST NO. 3:  Documents from which the following information can be ascertained separately, on an annual basis, from January 1, 1998, through the present:**

      A.)    Standards or guidelines employed to evaluate your Office of Assistant Inspector General for Audit, and the divisions and components thereof, and your evaluations and rankings of your Office of Assistant Inspector General for Audit, and the divisions and components thereof.

      B.)    Standards or guidelines employed to evaluate the Regional, District, and other local offices in your Office of Assistant Inspector General for Audit and your evaluations and rankings of the Regional, District, and other local offices in your Office of Assistant Inspector General for Audit.

**RESPONSE NO. 3**:  Defendant objects to this Request as overly broad, irrelevant, and

not calculated to lead to the discovery of admissible evidence.  Defendant further objects

to this Request as unduly burdensome as it seeks documents dating back eight years.

      Subject to and without waiving the foregoing objections, Defendant refers

Plaintiff to documents that will be produced to Plaintiff after the Court approves the

parties' Stipulated Protective Order.

**DOCUMENT REQUEST NO. 4:  All documents which refer or relate, whether in whole or in part, to your responses to the foregoing Interrogatories.**

**RESPONSE NO. 4**:  Defendant incorporates by reference the objections and responsess in Interrogatory Nos. 1-12 (including all subparts).  Defendant incorporates by reference the objections and responses in Request Nos. 1-3.

**DOCUMENT REQUEST NO. 5:  All documents which refer or relate, whether in whole or in part, to the performance and conduct of plaintiff while in your employ including, but not limited to, her official and unofficial personnel files, performance appraisals, awards, commendations, salary history, position descriptions, individual development plans, records of work assignments, memoranda and e-mails concerning performance, and corrective, remedial, disciplinary or other personnel action involving her.**

**RESPONSE NO. 5:**  Defendant objects to this Request as unduly burdensome to the extent that Plaintiff has in his possession or he could readily obtain the responsive documents to this Request.  Defendant also objects to this Request as vague, overly broad and ambiguous as it fails to define the term "unofficial personnel files."  Defendant further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this Request as it fails to define the relevant time period.  To the extent that the Request seeks documents from the time that Plaintiff was employed with Defendant to the present, it is unduly burdensome.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the documents that will be produced to Plaintiff after the Court approves the parties' Stipulated Protective Order.

**DOCUMENT REQUEST NO. 6:  All documents which refer or relate, whether in whole or in part, to the performance and conduct of the Division Director in the Headquarters Office of Audit identified in paragraph 41 of Defendant's Answer to the Complaint while in your employ including, but not limited to, his official and unofficial personnel files, performance appraisals, awards, commendations, salary history, position descriptions, individual development plans, records of work assignments, memoranda and e-mails concerning performance, and corrective, remedial, disciplinary or other personnel action involving him.**

27

**RESPONSE NO. 6**:  Defendant objects to this Request as overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this Request for failure to define the term "unofficial personnel files." Defendant further objects to this Request as unduly burdensome as it fails to specify the relevant time period.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to documents that will be produced to Plaintiff after the Court approves the parties' Stipulated Protective Order.

**DOCUMENT REQUEST NO. 7:  All documents which refer or relate, whether in whole or in part, to complaints of discrimination based on race, sex, or age or retaliation (formal or informal); proceedings before the Equal Employment Opportunity Commission or the Merit Systems Protection Board involving complaints of discrimination based on race, sex, or age or retaliation; grievances involving allegations of discrimination based on race, sex, or age or retaliation; and suits in federal courts involving allegations of discrimination based on race, sex, or age or retaliation in which any of the following persons is alleged to have engaged in discrimination or retaliation:**

> **F.)     James Heist**
>
> **G.)     Michael Phelps**
>
> **H.)     Michael Stephens**

**RESPONSE:**  Defendant objects to this Request as overly broad, irrelevant, and not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as unduly burdensome as it seeks documents not relevant to Plaintiff's underlying claims.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to documents that will be produced to Plaintiff after the Court approves the parties' Stipulated Protective Order.

**DOCUMENT REQUEST NO. 8:  Documents from which the following information can be derived separately, on a Fiscal Year basis, for each Fiscal Year beginning with FY 2001 and continuing through FY 2006**:

    A.)    **The number of FTE's for Auditors of the Inspector General for Audit of the Department of Housing and Urban Development budgeted by office, district, and/or region.**

    B)    **The funds budgeted for FTE's for Auditors of the Inspector General for Audit of the Department of Housing and Urban Development budgeted by office, district, and/or region.**

**RESPONSE No. 8(a)-(b)**:  Defendant objects to this Request as overly broad, irrelevant and not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as it seeks documents irrelevant to Plaintiff's underlying claims.

Subject to and without waiving the foregoing objections, with regards to No. 8(a), Defendant refers Plaintiff to documents that will be produced to Plaintiff after the Court approves the parties' Stipulated Protective Order.  With regards to 8(b), there are no responsive documents as the OIG does not budget FTEs by office, district or region.

    C.)    **The number of FTE's for Auditors of the Inspector General for Audit of the Department of Housing and Urban Development employed by office, district, and/or region**.

    D.)    **The funds budgeted for FTE's for Auditors of the Inspector General for Audit of the Department of Housing and Urban Development expended by office, district, and/or region.**

**RESPONSE No. 8(c)-(d):**  Defendant incorporates by reference the objections and responses in Request No. 8(a)-(b).

**DOCUMENT REQUEST NO. 9.:  Documents from which the following information can be derived separately, on a Fiscal Year basis, for each Fiscal Year beginning with FY 2001 and continuing through FY 2006:**

    A.)    **The funds budgeted for rent for the Capital District Office of Audit at 800 N. Capitol Street, N.W., in Washington, D.C.**

     **B.)**    **The funds expended for rent for the Capital District Office of Audit at 800 N. Capitol Street in Washington, D.C.**

     **C.)**    **The funds budgeted for rent for the Office of Inspector General at 800 N. Capitol Street in Washington, D.C.**

     **D.)**    **The funds expended for rent for the Office of Inspector General at 800 N. Capitol Street in Washington, D.C.**

**RESPONSE No. 9**: Defendant objects to this Request as overly broad, irrelevant and not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as it seeks documents irrelevant to Plaintiff's underlying claims.

Subject to and without waiving the foregoing objections, with regards to No. 8(a), Defendant refers Plaintiff to documents that will be produced to Plaintiff after the Court approves the parties' Stipulated Protective Order.

**DOCUMENT REQUEST NO. 10:  All documents which refer or relate, whether in whole of in part, to the reduction of FTE's within the Office of Audit and the cost savings associated with closing the "Capital Region Office of Audit" referred to in Defendant's Rule 26(a)(1) Disclosures**.

**RESPONSE No. 10**.  Defendant incorporates by reference the objections and responses in Request No. 9.

**DOCUMENT REQUEST NO. 11:  All documents which refer or relate, whether in whole of in part, to the reduction of FTE's within the Office of Audit and the cost savings associated with closing the "Capital Region Office of Audit" not referred to in Defendant's Rule 26(a)(1) Disclosures**.

**RESPONSE No. 11**: Defendant incorporates by reference the objections and responses in Request Nos. 9-10.

**DOCUMENT REQUEST NO. 12:  All documents which refer or relate, whether in whole of in part, to the utilization and return of space at the North Capital Street location referred to in Defendant's Rule 26(a)(1) Disclosures**.

**RESPONSE No. 12**: Defendant incorporates by reference the objections and responses in Request No. 9.

**DOCUMENT REQUEST NO. 13:** All documents which refer or relate, whether in whole or in part, to the utilization and return of space at the North Capital Street location not referred to in Defendant's Rule 26(a)(1) Disclosures.

**RESPONSE No. 13**:  Defendant incorporates by reference the objections and responses

in Request No. 9.

**DOCUMENT REQUEST NO. 14:  Documents from which the following information can be derived:**
        **A.)**     **The reduction of FTE's within the Office of Audit associated with abolishing the Headquarters Audits Division.**

        **B.)**     **The cost savings within the Office of Audit associated with abolishing the Headquarters Audits Division**.

       **RESPONSE:  None.**

**DOCUMENT REQUEST NO. 15:  Documents from which the following information can be derived separately, on a Fiscal Year basis, for each Fiscal Year beginning with FY 2001 and continuing through FY 2006:**

      **A.)**     **The number of auditors detailed or temporarily assigned to the Financial Audit Division.**

      **B.)**     **The number of auditors detailed or temporarily assigned to the Headquarters Office of Audit other than the Financial Audit Division**.

**RESPONSE No. 15(a)-(b)**:  Defendant objects to this Request as overly broad, irrelevant

and not calculated to lead to the discovery of admissible evidence.  Defendant further

objects to this Request as it seeks documents irrelevant to Plaintiff's underlying claims.

     Subject to and without waiving the foregoing objections, Defendant refers

Plaintiff to documents that will be produced to Plaintiff after the Court approves the

parties' Stipulated Protective Order.

      **C.)**     **The funds budgeted to assign or temporarily detail auditors to the Financial Audit Division**.

**RESPONSE No. 15(c)**:  None. Funds are not separately budgeted for this activity.

      D.)     **The funds budgeted to assign or temporarily detail auditors to the Headquarters Office of Audit other than to the Financial Audit Division**.

      E.)     **The funds expended in assigning or temporarily detailing auditors to the Financial Audit Division**.

      F.)     **The funds expended in assigning or temporarily detailing auditors to the Headquarters Office of Audit other than to the Financial Audit Division**.

**RESPONSE No. 15(c)-(f)**: Defendant incorporates by reference the objections and responses in Request No. 15(a)-(b).

**DOCUMENT REQUEST NO. 16:  All documents which refer or relate, whether in whole or in part, to the Memorandum for Michael Stephens from James Heist entitled "Proposed Realignment of the Office of Audit" dated April 20, 2004.**

**RESPONSE**:  Defendant objects to this Request as overly broad, irrelevant and not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as it seeks documents irrelevant to Plaintiff's underlying claims.

      Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to documents that will be produced to Plaintiff after the Court approves the parties' Stipulated Protective Order.

Certifications as to the interrogatories are attached.

Dated: March 8, 2006.          Respectfully submitted,

                    _____
                    KENNETH L. WAINSTEIN, D.C. Bar #451058
                    United States Attorney

                    _____
                    R. CRAIG LAWRENCE, D.C. Bar #171538
                    Assistant United States Attorney

_____
JOHN C. TRUONG, D.C. Bar #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

**VERIFICATION**

1.      I am the Deputy Counsel to the Inspector General, Office of Inspector General

(OIG) for  the United States Department of Housing and Urban Development ("the

Department").  I am also the OIG liaison for this litigation, Elion v. Jackson.  I have been

tasked and have searched for documents and answers responsive to the Plaintiff's

discovery requests.


2.      I  have reviewed the Defendant's Objections and First Response to Plaintiff's

First Set of Interrogatories and Requests for Production, and know the contents thereof

.

3.      The matters contained in the Defendant's Objections and First Responses to

Plaintiff's First Set of Interrogatories and Requests for Production, are substantially

correct and true and accurate to the best of my knowledge, information and belief.


4.      The source of my information and the grounds for my belief are my personal

knowledge, my personal discussions and questioning of the principal witnesses in the

case, information provided by our servicing personnel office at the Bureau of Public

Debt and officials within the OIG, and the Department, and the official files and records

available to me.

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge, information and belief.


Dated: _____            _____
                                      Richard Johnson
                                      Deputy Counsel to the Inspector General
                                      Office of the Inspector General
                                      U.S. Department of Housing and Urban
                                      Development

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing <u>Defendant's Objections and</u>

<u>Responses to Plaintiff's First Set of Interrogatories and Request for Documents</u> has

been served on March 8, 2006, via e-mail in pdf format and First Class Mail in a

prepaid envelope, correctly addressed to the following:


Robert C. Seldon, Esq.
Robert C. Seldon & Associates, P.C.
Attorneys-At-Law
1319 F Street, N.W., Suite 305
Washington, D.C. 20004
E-mail: rcs@rcseldon-associates.com


_____/s/_____
John C. Truong