# Robert C. Seldon & Associates, P.C.

*Attorneys-At-Law*
*1319 F Street, N.W., Suite 305*
*Washington, DC 20004*
*202-955-6968 · fax: 202-318-2287*

---

March 14, 2006

**VIA E-MAIL AND FIRST CLASS MAIL**
AUSA John C. Truong
Office of the U.S. Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

    Re: <u>Elion v. Jackson, Civ. Action No. 05-0992 (PLF)</u>

Dear John:

  Under cover of this letter, we are serving a Notice of Deposition for Peggy Matthews. I had asked you for proposed dates on a couple of occasions. Not having heard back, I selected Friday March 31st

  Turning to other discovery matters, as I mentioned in my voicemail, we do not appear to have not been served with responses to Plaintiff's Second Request for Production of Documents. If this RFP was not answered, a response is overdue.

  Although we are satisfied with a number defendant's Responses and Objections to Plaintiff's First Set of Interrogatories, there are areas of disagreement which we believe must be resolved promptly, in order not to jeopardize the agreed upon discovery period. In other words, the parties either need to agree this week on further responses, or set a date for conferring with Judge Friedman.

  Our specific objections are as follows:[1]

---

[1] As soon as time permits, we will be reviewing and analyzing defendant's Responses to Plaintiff's First Request for Production of Documents. In order not to delay resolution of the issues concerning defendant's Objections and Responses to Plaintiff's First Set of Interrogatories, we have dispatched this letter without awaiting that review.

AUSA John C. Truong
March 14, 2006
Page 2

### Objections Erroneously Based On Numerosity

Beginning with Interrogatory No. 8, defendant interposed objections on the ground that plaintiff purportedly exceeded the number of interrogatories permitted under Rule 33, Fed. R. Civ. P. Apparently, defendant counted explanatory sub-parts as separate interrogatories. Doing so was incorrect.

Addressing the issue of counting under Rule 33, the Judiciary Conference Advisory Committee's 1993 Comment Note stated that "a question asking about" incidents "of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately." A leading commentary upon the Federal Rules has elaborated that an "interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question" 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §2168.1, at 261 (2d ed. 1994). In short, when sub-parts are "logically or factually subsumed within ... the primary question," they are not counted separately. Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684 (D. Nev. 1997).

For this reason, defendant's objections on the grounds of the number of interrogatories propounded by plaintiff must be withdrawn and answers provided, to the extent that they have not already been provided over that objection.

### Failure To Respond To Specific Interrogatories

Int. No. 3(a): This Interrogatory sought, among other matters, an identification of all personnel <u>and</u> human resource specialists and persons involved in the decision and processes to abolish the Capital District Office of Audit. Defendant objected to responding on the ground that the term "human resource specialist" was not defined. Even if the term "personnel specialist" were not also included, a separate definition of "human resource specialist" in this Interrogatory was not needed.

Federal agencies, including HUD OIG, routinely draw distinctions between human resources personnel and personnel specialists on the one hand, and decision-makers on the other. In fact, HUD OIG contracts out most if not all of its HR/personnel functions to the Bureau of Public Debt. If the decision to abolish the OIG Capital District Office of Audit was made without input from or the participation of human resources personnel or personnel specialists, defendant is required to say so clearly. If such persons were involved, they must be identified.

Int. No. 6(a): This Interrogatory sought, among other matters, an identification of all personnel and human resource specialists and persons involved in the decision and processes to abolish the Headquarters Audits Division. As was the case with Interrogatory No. 3(a), Defendant objected to responding on the ground that the term "human resource specialist" was not defined. For the reasons stated earlier, a separate definition was not needed and a specific answer is required.

AUSA John C. Truong
March 14, 2006
Page 3

Int. No. 7(b): This Interrogatory sought the identification of the positions to which incumbents in the HQ Audits Division were assigned immediately after that office was abolished. The only individual whose position after the abolished was identified was Ms. Elion's.

Int. 8(b-h): This Interrogatory sought information concerning the selection for the Division Director in the HQ Office of Audit identified in paragraph 41 of defendant's Answer. No responses were provided, on the ground that the number of Interrogatories propounded by plaintiff exceeded the maximum permitted by Rule 33, Fed. R. Civ. P. For the reasons stated above, defendant's objection is baseless and responses must be provided.

Int. 9: This Interrogatory sought information concerning defendant's reasons for not selecting plaintiff for the Division Director in the HQ Office of Audit identified in paragraph 41 of defendant's Answer. No responses were provided, on the ground that the number of Interrogatories propounded by plaintiff exceeded the maximum permitted by Rule 33, Fed. R. Civ. P. For the reasons stated above, defendant's objection is baseless and responses must be provided.

Int. 10(b-f): This Interrogatory sought information concerning the selection for the Division Director in the HQ Office of Audit identified in paragraph 41 of defendant's Answer for reasons other than retaliation or discrimination. No responses were provided, on the ground that the number of Interrogatories propounded by plaintiff exceeded the maximum permitted by Rule 33, Fed. R. Civ. P. As stated above, responses must be provided.

Int. 11: This Interrogatory sought information concerning the abolition of plaintiff's former position for reasons other than retaliation or discrimination. No responses were provided, on the ground that the number of Interrogatories propounded by plaintiff exceeded the maximum permitted by Rule 33, Fed. R. Civ. P. As stated above, responses must be provided.

Int. No. 12: This Interrogatory sought information concerning plaintiff's reassignment and bump and retreat rights were she RIF'd. Defendant answered, but only by providing HR documents related to assigning competitive levels and similar matters. This information is highly relevant must be provided. Defendant's continued objection, on the ground that plaintiff exceeded the number of interrogatories permitted by Rule 33, is in error.

AUSA John C. Truong
March 14, 2006
Page 4

    Feel free to give me a call if you have any questions about these matters. Again, we must resolve these issues promptly in order to move this case along.

Very truly yours,

Robert C. Seldon

Encl.
Cc:   Saundra G. Elion