

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

*202-307-0406*
*john.truong@usdoj.gov*

March 28, 2006

VIA E-MAIL (pdf format)

Robert C. Seldon, Esq.
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004

    Re:    <u>Elion v. Jackson</u>, Civ. No. 05-992 (PLF)

Dear Mr. Seldon:

    In anticipation of the parties' meet and confer call scheduled for March 30, 2006, at 11:00 a.m., on the discovery issues that you raised in your March 14th and 15th letters, I am responding to those two correspondence.

**A.    March 14th Letter**

    Your March 14th letter asks that Defendant supplement its responses to the following Interrogatories.  Accordingly, to the extent that additional information is available, Defendant hereby supplements its responses.

    1.    Interrogatory No. 3(a):  All personnel involved in the decision-making process have been identified in Defendant's initial Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents.

    2.    Interrogatory No. 6(a):  All personnel involved in the decision-making process have been identified in Defendant's initial Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents.

    3.    Interrogatory No. 7(b): Defendant stands by its initial Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents.  Based on a reasonable search for responsive information to date, the initial response was complete.

      4.     Interrogatory Nos. 8(b-h): Plaintiff mischaracterizes Defendant's response to Interrogatory No. 8 (b-h). Although Defendant objected to this Interrogatory as exceeding the 25 interrogatory limit, Defendant nevertheless responded to Interrogatory No. 8 (b-h) and its seven discrete subparts by referring Plaintiff to the documents produced to Plaintiff. See Response to Interrog. No. 8(a) and Bates No. 29-63. Rule 33(d) permits Defendant to respond to an interrogatory by referring Plaintiff to existing documents. See Fed. R. Civ. P. 33(d).

      5.     Interrogatory No. 9: Plaintiff mischaracterizes Defendant's response to Interrogatory No. 9. Although Defendant objected to this Interrogatory as exceeding the 25 interrogatory limit, Defendant nevertheless responded to Interrogatory No. 9 by referring Plaintiff to Exhibit F2 of the Report of Investigation ("ROI"). Rule 33(d) permits Defendant to respond to an interrogatory by referring Plaintiff to existing documents. See Fed. R. Civ. P. 33(d). Plaintiff should have a copy of the ROI in her possession.

      6.     Interrogatory No. 10(d-e): Plaintiff mischaracterizes Defendant's response to Interrogatory No. 10(d-e). Although Defendant objected to Interrogatory No. 10, with its six discrete subparts, as exceeding the 25 interrogatory limit, Defendant responded to those subparts by referring Plaintiff to Exhibit F2 of the ROI. See Response to Rog. No. 10(a)-(e).

      7.     Interrogatory No. 10(f): Defendant supplements its response by stating: Subject to and without waiving any objections stated in its initial Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents, Defendant refers Plaintiff to an e-mail dated October 18, 2005, from Mr. James Heist to the audit staff

      8.     Interrogatory No. 11: Plaintiff mischaracterizes Defendant's response to Interrogatory No. 11. Although Defendant objected to Interrogatory No. 11, with its three discrete subparts, as exceeding the 25 interrogatory limit, Defendant responded to those subparts by referring Plaintiff to Exhibit F2 of the ROI. See Response to Rog. No. 11(a)-(c).

      9.     Interrogatory No. 12: Defendant stands by its initial Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Based on a reasonable search for responsive information to date, the initial response was complete. See also Bates No. 64-97.

**B.**    **March 15th Letter**

      In this letter, Plaintiff complains that no documents were produced in response to Requests No. 3 and No. 16.

      1.     Request No. 3: On March 27, 2006, pursuant to Fed. R. Civ. P. 26(e), Defendant supplemented its response to this Request by producing documents with the following bates number: 2849-2966.

      2.     Request No. 16.: Defendant stands by its initial Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Based on a reasonable search for responsive documents to date, Defendant clarifies that there are no responsive

documents.

    Please do not hesitate to contact me if you have any questions.

                                Sincerely,
                                KENNETH L. WAINSTEIN
                                United States Attorney

                By    //s//
                                John C. Truong
                                Assistant United States Attorney