**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SAUNDRA G. ELION,**      ) | |
|                      ) | |
|        **Plaintiff,**      ) | |
|                      ) | |
|      **v.**               ) | **Civ. Action No. 05-0992 (PLF)** |
|                      ) | |
| **ALPHONSO R. JACKSON,**      ) | |
|  **Secretary Of Housing And**      ) | |
|  **Urban Development,**      ) | |
|                      ) | |
|        **Defendant.**      ) | |

**PLAINTIFF'S FIFTH MOTION IN LIMINE**
**(Testimony By Undisclosed Witnesses And Evidence of Treatment of Women and**
**Minorities After and Unrelated to Employment Actions At Issue)**

Plaintiff to the above action respectfully moves the Court, pursuant to Rules 7 and 37, Fed. R. Civ. P., to preclude defendant from calling Sharelle Higgins, Brenda Patterson, and Joan Hobbs as witnesses at the upcoming trial; and from offering evidence about defendant's treatment of women and minorities after and unrelated to the employment actions at issue in this case.

The grounds in support of this Motion are explained in the accompanying Memorandum of Points and Authorities, to which the Court is respectfully referred.

Counsel for plaintiff has advised opposing counsel about this Motion, who has stated that it will be opposed.

A proposed Order to this effect accompanies this Motion.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100

_____//s//_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAUNDRA G. ELION,              )
                               )
        Plaintiff,             )
                               )
   v.                          )        Civ. Action No. 05-0992 (PLF)
                               )
ALPHONSO R. JACKSON,           )
  Secretary Of Housing And     )
  Urban Development,           )
                               )
        Defendant.             )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
PLAINTIFF'S FIFTH MOTION IN LIMINE
(Testimony By Undisclosed Witnesses And Evidence of Treatment of Women and
Minorities After and Unrelated to Employment Actions At Issue)

PRELIMINARY STATEMENT

Ms. Elion's singular status in the Office of Inspector General ("OIG") of the Department

of Housing and Urban Development ("HUD") has never been disputed.

> I was the only African American woman in HUD OIG to hold positions as the
> Director of a Headquarters audit Division or as a Regional or District Inspector
> General since OIG's creation in 1979, until well after the Complaint here was
> filed, and one of only four African Americans in total to hold such a position.
> The Headquarters Audits Division was the first and only audit office at an
> equivalent level in HUD OIG ever composed entirely of African Americans.

(Elion SJ Decl., ¶6[1]).  Neither has there been any doubt that when defendant abolished the

Headquarters Audits Division, Ms. Elion and her Assistant, Donna Hawkins "were the only

---

[1]    Ms. Elion's Declaration accompanied Plaintiff's Opposition to Defendant's Motion for
Summary Judgment and is Attachment #3 to Docket Entry No. 37.  It has not been filed again
with this Motion.

1

African-American female" audit "managers" in OIG Headquarters in Washington, D.C. (Am. Cplt./Answer, ¶35).

To counter this powerful evidence that disbanding plaintiff's former Division was discriminatory[2], defendant has identified three witnesses to attest to its supposedly nondiscriminatory treatment of minorities and women.  One, Sharelle Higgins, an African American female appointed to head HUD OIG's personnel policy after defendant abolished the Headquarters Audits Division, is apparently slated to testify about "her progression with the federal government" and unspecified "human resources matters" (Jt. PT St. at 17).  The second, Brenda Patterson, is an African American female auditor who was appointed to head a Headquarters Division after the employment actions underlying this suit occurred (Id. at 18).  The third, Joan Hobbs, is a Caucasian female and former subordinate of plaintiff's, who defendant intends to have testify about how "HUD OIG within the Office of Audit treats its female employees," and her "personal knowledge and experience as a subordinate of Plaintiff" three years before the employment actions at issue (Id.).[3]

Courts have repeatedly held that a defendant's purported "achievements" in the treatment of women and minorities "are irrelevant" when they occur "after" the employment actions at issue in a case.  Townsend v. Washington Metropolitan Area Transit Authority, 746 F.Supp. 178, 186, n.8 (D.D.C. 1990) (emphasis in original).  Therefore, Ms. Higgins and Ms. Patterson cannot

---

[2]     Ms. Hawkins' treatment is also evidence of defendant's retaliation toward Ms. Elion. Like Ms. Elion, Ms. Hawkins had also filed an EEO complaint before their Division was abolished (Am. Cplt./Answer, ¶7).

[3]     Due to the brief amount of time between defendant's identification of these witnesses and the time for submissions of motions in limine, it was not possible to obtain a declaration from plaintiff attesting to the positions held by these witnesses when defendant abolished the Headquarters Audits Division.  Counsel for plaintiff has conferred in detail with plaintiff about these matters and has been assured that the factual assertions in this Motion are correct.

testify about their treatment as African American women or about OIG's treatment of African Americans or women after it disbanded the Headquarters Audits Division.

Subordinate employees like Ms. Hobbs are also barred from testifying about the actions of supervisors, because it "is the perception of the decisionmaker which is relevant," not their. Waterhouse v. District of Columbia, 124 F.Supp.2d 1, 5 (D.D.C. 2000). Although one facet of Ms. Hobbs' testimony– about her appointment as a supervisory auditor in California before the actions at issue in this case[4] – might be relevant as to the issue of defendant's treatment of women, there is a second ground for excluding her which applies equally to Ms. Higgins and Ms. Patterson.

Defendant never identified Ms. Higgins, Ms. Patterson, or Ms. Hobbs as witnesses in their Defendant's Initial Disclosures. They must, therefore, be excluded as witnesses, in accordance with Rule 37, Fed. R. Civ. P.[5] E.g., Yeti By Molly LTD v. Deckers Outdoor Corporation, 259 F.3d 1101, 1107 (9th Cir. 2001). For this independent reason, defendant cannot call any of the three at trial.

---

[4]    See n.3, supra.

[5]    The parties' earlier uncertainty surrounding the disclosure and production of the e-mail from Deputy Inspector General Stephens of April 4, 2004, which led to reconsideration of the Court's Order of exclusion of September 9, 2006, 2006 WL 2583694 (D.D.C.). In order to prevent a recurrence of this problem, counsel for plaintiff contacted confirmed with defendant's counsel that defendant had not disclosed Ms. Higgins, Ms. Patterson, or Ms. Hobbs. If defendant's counsel later determines that these individuals were disclosed, plaintiff will advise the Court.

## ARGUMENT

## DEFENDANT'S UNDISCLOSED WITNESSES AND EVIDENCE ABOUT ITS TREATMENT OF WOMEN AND MINORITIES AFTER AND UNRELATED TO THE EMPLOYMENT ACTIONS AT ISSUE IN THIS CASE <u>MUST BE EXCLUDED FROM THE RECORD</u>

**I.     Defendant's Failure To Disclose Ms. Higgins, Ms. Patterson, and Ms. Hobbs <u>Precludes Them From Being Called As Witnesses</u>**

Defendant did not identify Ms. Higgins, Ms. Patterson, or Ms. Hobbs in its Initial Disclosures (Att. A).  In no uncertain terms, Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that exclusion of evidence is the "self-executing sanction for" defendant's "failure to make a disclosure" of these witnesses.  Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 691 (1993).

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

<u>Id</u>.  "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." <u>Yeti By Molly LTD v. Deckers Outdoor Corporation</u>, 259 F.3d 1101, 1107 (9th Cir. 2001); <u>accord</u> <u>Wilson v. Bradlees of New England</u>, 250 F.3d 10 (1st Cir. 2001); <u>Heidtman v. El Paso</u>, 171 F.3d 1038 (5th Cir. 1999); <u>Klonoski v. Mahlad</u>, 156 F.3d 255 (1st Cir. 1998); <u>Coles v. Perry</u>, 217 F.R.D. 1, 6 (Facciola, J.).  Defendants' failure to identify these witnesses, all of whom are in its employ, cannot possibly be substantially justified.  Without doubt, that failure prejudiced plaintiff by depriving her of the opportunity to inquire about their treatment by

defendant; to take their depositions if necessary; and to develop evidence needed to rebut their testimony.  Accordingly, none of them may be called as witnesses at trial.[6]

## II.    Evidence Of Defendant's Treatment Of Women and Minorities After The Employment Actions At Issue Here Is Inadmissible

The testimony of Ms. Higgins and Ms. Patterson is apparently targeted to negate evidence about plaintiff's status as the only African American female audit manager in HUD OIG.  Ms. Hobbs was a non-supervisory staff auditor and Ms. Higgins a non-supervisory staff specialist when defendant disbanded the Headquarters Audits Division on April 21, 2004.[7] Therefore, their testimony is not relevant.  Bishopp v. District of Columbia, 788 F.2d 781, 788 (D.C. Cir. 1986); Parham v. Southwestern Bell Telephone Co., 433 F.2d 421, 426 (8th Cir. 1970); Townsend, supra, 746 F.Supp. at 186, n.8. Ms. Hobbs was a staff auditor under plaintiff's supervision at least three years before the employment actions at issue in this case.  For this reason, in combination with defendant's failure to disclose her as a witness, defendant is also barred from calling her to testify.  Id.; Yeti By Molly, supra, 259 F.3d at 1107.

---

[6]    See n.5, supra.
[7]    See n.3, supra.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully moves the Court to preclude defendant from calling Sharelle Higgins, Brenda Patterson, and Joan Hobbs as witnesses at the upcoming trial; and from offering evidence about its treatment of women and minorities after and unrelated to the employment actions at issue in this case.


Respectfully submitted,



_____//s//_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100



_____//s//_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for Plaintiff