# Robert C. Seldon & Associates, P.C.

*Attorneys-At-Law*
*1319 F Street, N.W., Suite 200*
*Washington, DC 20004*
*202-393-8200 · fax: 202-318-2287*

---

February 15, 2006

**VIA E-MAIL**
AUSA John C. Truong
Office of the U.S. Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Bryan Howell, Esq.
Counsel to the Inspector General
Department of Housing and Urban Development
451 Seventh Street, SW
Washington, D.C. 20410

       Re:    <u>Elion v. Jackson, Civ. Action No. 05-0992 (PLF)</u>

Dear John and Bryan:

      John informed me yesterday that defendant would be moving to quash the subpoena issued to Rick Johnson. John was so hurried that he did not give me the chance to explain why Rick was subpoenaed or that his testimony would be very short. I thought a brief letter of explanation would help.[1]

      Plaintiff's written discovery sought documents and explanatory information about a number of subjects central to this case; among them the need to reassign plaintiff's staff to other divisions in the Office of Audit; the budget and number of budgeted positions for auditors in the Office of Audit; plaintiff' seniority among managers in the headquarters Office of Audit; and the

---

[1]    Please explain to Rick that I was sorry that I had to serve him at home. Unfortunately, throughout this case, including on the record at depositions, John repeatedly stated that the U.S. Attorneys Office was not authorized to and would not accept service of subpoenas for HUD OIG officials. This is not the uniform position taken in the Civil Division, but it left me no choice.


GOVERNMENT EXHIBIT A

AUSA John Truong
Bryan Howell, Esq.
February 15, 2008
Page 2

identities of any personnel or human resources specialists involved in the decision to abolish plaintiff's former division. Rick was the official who defendant selected to verify its answers.[2]

Rick would be called, as you can see, to explain the answers and documents given by defendant in response to plaintiff's written discovery. He will not be asked about legal advice that he rendered to anyone at OIG, or anything privileged that he conveyed or was conveyed to him in connection with providing legal advice. His testimony will be short and limited to defendant's responses to plaintiff's written discovery, which defendant chose him to verify.

The U.S. Attorney's Office has never required a plaintiff in an employment case to provide information contemplated by Touhy v. Ragen, 340 U.S. 462 (1951). This letter, nonetheless, should provide all of the information required by Touhy and Department of Housing and Urban Development regulations, 24 C.F.R. §2004.21. If there is anything else that is needed, or other assurances that we can provide about the scope of Rick's testimony, please feel free to ask me. I will also be glad to discuss this at the upcoming pre-trial conference with Judge Friedman.

Very truly yours,

Robert C. Seldon

Cc:   Saundra G. Elion

---

[2] In so doing, Rick swore under penalty of perjury that defendant's discovery responses "are substantially correct and true and accurate to the best of my knowledge, information and belief. The source of my information and the grounds for my belief are my personal knowledge, my personal discussions and questioning of the principal witnesses in the case, information provided by our servicing personnel office ... and officials within the OIG, and the Department, and the official files and records available to me."