IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAUNDRA ELION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0992 (PLF) |
| | ) | |
| ALPHONSO R. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO QUASH OR IN
THE ALTERNATIVE MOTION *IN LIMINE***

Defendant files this motion to quash the subpoena served upon former agency counsel in this matter or in the alternative a motion *in limine* in advance of the trial of this case, currently scheduled for March 3, 2008. For the reasons set forth in the attached Memorandum of Points and Authorities, Defendant moves the Court to exclude testimony from Mr. Richard Johnson, the Deputy Counsel to the Inspector General.

Pursuant to Local Rule 7(m), the parties conferred and Plaintiff opposes this Motion.

Dated: February 20, 2008.                    Respectfully Submitted,

                              /s/   Jeffrey A. Taylor
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                   United States Attorney


                              /s/   Rudolph Contreras
                              RUDOLPH CONTRERAS, D.C. BAR #434122
                              Assistant United States Attorney

1

          /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0992 (PLF) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO QUASH OR
IN THE ALTERNATIVE MOTION *IN LIMINE***

**I.   Introduction.**

Plaintiff, Saundra Elion, a Federal employee, brings suit against Defendant Department of Housing and Urban Development (HUD), alleging that Defendant discriminated against her on the basis of her race, sex, and age, and in reprisal in violation of Title VII and the ADEA, when Defendant disbanded her Headquarters Audit Division and reassigned her to a nonsupervisory position in April 2004.   Trial is scheduled for March 3, 2008.

As part of Plaintiff's case in chief, Plaintiff recently issued a subpoena to call Mr. Richard Johnson to testify at trial.  Mr. Johnson is an attorney in Defendant's Office of Legal Counsel.  Plaintiff ostensibly seeks Mr. Johnson's testimony to "explain answers and documents given by defendant in response to plaintiff's written discovery." *See* Feb. 15, 2008 Letter from Seldon (Gov. Exh. A).  This is nothing short of an attempt to raise questions about the propriety or appropriateness of Defendant's responses to Plaintiff's written discovery on the eve of trial.

1

The deadline for fact discovery was on October 16, 2006.  *See* Sept. 16, 2006 Minute Order.  At this late stage of the litigation, Plaintiff should not be allowed to challenge Defendant's discovery responses – in front of a jury – to prolong the trial and distract the jury from the merit of this case.

Furthermore, despite Plaintiff's insistence otherwise, it is expected that questions posed to Mr. Johnson at trial will inevitably solicit responses protected from disclosure under the work-product doctrine or attorney-client communication privilege.  For these reasons and those elaborated below, the Court should quash the subpoena issued to Mr. Johnson and preclude Plaintiff from calling Mr. Johnson to testify at trial.

**II.    Background.**

Most relevant facts are discussed at length in the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment and Reply Brief in Support of Defendant's Motion for Summary Judgment, and therefore will not be repeated in detail here.

On Friday February 15, 2008, Plaintiff states in the Joint Pretrial Statement that she will call Deputy Counsel to the Inspector General Richard K. Johnson, Esq. ("Mr. Johnson") to testify as a witness at trial. This is Plaintiff's first indication that she seeks trial testimony from Mr. Johnson, who was never deposed.  Plaintiff did not list Mr. Johnson on her Initial Disclosures or supplement her disclosures subsequent to learning of Mr. Johnson's role in Defendant's discovery responses.  Mr. Johnson is an attorney within Defendant's Office of Legal Counsel, and provided confidential legal advice to various agency clients at all times relevant to this lawsuit.  He also drafted Defendant's early discovery responses.  Mr. Johnson had no involvement in the actions underlying this suit other than to provide legal advice.  Mr. Johnson is currently on active duty with the United States Air Force, and is anticipated to return to full-time

2

employment with Defendant during April 2008.  He was served while on duty at the Pentagon on February 11, 2008.

**III.   Argument**

      **A.   Plaintiff Failed To Timely Identify Mr. Johnson As A Witness.**

Plaintiff waived her right to call Mr. Johnson as witness to testify at trial. Specifically, Plaintiff failed to list Mr. Johnson on her Initial Disclosures.  Furthermore, even after learning that Mr. Johnson verified Defendant's discovery responses, Plaintiff failed to supplement her Initial Disclosures, under Fed. R. Civ. P. 26(e), to include him as a witness for trial.  Plaintiff has a continuing to duty to supplement her disclosures.  *See* 6 *Moore's Federal Practice*, § 26.131[3] (Matthew Bender 3d ed.).  Failure to do so is subject to sanction.  *Id*. at § 26.132[1] -[2].  Plaintiff has not provided any justification for not identifying Mr. Johnson until this late in the game.  Under these facts, the Court should exclude Mr. Johnson as a witness at trial.  *See* 6 *Moore's Federal Practice*, § 26.132[2]

      **B.   Plaintiff Is Attempting To Question The Appropriateness Of Defendant's Fact Discovery On the Eve of Trial.**

On February 15, 2008, two weeks before trial, Plaintiff seeks the testimony of Mr. Johnson (an agency counsel) to testify in front of the jury about "the significance of certain documents produced by defendant and certain of its discovery responses."  *See* Joint Pretrial Statement at 15 (Dkt. No. 56).  Plaintiff further confirmed in a February 15th letter that she seeks Mr. Johnson's testimony in front of the jury "to explain the answers and documents given by defendant in response to plaintiff's written discovery."  *See* Feb. 15, 2008 Letter from Seldon (Gov. Exh. A.).  Plaintiff, however, has neither identified the specific documents nor the interrogatory responses for which she needs further explanations.

3

Based on Plaintiff's Pretrial Statement and correspondence, it appears that Plaintiff seeks to question the completeness or appropriateness of Defendant's responses to Plaintiff's written discovery by questioning Mr. Johnson in front of the jury. The time for this type of inquisition ended 16 months ago, when the discovery period closed on October 6, 2006. *See* Sept. 16, 2006 Minute Order. To the extent that Plaintiff wanted to find out "the significance of certain documents" and "certain of [Defendant's] discovery responses", Plaintiff had plenty of opportunities to seek further clarification about "the significance" of Defendant's responses and documents 16 months ago, before fact discovery ended in October 2006. Defendant last produced documents and interrogatory responses in July 2006, three months before fact discovery closed (*see* Gov. Exh. B), but Plaintiff simply failed to ask Defendant "to explain the answers and documents given by defendant" until now. *See* Feb. 15, 2008 Letter from Seldon. At any time prior to October 6, 2006, or shortly thereafter, Plaintiff could have asked Defendant "to explain" about the discovery responses and documents or seek further information on the "significance" of these responses. Plaintiff chose not to do so and so she has waived her right to raise discovery issues now, 16 months after the discovery deadline.

More egregiously, even at this late stage, Plaintiff fails to specify what documents or discovery responses that she needs Mr. Johnson "to explain" at trial. Indeed, to the extent that Plaintiff is concerned about the authenticity of Defendant's documents, for example, counsel for the parties could confer and Defendant would entertain any request to stipulate to the document's authenticity or accuracy, without calling Mr. Johnson to testify in front of a jury on such a collateral issue. Moreover, neither Plaintiff's Pretrial Statement nor her February 15th letter explained how Mr. Johnson's testimony on the "significance" of Defendant's responses to her written discovery is even relevant to the merits of her case. Indeed, without more, Mr. Johnson's

4

testimony is utterly irrelevant to the issues being tried before the jury (Title VII claims) and to the Court (ADEA claims).

Furthermore, despite Plaintiff's suggestion that Mr. Johnson's testimony "will be short and limited" (see Feb. 15th letter), it would be a waste of both the Court's and jury's time to have Mr. Johnson explain on the witness stand the "significance" of certain documents or responses. Plaintiff even suggests that Mr. Johnson's "direct testimony is 10 minutes." *See* Joint Pretrial Statement at 15 (Dkt. No. 56); however, it certainly will take more than "10 minutes" just to establish the foundation of Mr. Johnson's knowledge and to go through his background. Depending on Mr. Johnson's direct testimony, counsel for Defendant will spend additional time on cross examination. In short, Mr. Johnson's testimony on the "significance" of Defendant's discovery responses is just a waste of time for the Court and the jury.

Under these circumstances, the Court should quash the subpoena issued to Mr. Johnson and preclude Plaintiff from calling Mr. Johnson to testify at trial.

    **C.**      **Mr. Johnson's Testimony Is Protected By The Attorney-Client Privilege And/Or the Attorney Work-Product Doctrine, and Must Therefore Be Excluded.**

Mr. Johnson's testimony should also be excluded because it is protected by the attorney-client privilege and/or the attorney work-product doctrine. To force Mr. Johnson to testify would risk divulging confidential communications in which he participated solely in his role as an agency attorney providing legal advice, and would gravely threaten the integrity and quality of Defendant's representation by counsel by compelling Mr. Johnson to expound upon his generation of work product prepared in connection with the litigation of this matter.

It is well settled that "the attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449

5

U.S. 383, 389 (1981); Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 862 (D.C. Cir. 1980). This privilege applies identically to agency counsel just as it would to any other attorney. Coastal States Gas Corp., 617 F.2d at 863; Mead Data Central, Inc. v. United States Air Force, 566 F.2d 242, 253 (D.C. Cir. 1977); National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132, 154 (1974); Coastal Corp. v. Duncan, 86 F.R.D. 514, 520 (D.Del. 1980); see also, In re Sealed Case, 737 F.2d 94, 99 (D.C. Cir. 1984) (status as in-house counsel does not, in itself, dilute the attorney-client privilege); Upjohn Co., 449 U.S. at 394-95 (attorney-client privilege extends to corporate in-house counsel). Accordingly, confidential communications between an agency counsel and his client are protected from disclosure against the client's wishes.

The Supreme Court made clear in Upjohn that the attorney-client privilege's underlying rationale is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice. The privilege recognizes that sound legal advice or advocacy depends on the lawyer's being fully informed by the client." 449 U.S. at 389. Additionally, the Supreme Court has acknowledged that, "as a practical matter, if the client knows that damaging information could more readily be obtained from the attorney following disclosure than from himself in the absence of disclosure, the client would be reluctant to confide in his lawyer and it would be difficult to obtain informed legal advice." Fisher v. United States, 425 U.S. 391, 403 (1975); Mead Data Central, 566 F.2d at 252. Similarly, when consulting with agency counsel, "the Government is dealing with its attorneys as would any other private party seeking advice to protect personal interests and needs the same assurance of confidentiality so it will not be deterred from full and frank communications with its counselors." Coastal States Gas Corp., 617 F.2d at 863.

In the Joint Pretrial Statement, Plaintiff states that she seeks Mr. Johnson's testimony "to explain the significance of certain documents produced by [the OIG] and certain of its discovery responses." All such testimony would necessarily concern information falling within the attorney-client privilege and is therefore protected. As Deputy Counsel to the Inspector General, Mr. Johnson provided legal advice in support of many decisions at issue in this litigation. Thus, any relevant knowledge he gathered regarding Plaintiff's claims would have been obtained solely in his role of providing legal advice. This very Court has afforded protection to agency counsel communications under identical circumstances. See Direct Response Consulting Service v. IRS, 1995 WL 623282 (D.D.C. 1995) (Urbina, J.) (protecting as attorney client communications seeking and providing of legal advice by agency attorneys). To force Mr. Johnson (and other similarly situated attorneys in the future) to testify in this matter would do violence to the privilege's purpose, which is to encourage full and frank discussions between clients and counsel to ensure that clients can make legally informed decisions. Doing so would surely discourage agency clients from seeking internal legal advice, with the undesirable result that they will make legally uninformed decisions. Alternatively, they may seek legal advice from outside counsel, raising the transactional costs of all activity at the expense of the taxpayer. In either scenario, forcing Mr. Johnson to testify as Plaintiff desires would do harm to the administration of justice and should therefore be avoided.

Further, it is not the obligation of a party to "to explain the significance of certain documents produced by [the OIG] and certain of its discovery responses." Ostensibly Plaintiff, through counsel, had some legitimate rationale for requesting the discovery responses and the production of documents for which she now seeks an explanation. It is for Plaintiff and her counsel to determine the significance of the documents or discovery responses. At no time has

7

Plaintiff requested any such explanation of any of the witnesses who have been deposed or in any follow-up discovery. Seeking to do so through Defendants former counsel is totally improper.

Plaintiff's attempt to wring privileged information from Mr. Johnson concerning discovery responses he prepared and documents he produced may also afoul of the work-product doctrine, which protects documents prepared in contemplation of litigation. Coastal States Gas Corp., 617 F.2d at 864; see also Federal Rule of Civil Procedure 26(b)(3). The doctrine is designed to provide attorneys with a "'zone of privacy' within which to think, plan, weigh facts and evidence, candidly evaluate a client's case, and prepare legal theories." Id. Allowing opposing counsel to probe the content or generation of such work product undermines Defendant's representation by counsel, by discouraging such work product from being committed to paper, and thereby threatening the integrity of the trial process. Id. Therefore, Defendant asks that Mr. Johnson's testimony be excluded on this additional basis.

**IV.     Conclusion**

For the foregoing reasons, the Court should grant Defendant's Motion to Quash or, in the alternative Motion *in Limine*, and exclude Johnson's testimony in its entirety.

Dated: February 20, 2008.                     Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0992 (PLF) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER GRANTING DEFENDANT'S MOTION TO QUASH**

**OR IN THE ALTERNATIVE MOTION *IN LIMINE***

Upon consideration of Defendant's Motion to Quash or in the Alternative Motion *in Limine*, Plaintiff's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2008,

ORDERED that Defendant's Motion to Quash or, in the alternative, Motion *in Limine* be and is hereby GRANTED; it is

ORDERED  that Plaintiff be and is hereby excluded from offering testimony from Richard K. Johnson.

SO ORDERED.

_____
U.S. District Judge