UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAUNDRA G. ELION, )
)
        Plaintiff, )
)
v. ) Civil Action No. 05-0992 (PLF)
)
ALPHONSO R. JACKSON, Secretary of )
Housing and Urban Development )
)
        Defendant. )
)

## VOIR DIRE

## STATEMENT OF THE CASE

      The plaintiff in this action is Saundra G. Elion, an African American woman who engaged in protected EEO activity between December of 2002 and March of 2003. Ms. Elion is employed by the Office of Audit of the Office of Inspector General ("OIG") of the Department of Housing and Urban Development ("HUD"). This organization is known as HUD OIG or OIG. During the events underlying this litigation, Ms. Elion was the Director of the HUD OIG Headquarters Audits Division in Washington, D.C. The actions at issue were taken by senior management of HUD OIG; the Secretary of Housing and Urban Development is the defendant in name only.

      Ms. Elion claims that HUD OIG discriminated against her on account of her race and her sex, and retaliated against her because of her use of its administrative discrimination complaints process, when senior management of HUD OIG removed her from her position as the Director of the Headquarters Audits Division on April 21, 2004, disbanded her former Division,

1



relieved her of management duties, and/or reassigned her involuntarily to a materially less desirable position.

HUD OIG denies Ms. Elion's allegations and asserts that it took these employment actions for legitimate reasons without regard to Ms. Elion's race or sex and without regard to Ms. Elion's prior use of the HUD OIG administrative discrimination complaints process. HUD OIG also claims that even if it did discriminate or retaliate against Ms. Elion, it still would have taken the same employment actions toward Ms. Elion.

The case arises under Title VII of the Civil Rights Act, a federal law which prohibits employers, including agencies of the federal government, from discriminating against employees on account of their race or their sex and from retaliating against employees for using a federal agency's administrative discrimination complaints process.

As the plaintiff, Ms. Elion bears the burden of proving by a preponderance of the evidence that her race or her sex or her use of the HUD OIG administrative discrimination complaints process was one of HUD OIG's motivating factors, but not necessarily the sole motivating factor, in taking one or more employment actions toward her. As the defendant, HUD OIG bears the burden of proving by a preponderance of evidence that if discrimination or retaliation against Ms. Elion was one of its motivating factors, even if not its only motivating factor, it still would have taken the same employment actions toward Ms. Elion.

## VOIR DIRE QUESTIONS

1. Based on this brief description, do any of you know or know of the plaintiff, Saundra Elion, or have any prior knowledge of this case?

2

2. As I said, for practical purposes, the defendant in this case is the Office of Inspector General of the Department of Housing and Urban Development ("HUD OIG"), and the case concerns an agency of the federal government. Do any of you work for or have family or close friends who work or did work for the Department of Housing and Urban Development, or the federal government.

3. Ms. Elion is represented by Robert C. Seldon. Mr. Seldon's law firm is here in Washington, D.C., and is known as Robert C. Seldon & Associates. He will be assisted by Molly E. Buie, an attorney with his firm. Do any of you know or know of Mr. Seldon, his firm, or Ms. Buie?

4. HUD OIG is represented by Assistant U.S. Attorneys John C. Truong and Heather Graham-Oliver and Deputy HUD OIG Counsel Bryan Howell. Do any of you know or know of Mr. Truong, Ms. Grahma-Oliver, or Mr. Howell or have any relationship with the U.S. Attorneys' Office, the HUD OIG Counsel's Office, or the HUD Office of General Counsel?

5. Have any of you seen any negative ad campaigns or heard negative public statements about plaintiffs' lawyers?

6. Have any of you seen any negative ad campaigns or heard negative public statements about defendants' lawyers?

7. I am Judge Paul L. Friedman. My courtroom clerk is Michelle Moon. My court reporter is Linda Russo. My law clerk is Ryan Spear. Do any of you know any of us?

8. There are a number of individuals who plaintiff may call to testify as witnesses in this case. They are:

XXXXX

Do you know or know of any of these individuals?

3

9. There are a number of individuals who defendant may call to testify as witnesses in this case. They are:

XXXXX

Do you know or know of any of these individuals?

10. There are other individuals whose names you may or may not hear in this case who are not witnesses. I will ask counsel to identify them:

XXXXX

Do you know or know of any of these individuals?

11. Do any of you recognize any of the other potential jurors.

12. This case involves employment or personnel actions by the Department of Housing and Urban Development and HUD OIG. Do any of you work for or have family or close friends who work or have worked in personnel or human resources departments or have experience in the fields of human resources, employment, or personnel?

13. Have you or any close friends or family members ever worked for the federal government?

14. Have you or any close friends or family members ever worked in the field of law enforcement or at a white collar law enforcement agency?

15. Do you, your family members, your close friends, or your close co-workers have any experience with suits or complaints by an employee, former employee, or applicant for employment who claims that he or she was discriminated against on account of his race, color, national origin, religion, or sex, or retaliated against for using a discrimination complaints process?

16. Have you ever been involved in a court or administrative case or an

4

investigation in which you or a close family member or friend claimed to have been discriminated or retaliated against?

17. Have you ever been involved in a court or administrative case or an investigation which alleged that you or a close family member or friend claimed discriminated or retaliated against someone?

18. Do you know whether your employer, religious organization, or other group that you are a part of has any experience with suits or complaints by an employee, former employee, or candidate for employment who claims that he or she was discriminated against or retaliated against?

19. Do any of you have strong opinions about suits involving employment discrimination or retaliation? Do you consider employees who bring cases of this nature to be disgruntled without cause.

20. Have you or any close friends or family members ever been employed as a lawyer, paralegal, legal secretary, or in any other position with a law firm or legal department (whether private or public), or had legal training or legal experience?

21. This case may take all of this week. Do any of you have any pressing personal or professional commitments that would make it a genuine hardship for you to sit as a juror in this case?

22. Do you have any physical or emotional illness or handicap or other problem that would make it difficult for you to serve as a juror in this case?

23. Do you have any reason to believe that you would be unable to listen to, hear, and pay close attention to the witnesses and their testimony, whether given live in the courtroom or shown to you as parts of a video-deposition taken during the case.

5

24. There will be documents that will be entered into evidence in this case. Do you have any reason to believe that you would be unable to see and read the exhibits?

25. Do any of you have any reason to believe that you would be unable to consider all of the evidence that is a part of the record, to follow my rulings about which evidence you may or may not be permitted to consider and to base your decisions as jurors solely on the evidence that is a part of the record and not evidence that has been excluded or is outside the record?

26. It is my responsibility as the Judge to make legal rulings and to give you instructions on the law that you are bound to follow in reaching a verdict. Do you have any reason to believe that you would be unable to adhere to all of my instructions on the law and rulings on evidence?

27. Have you ever filed a lawsuit or been a party or a witness in a case in court or before an administrative body? If so:

    a. What kind of case was it, civil, criminal, or administrative.

    b. What were the issues.

    c. What was the outcome.

    d. Were you satisfied with your treatment and participation as a party.

    e. Did you believe the outcome was fair.

    f. Do you have any reason to believe that having been a party in a case before would make you unable to be fair and impartial as a juror in this case.

28. Have you ever been a juror in court, in either a civil or a criminal case? If so:

    a. What kind of case was it, civil or criminal.

6

      b.      What were the issues.

      c.      What was the outcome.

      d.      Were you satisfied with your treatment and service as a juror.

      e.      Did you believe the outcome was fair,

      f.      Do you have any reason to believe that having been a juror before would make you unable to be fair and impartial as a juror in this case.

29. Have you ever had your deposition or a written statement taken in a case? If so:

      a.      What kind of case was it, civil, criminal, or administrative.

      b.      Were you satisfied with your treatment.

      c.      Do you have any reason to believe that having deposed or giving a written statement would make you unable to be fair and impartial as a juror in this case.

30. Is there any reason, not covered by any of the previous questions, why you do not believe you could render a fair verdict in this case based solely on the evidence submitted and the law as the Court instructs you without regard to passion, bias, prejudice, or sympathy?