THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 05-0992 (PLF) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary of the | ) |
| U.S. Dept. of Housing and | ) |
| Urban Development, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

**DEFENDANT'S MEMORANDUM OF LAW**
**REGARDING "MIXED MOTIVE"**

Defendant respectfully submits this Memorandum discussing the "mixed motive" analysis that applies in this case.[1]

**INTRODUCTION**

Plaintiff Saundra Elion brings claims of sex and race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-16.[2] Defendant denies any discrimination or retaliation. In the alternative, Defendant intends to assert, at trial, a "mixed motive" position. In other words, Defendant intends to argue that, even in the absence of discrimination or retaliation, Defendant "would have taken the same action." See Desert Palace,

---

[1] Although the Court does not need to resolve this issue before trial, Defendant raises this issue now so that the Court can have sufficient time to consider the issue. If necessary, Defendant intends raise this issue after the close of all of the evidence and after Defendant's Rule 50 motion.

[2] Plaintiff also brings claims of age discrimination and retaliation under the ADEA. However, claims under the ADEA are tried before the Court. See Lehman v. Nakshian, 453 U.S. 156, 160-65 (1981) (no right to trial by jury in age discrimination suits against the federal government).

Inc. v. Costa, 123 S.Ct. 2148, 2151 (2003).

The mixed motive analysis operates differently depending upon whether Plaintiff prevails on her discrimination claim, retaliation claim, or both. Defendant respectfully submits that these differences need to be taken into account in crafting the jury instructions and the verdict form ultimately used in this case.

## DISCUSSION

### I.   Defendant Intends To Rely On "Mixed Motive" With Respect to Plaintiff's Alleged Discriminatory Reassignment.

Plaintiff claims that Defendant discriminated against her based on her sex and race and retaliated against for her prior EEO complaint when Defendant disbanded the Headquarters Audit Division ("HAD") and reassigned Plaintiff from the position of Director of the HAD to become a Special Assistant to the Assistant Inspector General. Defendant denies that sex and race discrimination or retaliation played a role in these agency actions. In addition, Defendant intends to assert a mixed motive defense with respect these actions.

In the event that the jury disagrees and concludes that sex and racial bias and/or retaliation was a motivating factor in Defendant's decision to disband the HAD and reassign Plaintiff from a supervisory position to a non-supervisory post, Defendant intends to rely on the mixed motive defense. Specifically, Defendant will argue that, in April 2004, the HAD only had five employees, including Plaintiff, her assistant, and three auditors. Due to workload needs and a hiring freeze in April 2004, Defendant transferred the three auditors to the Financial Audits Division to meet an accelerated deadline for submitting the agency's financial audit to the Office of Management and Budget ("OMB"). As a result, there were only two employees left at the HAD – Plaintiff and her assistant (Ms. Donna Hawkins). Another division, the Technical

Oversight and Planning Division ("TOP"), also needed additional staff. To meet that need, Defendant transferred Ms. Hawkins to the TOP. In the end, it made business sense to disband the HAD and reassign Plaintiff because she would be the only employee left in the HAD. Plaintiff's new position did not affect her grade, salary or benefits. Accordingly, Plaintiff cannot demonstrate that she was reassigned from the position of Director of the HAD to become a Special Assistant because of discrimination or retaliation. In any event, Defendant maintains that, even in the absence of discrimination or retaliation, Defendant would have taken the same action.

**II.     Mixed Motive Operates Differently Depending Upon Whether Plaintiff Prevails On Her Discrimination Claim Or Retaliation Claim.**

Mixed motive acts as an absolute bar to liability in some circumstances and as a mere limitation on damages in other circumstances. It operates differently depending upon whether the plaintiff prevails on her discrimination claim, retaliation claim, or both. This distinction derives from the language of the Civil Rights Act of 1991, which treats discrimination and retaliation claims differently.

**a. Discrimination claims** -- In Price Waterhouse v. Hopkins, the Supreme Court held that an employer would avoid liability in Title VII actions if it could prove by a preponderance of the evidence that it would have made the same disputed employment decision in the absence of the alleged discrimination. 490 U.S. 228, 258 (1989). In the Civil Rights Act of 1991, Congress "overruled" Price Waterhouse to the extent that Congress determined that such a finding that the employer would have made the same decision would not bar a finding of liability. Rather, in Section 107 of the 1991 Act, Congress reinstated a right to limited relief for discrimination when the complaining party demonstrates that race, color, religion, sex, or

national origin was a motivating factor even though other factors motivated the practice. 42 U.S.C. §§ 2000e-2(m), 2000e-5(g)(2)(B).

42 U.S.C. § 2000e-5(g)(2)(B) now creates a bar to certain aspects of relief in discrimination cases even after liability has been determined. It provides:

> On a claim in which an individual proves a violation under section 2000e-2(m) of this title and [the employer] demonstrates that [it] would have taken the same action in the absence of the impermissible motivating factor, the court –
>
> (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributed only to the pursuit of a claim under section 2000e-2(m) of this title; and
>
> (ii) shall not award damages or issue an order requiring . . . any reinstatement . . . promotion, or payment . . . .

Id. (emphasis original). Thus, even if the jury finds that discrimination was a motivating factor underlying the employer's action, the Court should restrict the available relief if the employer can demonstrate that it would have taken the same action in any event. See Fogg v. Gonzales, 492 F. 3d 447, 451 (D.C. 2007) (citing 42 U.S.C. § 2000e-5(g)(2)(B)) (noting that if defendant demonstrates it would have taken the same action, then the court may grant declaratory or injunctive relief and attorney's fees, but cannot award damages, reinstatement, promotion or payment) . This determination under Section 107 is one relegated to the Court after the jury returns its verdict. Id. at 459 (LeCraft Henderson, J., concurring).

This notion that the Court's consideration of issues of remedy in a Title VII case should occur after and without the participation of the jury is not a new one. Fogg, 492 F.3d at 459 (LeCraft Henderson, J., concurring). Indeed, with regard to the federal defendant, the Court of Appeals has maintained a clear delineation between the jury's finding that discrimination was a

4

motivating factor and its award of compensatory damages on the one hand, and the Court's consideration of equitable remedies on the other.  See Kolstad v. American Dental Association, 108 F.3d 1431 (D.C. Cir. 1997).[3]  Section 107 similarly relegates to the Court the question whether the defendant would have taken the same action in the absence of discrimination as a part of the Court's consideration of relief.  Fogg, 492 F.3d at 458-59. (LeCraft Henderson, J., concurring) (stating that "the 'same action' showing need not be raised until the remedy stage of the proceedings.").

     **b. Retaliation claims** – Although the issue has never been squarely addressed in the D.C. Circuit, other Court of Appeals have held that "mixed motive" operates differently in the retaliation context.  See Porter v. Natsios, 414 F.3d 13, 19 (D.C. Cir. 2005).  Specifically, if the jury finds that the employer would have taken the same action even in the absence of retaliation, then the employer is immune from liability altogether.  This is the Price Waterhouse rule, and it still applies to retaliation claims because the 1991 Act did not affect such claims.

     The seven U.S. Courts of Appeals that have considered the issue have held that, because Congress did not include retaliation in Section 107 of the 1991 Act, the so-called mixed motive analysis remains available to employer-defendants in Title VII retaliation cases.  See Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001) (holding that Price Waterhouse analysis applies to retaliation claims under Title VII); Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (same); Norbeck v. Basin Elec. Power Coop., 215 F.3d 848, 852 (8th Cir. 2000) (same); Kubicko v. Ogeden Logistics Services, 181 F.3d 544, 552 n.7 (4th Cir. 1999) (same); McNutt v. Board of Trustees of the Univ. of Illinois, 141 F.3d 706, 707-09 (7th Cir. 1998) (same); Woodson

---

[3] Rev'd in part on other grounds, 139 F.3d 958 (D.C. Cir. 1998), vacated and remanded, 527 U.S. 536 (1999).

v. Scott Paper Co., 109 F.3d 913, 933-35 (3d Cir.) (same), cert. denied, 522 U.S. 914 (1997); Tanca v. Nordberg, 98 F.3d 680, 682-86 (1st Cir. 1996) (same), cert. denied, 520 U.S. 1119 (1997).  Indeed, no Circuit has ruled to the contrary and the D.C. Circuit has not had an opportunity to pass judgment on this issue.  See Porter, 414 F.3d at 19.

## **CONCLUSION**

As discussed above, the "mixed motive" analysis in this case depends upon whether Plaintiff prevails on her discrimination claim, retaliation claim, or both.  With respect to Plaintiff's race and sex discrimination claims for discriminatory reassignment, mixed motive will come into play only if there is finding of liability by the jury against the Defendant.  If the jury finds that discrimination was a motivating factor underlying Defendant's actions, this Court nevertheless should restrict the relief awarded to Plaintiff if Defendant demonstrates that it would have taken the same actions in any event.

On the other hand, with respect to Plaintiff's retaliation claim, a finding of mixed motive is something that the jury must consider because it goes directly to the question of liability.  Defendant will argue that the agency would have disbanded the HAD and reassigned Plaintiff even if Plaintiff' had not filed a prior EEO complaint.  If the jury agrees, Defendant is immune from liability altogether.

Defendant respectfully submits that these differences need to be taken into account in crafting the jury instructions and the verdict form ultimately used in this case.

Dated: February 21, 2008.                    Respectfully Submitted,

   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant