# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-0992 (PLF) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT'S PROPOSED JURY
## INSTRUCTIONS (CORRECTED VERSION)

## GOVERNMENT EXHIBIT A

**Defendant's Proposed Specialized Jury Instruction No. 1**

**Opening Instructions; Nature of Case**

**(To be presented to the jury at the start of trial.)**

Members of the jury:

You are about to begin the trial of the case about which you heard some details during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

A party who brings a lawsuit is called the plaintiff.   The plaintiff in this case is Saundra Elion.  The party against whom the suit is brought is called the defendant.  In this case, the defendant is Alphonso Jackson, the Secretary of the United States Department of Housing and Urban Development or HUD, an agency of the federal government.  Mr. Jackson is not being sued in hia personal capacity, but rather in his official capacity as the Secretary of HUD.

Ms. Elion claims that the HUD intentionally discriminated against her based on her race and gender in Apriil 2004 when HUD disbanded the Headquarters Audit Division and reassigned from the position as Director of Headquarters Audits Division to become the Special Assistant to the Assistant Inspector General.  Ms. Elion also claims that HUD retaliated against her when it reassigned her.  HUD has denied these allegations.  HUD claims that it dissolved the Headquarter Audit Division and reassigned Ms. Elion because it needed to reallocate resources and employees to meed the agency needs.  Ms. Elion retained her same grade, salary, and benefits even with the reassignment.

By your verdict, you will decide all disputed issues of fact.  I will decide all questions of law that arise during the trial and, before you retire to deliberate at the end of the trial, I will

2

instruct you on the law that you must follow and apply in deciding upon your verdict.

Because you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. Counsel on each side has a duty to object when the other side offers testimony or other evidence that counsel believes is not properly admissible. You should not show prejudice against counsel or the client because counsel has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. In addition, if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of

the matter you are here to resolve and should be patient even though the case may seem to go slowly at times.

**Authority**

Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.01 (5th ed. 2000).

**Defendant's Proposed Specialized Jury Instruction No. 2**

**General Introduction; Province of the Court and Jury**

Members of the Jury:

Now that you have heard the evidence and the arguments of counsel, it is my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by me in these instructions, you are, of course, to be governed by my instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. Both parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Authority**

Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.10 (5th ed. 2000).

**Defendant's Proposed Specialized Jury Instruction No. 3**

**All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in a case, or who may appear to have some knowledge of the matters at issue in a trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Authority**

Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 105.11 (5th ed. 2000).

**Defendant's Proposed Specialized Jury Instruction No. 4**

**Civil Rights Act -- Plaintiff's Claim**

Ms. Elion alleges a claim for intentional sex and race discrimination under the Civil Rights Act.  She also alleges retaliation for filing an EEO complaint in December 2002. Specifically, Ms. Elion claims that HUD intentionally discriminated against her on the basis of her gender and race and retaliated against her in April 2004, when HUD dissolved the Headquarters Audit Division and reassigned her from the position as Director of Headquarters Audits Division to become the Special Assistant to the Assistant Inspector General.

In deciding whether Ms. Elion is entitled to recover for this alleged act of intentional discrimination and retaliation, you must follow the instructions which I will now provide.

**Defendant's Proposed Specialized Jury Instruction No. 5**

**Civil Rights Act -- Right to Make Business Decisions Absent Intentional Discrimination**

The Civil Rights Act is not intended as a vehicle for judicial review of employment decisions that are not the result of intentional racial or gender bias.  Although the Civil Rights Act requires that an employer reach employment decisions without regard to sex and race, it does not require an employer to give special treatment to persons of any particular sex.  An employer has the right to make business decisions -- for example, to assign work, to change an employee's duties, to refuse to assign a particular job, to transfer, or to promote -- for a good reason, bad reason, or no reason at all, absent intentional discrimination.  It is not unlawful for an employer to treat an employee differently because of the employer's view of the employee's capabilities or because of the employer's need to reallocate staff to meet an employer's need.

The law does not make an employer liable just because the employer may have misjudged a situation, an employee's job performance, or made a poor decision.  An employer may act for any reason, whether good or bad, so long as unlawful intentional discrimination is not a motivating factor for the employer's action.

It is not your job in this case to second-guess the wisdom of any employment action affecting Ms. Elion, but rather to determine whether intentional sex and race discrimination was a motivating factor for the employment actions that are at issue.  Even if you personally disagree with any of the employment actions, if intentional sex and race discrimination was not a motivating factor for the actions, then you must return a verdict in favor of the Department of Housing and Urban Development.

**Authority**

Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 259 (1981); Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989) (motivating factor); Davis v. State University of New York, 802 F.2d 638, 641 (2d Cir. 1986) ("The employer need not prove that the person promoted had superior objective qualifications, or that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory."); Banks v. District of Columbia, 498 F. Supp. 2d  228, 236 (D.D.C. 2007) ("Every poor decision and instance of unfair treatment by an employer does not amount to *per se* discrimination.").

Fischbach v. District of Columbia Dep't of Corr., 86 F.3d 1180, 1183 (D.C. Cir.1996) (courts are without authority to second-guess an employer's personnel decision absent demonstrably discriminatory motive); Waterhouse v. District of Columbia, 298 F.3d 989, 995 (D.C. Cir. 2002) (same); Porter v. Natsios, 414 F.3d 13, 20 (D.C. Cir. 2005) (noting that plaintiff must show that impermissible consideration was the motivating factor in the agency's decision).

**Defendant's Proposed Specialized Jury Instruction No. 6**

**Civil Rights Act -- Intentional Sex and Race  Discrimination**

The law prohibits intentional discrimination against an employee because of the employee's sex and race .  In deciding whether HUD intentionally discriminated against Ms. Elion, your job is to determine by the preponderance of the evidence what motivated HUD to make the employment decisions at issue here.   Proof of discriminatory intent is critical in this case.  It is not enough for Ms. Elion to show that the Department of Housing and Urban Development took actions that Ms. Elion did not like or found offensive.  Ms. Elion must show that the Department of Housing and Urban Development took those actions intentionally because of her sex and race .

Discrimination is intentional if it is done voluntarily, deliberately, and willfully. Discriminatory intent may be proved either by direct evidence -- such as statements made by a person whose intent is at issue -- or by circumstantial evidence from which you can infer a person's intent.  Thus, in making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or omitted by a person whose intent is at issue, and all other facts and circumstances that indicate his or her state of mind.  You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Ms. Elion bears the ultimate burden of proving intentional discrimination in violation of the civil rights laws. In other words, HUD is not required to prove that it did not intentionally discriminate.  Instead, Ms. Elion must prove that HUD did intentionally discriminate.  Thus, Ms. Elion bears the burden of persuading you that she was the victim of unlawful intentional discrimination because of her sex and race .

10

**Authority**

Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 171.26 (5th ed. 2001); <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 141 (2000); <u>Holcomb v. Powell</u>, 433 F.3d 889, 896-97 (D.C. Cir. 2006) (quoting <u>Lathram v. Snow</u>, 336 F.3d 1085, 1088 (D.C. Cir. 2003)).

<u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 511 (1993).

**Defendant's Proposed Specialized Jury Instruction No. 7**

**Civil Rights Act -- Intentional Discrimination -- Similarly Situated**

You must determine whether or not HUD treated Ms. Elion differently, as an African-American woman, than it treated white female and male employees who were similarly situated. For two employees to be similarly situated, their situations must be nearly identical in all relevant respects.  In assessing the intentional sex and race  discrimination claim, you should only compare how HUD treated Ms. Elion to how it treated other white female and male employees whose experience, qualifications, physical condition, job responsibilities, and any other relevant factors were nearly identical to Ms. Elion's.  The individuals to whom Ms. Elion seeks to compare herself must have dealt with the same supervisor, been subjected to the same standards, and engaged in the same conduct without circumstances that would distinguish their conduct or their employer's treatment of them for it.

Ms. Elion has the burden of identifying white female and male employees who were similarly situated but who received better treatment at the hands of HUD.  If Ms. Elion has failed to identify white female and male employees who were similarly situated, then Ms. Elion has failed to prove a necessary part of her intentional sex and race  discrimination claim, and you should find that HUD has not committed intentional sex and race  discrimination.

If you find that Ms. Elion has identified male employees who were similarly situated, but she has failed to prove that they received better treatment, then again, you should find that HUD has not committed intentional sex and race  discrimination.

**Authority**

See Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507, 1514 (D.C. Cir. 1995) ("[A]ll relevant aspects of her employment situation were 'nearly identical'" to those outside the protected class.); see also Willingham v. Gonzales, 391 F. Supp. 2d 52, 59 (D.D.C. 2005) (requiring plaintiff to "point to evidence in the record of another employee whose conduct and conditions of employment was sufficiently 'similarly situated in all material respects to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'"); Childs-Pierce v. Utility Workers Union of America, 383 F. Supp. 2d 60, 70 (D.D.C. 2005) (requiring a showing that the relevant aspects of the employment situation are nearly identical (citing Neuren)); Nurriddin v. Goldin, 382 F. Supp. 2d 79, 97 (D.D.C. 2005) ("[T]o be similarly situated, plaintiff must establish that his employment was similar in all relevant regards to those with whom he seeks comparison.").

**Defendant's Proposed Specialized Jury Instruction No. 8**

**Civil Rights Act -- Intentional Discrimination -- Adverse Employment Action**

You are instructed that the burden is on the Plaintiff to show that she suffered an adverse employment action. The Civil Rights Act does not apply and is not intended to apply to every workplace reassignment. An employer's decision that does not have a tangible effect on an employee does not qualify as an adverse action, even if the employee considers it insulting or offensive.

Moreover, changes in duties or working conditions, including transfers, reassignments, or changed in the working conditions that do not have a tangible effect on the terms, conditions or privileges of employment are not adverse actions. Even if an action is contrary to an employee's personal preferences, that does not make it an adverse employment action. However, it is for you to determine whether the reassignment of the Plaintiff in April 2004 to the position of Special Assistant in the Office of Audits was a reassignment to a position with significantly different responsibilities. An employee suffers an adverse employment action if she experiences materially adverse consequences affecting the terms, conditions or privileges of employment such that you find objectively tangible harm. Whether a particular assignment of duties constitutes an adverse action, for purposes of Title VII, is a question for you to determine.

**Authority**

Czekalski v. Peters, 475 F.3d 360, 364-65 (D.C. Cir. 2006); Forkkio v. Powell, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002); Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999); Russell v. Principi, 257 F.3d 815, 818 (D.C. Cir. 2001).

**Defendant's Proposed Specialized Jury Instruction No. 9**

**Retaliation**

It is unlawful for an employer, such as HUD, to subject an employee to a materially adverse action that would dissuade a reasonable employee from participating in protected activity if that action is in retaliation for the fact that the employee opposed any practice made an unlawful employment practice by Title VII, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

Retaliation is a separate claim under Title VII.  Thus, apart from the question whether the agency discriminated against the plaintiff because of her race and gender, you also must address the question of whether the agency illegally retaliated against her.  To prove her claim, plaintiff must establish that: (1) she engaged in a protected activity; (2) HUD took a materially adverse action against her that a reasonable employee would believe was designed to dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) there is a causal link between the adverse action and the protected activity.

In the context of this case, you must determine whether Ms. Elion was retaliated against for her prior Equal Employment Opportunity (EEO) activity when HUD, in April 2004, dissolved the Headquarters Audit Division and reassigned Ms. Elion from a position of  Director of the Headquarters Audit Division to become the Special Assistant to the Assistant Inspector General.

The defendant denies that these decisions were motivated by plaintiff's prior protected activity or by any discrimination, but were instead made for legitimate, non-retaliatory business reasons.  More specifically, HUD has explained that HUD had to reallocate the resources and staff to meet agency business needs.

15

If you believe that defendant was not motivated by retaliation, you must find for the defendant on these claims.  However, you should find for the plaintiff if she has proven by a preponderance of the evidence that defendant was motivated by any retaliatory intent.  The facts that the plaintiff was reassigned and previously had engaged in protected activity, in and of themselves, are insufficient to prove retaliation.

The plaintiff is not required to prove that retaliation was the sole reason for the challenged decisions, or even the primary reason for them.  Rather, the plaintiff need only prove that retaliation played a part in the decisions, even though other reasons may also have motivated them.

On the other hand, the law does not expose an employer to liability merely because the employer may have misjudged the situation or made a personnel decision that was unwise or ill-advised.  An employer may act for any reason, whether good or bad, so long as unlawful discrimination or retaliation is not a motivating factor for the employer's action.  It is not your function in this case to determine whether these decisions were wise or whether HUD should have acted the way it did, but merely to determine whether intentional discrimination or retaliation motivated the decisions in any way.  Thus, even if you personally disagree with HUD's decisions on these issues, if discrimination and retaliation were not motivating factors for the decisions, then you must return a verdict in HUD's favor.

## Authority

42 U.S.C. § 2000e-2(m); Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 171.25 (5th ed.  Supp. 2007); Rochon v. Gonzales, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006); Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2415-16 (2006).

**Defendant's Proposed Specialized Jury Instruction No. 10**

**Civil Rights Act -- Legitimate Nondiscriminatory Reasons for Actions**

You must also decide whether Ms. Elion has proven by a preponderance of the evidence that HUD's reasons for its actions are not the real reasons, but are instead a pretext for intentional discrimination against Ms. Elion on the basis of her sex and race. For Ms. Elion to prevail, it is not enough that you do not believe HUD; you must believe Ms. Elion's explanation of intentional discrimination. If you determine that HUD's stated reasons are not the real reasons, but you also determine that intentional discrimination was not the real reason either, then you must find for HUD and not Ms. Elion. Ms. Elion bears the burden at all times of persuading you that she has been the subject of intentional discrimination. It is not enough for Ms. Elion to prove that events occurred which Ms. Elion considered unsettling or insulting; Ms. Elion must show that those events were the result of intentional discrimination.

**Authority**

St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511, 515, 519 (1993); Porter v. Natsios, 414 F.3d 13, 20 (D.C. Cir. 2005).

17

**Defendant's Proposed Specialized Jury Instruction No. 11**

**Same Action Defense Concerning Retaliation Claims  [IF APPLICABLE]**

If you determine that retaliation was a motivating factor in defendant's decisions, you must determine whether the defendant would have taken the same actions anyway, even without any retaliatory motive.

In the context of this case, if you find that defendant has proven by a preponderance of the evidence that HUD would have disbanded the Headquarters Audit Division and reassigned Ms. Elion to become the Special Assistant to the Assistant Inspector General, even if Ms. Elion had never engaged in any previous EEO activity, you must so state on the verdict form.

**Authority**

42 U.S.C. § 2000e-5(g)(2)(B); Desert Palace, Inc. v. Costa, 539 U.S. 90, 94-95 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228, 242-46 (1989).

**Defendant's Proposed Specialized Jury Instruction No. 12**

**Nominal Damages**

If you find, after considering all the evidence presented, that the Department of Housing and Urban Development violated Ms. Elion's rights but that she suffered no injury as a result of this violation, you may award her "nominal damages."  "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated.  Nominal damages can only be awarded for a token sum, usually one dollar.  It is up to you to determine if Ms. Elion has proven that she has been damaged, and, if so, in what amount.

You would award nominal damages if you concluded that the only injury that Ms. Elion suffered was the deprivation of her rights, without any resulting physical or emotional damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages.  Either Ms. Elion was measurably injured, in which case you must award compensatory damages, or else she was not, in which case you may award nominal damages.


**Authority**

Adapted from 4-77 Modern Federal Jury Instructions-Civil, Instruction 77-6 (Matthew Bender).

**Defendant's Proposed Specialized Jury Instruction No. 13**

**Compensatory Damages**

I am now going to instruct you about how to calculate damages.  The fact that I do so does not in any way mean that I think you should award any damages; that is entirely for you to decide.  I am giving you these instructions solely for your guidance, in the event that you find in favor of Ms. Elion on her claim against the Department of Housing and Urban Development.

If you find after following all of the instructions above that is liable to Ms. Elion for intentional discrimination or retaliation in violation of the Civil Rights Act, then Ms. Elion is eligible to receive compensatory damages.  You must decide the amount of damages on the merits of Ms. Elion's evidence of damages.

You may award money damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-monetary losses, but **only if** you find, by a preponderance of the evidence, that those losses were caused by unlawful acts of intentional discrimination for which HUD is responsible in this lawsuit.  You cannot award Ms. Elion damages for any loss of pay or benefits or to compensate her for any fees she has paid to her attorney.  These matters will be taken care of by the Court.

You may not award Ms. Elion any damages for losses caused by anything other than intentional discrimination for which is responsible in this lawsuit.  Harm to Ms. Elion that is not the result of intentional discrimination by in this case does not entitle her to damages.  Moreover, any conduct by that did not cause harm to Ms. Elion does not entitle her to money damages, even if the conduct was illegal.

Money damages may be awarded only for the injuries that Ms. Elion sustained as a result of the specific actions that you find were motivated by intentional discrimination or retaliation

20

for which you determine that HUD is responsible.  No money damages may be awarded for any other actions, even if those actions may have been adverse to Ms. Elion or Ms. Elion may have complained about them.

During the course of the trial, evidence may have been admitted about events and incidents that are not the subject of Ms. Elion's discrimination claim.  Such evidence was admitted solely for purposes of providing background information to aid you in your evaluation of the events and incidents that are actually at issue regarding the discrimination claim in this case.  Any damages that you award should not be based on injuries that Ms. Elion may have sustained as a result of any of these background events and incidents that are not the subject of the specific claim in this case.

You may not award damages to Ms. Elion for any emotional pain and suffering, inconvenience, mental anguish, and physical stress induced by the prosecution of her claim.  A defendant has the right to defend itself, and therefore a plaintiff may not recover for any emotional pain and suffering, inconvenience, mental anguish, and physical stress caused by bringing, asserting, arguing, or otherwise litigating her claim.

Any money damages that you award must be fair compensation for Ms. Elion's proven injuries, no more and no less.  There is no exact standard for fixing the compensation to be awarded for these intangible elements of damages.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing the amount of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, prejudice, speculation, or guess-work.  On the other hand, the law

21

does not require that a plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You may not award any punitive damages in this case. Thus, you may not base any monetary award on a desire to punish the defendant, to prevent unlawful conduct from being repeated in the future, or to warn other employers not to engage in unlawful conduct. Rather, any monetary award that you make must be calculated solely to provide fair compensation for Ms. Elion's proven injuries caused by unlawful conduct for which the Department of Housing and Urban Development should be held responsible.

### Authority

Adapted from 3C O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 171.90 (5th ed. 2001).; 42 U.S.C. § 1981a(b)(1) (no punitive damage); Stoleson v. United States, 708 F.2d 1217, 1223 (7th Cir. 1983) (noting that to recover damages for litigation-induced stress would frustrate the right that a defendant has to defend himself in court); Knussman v. Maryland, 272 F.3d 625, 642 (4th Cir. 2001) ("Generally speaking, litigation-induced emotional distress is never a compensable element of damages." (citing Stoleson)); Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 79 (1st Cir. 2001) (same); Blakey v. Continental Airlines, Inc., 992 F. Supp. 731, 736 n. 3 (D.N.J. 1998) (noting that plaintiff cannot recover for emotional distress caused by litigation (citing Picogna v. Bd. of Educ., 671 A.2d 1035 (1996))).

**Defendant's Proposed Specialized Jury Instruction No. 14**

**Unanimous Verdict Required; Duty to Deliberate**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

**Authority**

Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 103.50, 106.01 (5th ed. 2000).

**Defendant's Proposed Specialized Jury Instruction No. 15**

**Election of Foreperson; Special Verdict Form**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A special verdict form has been prepared for your convenience. You will take this form to the jury room. You will note that the verdict form contains several questions. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided at the end of each question. As you will note from the instructions in the verdict form, depending on how you answer a question, it may or may not be necessary to answer the next question. Follow the instructions provided. The foreperson will then date and sign the special verdict form as so completed; and you will then return with it to the courtroom.

**Authority**

Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.50 (5th ed. 2000).

24

**Defendant's Proposed Specialized Jury Instruction No. 16**

**Jury's Responsibility**

It is proper to add the caution that nothing said in these instructions and nothing in the special verdict form is meant to suggest or convey in any way or manner my belief as to what verdict I think you should return.  What the verdict shall be is your sole and exclusive duty and responsibility.

**Authority**

Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 106.07 (5th ed. 2000).

**Defendant's Proposed Specialized Jury Instruction No. 17**

**Sympathy**

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

**Authority**

Adapted from 4-77 <u>Modern Federal Jury Instructions-Civil</u>, Instruction 77-10 (Matthew Bender).

26

**Defendant's Proposed Specialized Jury Instruction No. 18**

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary to communicate with me, you may send a note by a marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching the merits of this case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the marshal that he or she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Authority**

Adapted from 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 106.08 (5th ed. 2000).

Dated: February 20, 2008.                    Respectfully Submitted,


                                    ___/s/   Jeffrey A. Taylor____
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney


                                    ___/s/   Rudolph Contreras_____
                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                    Assistant United States Attorney

                                    ___/s/   John C. Truong_____
                                    JOHN C. TRUONG, D.C. BAR #465901
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C.  20530
                                    (202) 307-0406

                                    Attorneys for Defendant