UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, )<br>)<br>   Plaintiff, )<br>)<br> v. )<br>)<br>ALPHONSO R. JACKSON, )<br> Secretary Of Housing And )<br> Urban Development, )<br>)<br>   Defendant. )<br>              ) | Civ. Action No. 05-0992 (PLF) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL JURY INSTRUCTION**

  Plaintiff to the above action respectfully moves the Court, pursuant to Rule 7, Fed. R. Civ. P., for leave to file the one additional nonstandard jury instruction that is attached to this Motion.

  Counsel for plaintiff has advised opposing counsel about this Motion, who has stated that defendant takes no position.

  The grounds in support of this Motion are as follows:

  1.) Defendant did not dispute in moving for summary judgment that Ms. Elion's involuntary reassignment constituted an actionable change in employment.

  2.) For that reason, plaintiff did not submit a proposed nonstandard jury instruction addressing this subject.

  3.) Defendant's proposed nonstandard instructions nos. 8 and 9 do address this issue and purport to instruct the jury on determining whether Ms. Elion's involuntary reassignment is actionable.

4.) Plaintiff, quite naturally, disagrees with defendant's proposed instructions both as a matter of law and as written.

5.) In light of the fact that plaintiff could not have anticipated the need for a jury instruction on the foregoing issue before defendant proposed its nonstandard instructions, plaintiff respectfully seeks leave to submit one additional nonstandard instruction addressing the issue of whether plaintiff's involuntary reassignment is actionable under Title VII.

For the foregoing reasons, plaintiff respectfully moves the Court for leave to file the additional proposed nonstandard instruction concerning plaintiff's involuntary reassignment that accompanies this Motion.

A proposed Order to this effect accompanies this Motion.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100

_____//s//_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200
Counsel for Plaintiff

**<u>Actionable Changes In Employment</u>**

Title VII of the Civil Rights Act prohibits discrimination and retaliation in employment, not in other contexts. There are different types of employment actions that Title VII applies to and some types of employment actions that Title VII does not apply to. There are also different standards for claims based on discrimination and claims based on retaliation.

I have instructed you before that Ms. Elion has brought six separate and independent claims.

These six claims or counts concern two separate employment actions; specifically Ms. Elion's removal from a supervisory position and her involuntary reassignment to a special assistant position.

Each of these six counts will be identified for you separately on the verdict forms that I will provide to you when you retire to deliberate and on which you will record separate verdicts.

Counts I, II, and III concern Ms. Elion's removal from a supervisory position, which she alleges was discriminatory and retaliatory. I instruct you as a matter of law that Ms. Elion's removal from a supervisory position even without a loss of salary or benefits is a change in employment that is covered by Title VII. You may not to depart from the law in your deliberations.

Counts IV and V concern Ms. Elion's involuntary reassignment to a special agent position, which she alleges to have been discriminatory. An involuntary reassignment even without a loss of pay is actionable as discriminatory when it is significantly less desirable. Ways in which an involuntary reassignment can be significantly less desirable

include when an employee's duties in his or her new position are less than those of his or her previous position; when his or her opportunities for professional exposure within and outside of the employer are reduced; and when his or her opportunities for advancement within or outside of the employer are reduced. As part of your deliberations on Counts IV and V, you are to determine whether Ms. Elion has proven by a preponderance of the evidence that her involuntary reassignment as a special assistant was significantly less desirable than remaining in her former position. If she has not, then you must find for defendant on Counts IV and V.

Count VI concerns Ms. Elion's involuntary reassignment to a special agent position insofar as it was retaliatory. The standard for establishing that an involuntary reassignment was retaliatory is different from and lower than the standard governing whether it was discriminatory. An involuntary reassignment without a loss of pay is actionable as retaliatory when it might have dissuaded a reasonable employee from filing an EEO complaint as Ms. Elion did. As part of your deliberations on Counts IV and V, you are to determine whether Ms. Elion has proven by a preponderance of the evidence that her involuntary reassignment as a special assistant might have dissuaded a employee from engaging in protected EEO activity. If she has not, then you must find for defendant on Count VI.

Source: <u>Burlington Northern & Santa Fe R.R. v. White</u>, __ U.S. __, 126 S.Ct. 2405, 2415 (2006); <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); <u>Rochon v. Gonzalez</u>, 438 F.3d 1211, 1219 (D.C. Cir. 2006; <u>Stewart v. Ashcroft</u>, 352 F.3d 422, 427 (D.C. Cir. 2004); <u>Forkkio v. Powell</u>, 306 F.3d 1127, 1131 (D.C. Cir. 2002).<u>Burke v. Gould,</u> 286 F.3d 513, 522 (D.C. Cir. 2002); <u>Czekalski v. Peters,</u> 475 F.3rd 360, 364 (2007).