UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO R. JACKSON, )<br>  Secretary Of Housing And )<br>  Urban Development, )<br>)<br>Defendant. )<br>_____ ) | Civ. Action No. 05-0992 (PLF) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MEMORANDUM OF LAW REGARDING "MIXED MOTIVE"**

One decision of the Supreme Court, which affirmed a Circuit Court decision authored by a future Justice, leads to the inescapable conclusion that it falls to a jury to adjudicate an employer's "same action" defense provided by 42 U.S.C.§2000e-5(g)(2)(B). Curtis v. Loether, 415 U.S. 189 (1974), affirming Rogers v. Loether, 467 F.2d 1110 (7th Cir. 1972) (Stevens, J.). A decision of the D.C. Circuit, which explicitly holds that a federal employee's right to a jury trial and to relief under Title VII is identical in cases involving discrimination and retaliation, means that a jury will adjudicate defendant's "same action" defense to all of plaintiff's claims. Rochon v. Gonzalez, 438 F.3d 1211 (D.C. Cir. 2006). None of these all but dispositive cases is mentioned in defendant's Memorandum of Law Regarding "Mixed Motive." Neither, for that matter, did defendant's Memorandum address whether it will even be entitled to a "same action" instruction, since it intends to rely on the same reasons and evidence to contest liability and to assert the defense. Copley v. BAX Global Inc., 97 F.Supp.2d 1164, 1170-71 (S.D. Fla. 2000); Jones v.

WMATA, 946 F. Supp. 1011, 1017 (D.D.C. 1996), aff'd in part and vacated in part on other grounds, 205 F.3d 428 (D.C. Cir. 2000)

In 1991, Congress amended Title VII to provide all plaintiffs, including federal employees, with the right to a jury trial. 42 U.S.C. §1981a(a)(1). The 1991 amendments also provided for awards of compensatory damages; identified juries as the bodies to award them; and specified that damage awards would be exclusive of equitable relief (such as backpay and reinstatement) which would remain the province of district courts. 42 U.S.C. §1981a(a)(1), (b)(2), (c).

Once Congress amended Title VII in these ways, even if the Act did not specify whether juries or district courts would determine liability and award damages, the Seventh Amendment demanded that the bodies to do so would be juries. Curtis v. Loether, 415 U.S. 189, 193-94 (1974). The Seventh Circuit decision authored by future Justice Stevens made clear that under the Civil Rights Acts, "the legal issue - whether defendant breached a duty owed plaintiff for which defendant is liable in damages - must be tried to a jury whether or not there exists an equitable claim." Rogers v. Loether, supra, 467 F.2d at 1120. This is so because: "The right 'to a jury trial 'cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." Curtis v. Loether, supra, 415 U.S. at 196, n.11 (citing Dairy Queen v. Wood, 369 U.S. 469, 470-73 (1962); Beacon Theatres v. Westover, 359 U.S. 500 (1959)).

The short of this matter is all determinations of defendant's liability on the merits and for damages and whether it will be relieved of damages by virtue of the same action defense will be the exclusive province of the jury in this case. This will also be true of all of plaintiff's claims for damages, whether sounding in discrimination or retaliation. The provision of the 1991 amendments to Title VII that entitle federal employees to recover compensatory damages

specifies that their right to do so arises under 42 U.S.C.§2000e-5. The D.C. Circuit has explicitly held that all Title VII claims by federal employees whether alleging discrimination or retaliation arise under 42 U.S.C. §2000e-5. <u>Rochon v. Gonzalez</u>, <u>supra</u>, 438 F.3d at 1216. Since the limitation on damages for the employer who proves the same action defense also arises under 42 U.S.C.§2000e-5, specifically 2000e-5(g)(2)(B), the jury will determine whether defendant carries its affirmative burden of proving the same action defense on all of plaintiff's claims.

Due to the limited time available to respond to Defendant's Memorandum of Law, plaintiff will await the upcoming pre-trial conference or charging conference to explain why it is unlikely that defendant will request that its same action defense not be submitted to the jury. Regardless, there is a serious question whether defendant can even assert a same action defense in this case.

Defendant contends that its liability turns in great part on whether a hiring freeze dictated that defendant relieve plaintiff from its supervisory ranks, reassign plaintiff to a significantly less desirable position, and disband her Division (Jt. PT Statement at 7). According to Defendant's Memorandum of Law, this is <u>exactly</u> the basis for the "same action" defense that it intends to present to the jury. In defendant's own words:

> In the event that the jury disagrees and concludes that sex and racial bias and/or retaliation was a motivating factor in Defendant's decision to disband the [Headquarters Audits Division] and reassign Plaintiff from a supervisory position to a non-supervisory post, Defendant intends to rely on the mixed motive defense. Specifically, Defendant will argue that, in April 2004, the HAD only had five employees, including Plaintiff, her assistant, and three auditors. Due to workload needs and a hiring freeze in April 2004…it made business sense to disband the HAD and reassign Plaintiff. ...

(Def. Mem. at 2-3). A party only has one chance, not two, for an adjudication of one set of facts. <u>E.g.</u>, <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979); <u>Teamsters Local 282 Pension Trust Fund v. Angelos</u>, 815 F.2d 452, 456 n.3 (7th Cir. 1987). The bar to re-litigation of identical facts

applies with equal force to liability determinations and the same action defense in employment cases. The 1991 amendment to Title VII specifies that an employer is liable when discrimination or retaliation is a motivating factor in the outcome of contested employment actions. 42 U.S.C. §2000e-2(m).[1]  An employer "does not get a second bite at the apple to show that it would have taken the same action anyway" for the same reasons. Jones v. WMATA, 946 F. Supp. 1011, 1017 (D.D.C. 1996) (Lamberth, J.); Copley v. BAX Global Inc., 97 F.Supp.2d 1164, 1170-71 (S.D. Fla. 2000).

---

[1]     The 1991 amendments of Title VII promulgated the motivating factor standard for establishing an employer's liability, in addition to the same action defense as a means of relieving an employer of liability for damages. 42 U.S.C. §2000e-2(m), 2000e-5(g)(2)(B). The motivating factor standard is now the liability standard in all disparate treatment cases. Fuller v. Phipps, 67 F.3d 1142, 1147 (4th Cir. 1995) ("employers now violate [Title VII] when [an impermissible motive] plays an actual role in an employment decision, regardless of other considerations that may independently explain the outcome"); Hennessy v. Penril Datacomm Networks, 69 F.3d 1344, 1350 (7th Cir. 1995) ("under Title VII, as amended by the 1991 Act . . . [a] violation . . . is established if a plaintiff can prove by a preponderance of the evidence that discrimination was a motivating factor in the employment decision"); Borgo v. Goldin, 204 F.3d 251, 255 n.6 (D.C. Cir. 2000) ("[i]n 1991, Congress overturned Price Waterhouse in part, amending Title VII to provide that once a plaintiff proves discrimination to have been a motivating factor, liability is established").

For the foregoing reasons, plaintiff respectfully submits that defendant's liability and its same action defense must be adjudicated by the jury, and that defendant may not raise a same action defense unless the jury first determinates that it is based on grounds independent of why if found that defendant discriminated or retaliated against plaintiff.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100

_____//s//_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for Plaintiff