UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, | ) |
|     Plaintiff, | ) |
| v. | )   Civ. Action No. 05-0992 (PLF) |
| ALPHONSO R. JACKSON,<br>  Secretary Of Housing And<br>  Urban Development, | ) |
|     Defendant. | ) |

**PLAINTIFF'S MOTION FOR NON-MONETARY SANCTIONS**

      Plaintiff to the above action respectfully moves the Court, pursuant to Rule 37(c)(1), Fed. R. Civ. P., to issue one or more non-monetary sanctions against defendant, for its failure to produce in a timely manner highly probative evidence that would disprove that its adverse actions toward plaintiff were justified by a hiring freeze in the OIG Office of Audit. Specifically, plaintiff respectfully moves the Court to issue an Order that establishes that defendant did not disband plaintiff's former Division, relieve plaintiff of supervisory responsibilities, and reassign plaintiff to a significantly less desirable position on account of a hiring freeze imposed on defendant's Office of Audit in April of 2004; and that prevents defendant from introducing evidence at trial to prove that it took these actions against plaintiff on account of a hiring freeze in the Office of Audit in April of 2004. Plaintiff also moves the Court to publish any Order that it issues to the jury.

1

Plaintiff also respectfully moves the Court to consider the issuance of further sanctions, up to and including the entry of judgment in plaintiff's favor, at the upcoming pre-trial conference.

The grounds in support of this Motion are contained in the accompanying Memorandum of Points and Authorities, to which the Court is respectfully referred.

Counsel for plaintiff certifies that he has conferred with opposing counsel about this Motion in a good faith attempt to avoid the Court's involvement in this matter, and has been advised by defendant's counsel that this Motion will be opposed.

A proposed Order accompanies this Motion.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100

_____//s//_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200

Counsel for Plaintiff

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 05-0992 (PLF) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
|   Secretary Of Housing And ) | |
|   Urban Development, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
PLAINTIFF'S MOTION FOR NON-MONETARY SANCTIONS**

**PRELIMINARY STATEMENT**

After hours on Friday February 22, 2008, defendant produced a series of documents Bates stamped nos. 3342 through 3371 (Att. A). The documents spoke to defendant's rationale for its actions: whether a hiring freeze in the HUD OIG Office of Audit in April of 2004 dictated that defendant relieve plaintiff from its supervisory ranks, reassign plaintiff to a significantly less desirable position, and disband her Division (Jt. PT Statement at 7). One document in particular stood out: an e-mail on April 2, 2004, from Deputy Inspector General Michael Stephens.

> It has been decided at this time that 5 FTE will be added to the Audit staff and 5 FTE will be subtracted from the investigative staff.

(Bates No. 3347). In other words, the organizational hiring freeze used to justify defendant's adverse actions against plaintiff had no effect on the Office of Audit; in fact, before the hiring freeze was imposed, its staff level had been increased by five (Compare Doc. No. 3347 with Stephens e-mail of April 4, 2004 (Att. B) and Heist Memorandum of April 20, 2004 (Att. C)).

The cover letter from defendant's counsel that transmitted Bates Nos. 3342 through 3371[1] did not specify to which of Plaintiff's Interrogatories and RFP's they were responsive[2], and even suggested that they had been disclosed because they supported defendant's position (Att. A at 1).[3] The letter also stated that defendant was "uncertain" whether the documents were "produced to Plaintiff as part of discovery," but that they were provided "out of an abundance of caution" (Id.). That same day, after plaintiff's counsel was unsuccessful in reaching defendant's counsel by e-mail, plaintiff's counsel dispatched a letter to him, stating: "I have to assume that if defendant had a log or other record that Bates Nos. 3342 through 3370 were produced earlier, it would not have produced them again" (Att. E at 1).

The next morning, February 23, 2008, counsel for plaintiff reviewed his files of the documents that defendant produced during discovery. He determined that defendant had produced Bates nos. 3342 through 3370, but that these were <u>different</u> documents from the ones that defendant produced the previous evening (<u>Compare</u> Att. A <u>with</u> Att. F). For that reason, counsel again wrote to defendant's counsel, this time stating:

> I took the time this morning to again review defendant's earlier document production. The documents that were produced last evening were <u>not</u> produced earlier. If defendant believes otherwise, I <u>must</u> have you confirm this for me no later than 10:00 am on the morning of Monday February 23, 2008, in order for me to have time to present the appropriate motion to Judge Friedman.

---

[1] The documents produced by defendant on February 22nd also included drafts of the Memorandum which abolished plaintiff's former Division that were different from the final version (<u>Compare</u> Bates nos. 3359-60 <u>with</u> Att. C).

[2] Defendant was required to produce the e-mail of April 2, 2004; the drafts of the Memorandum of April 20, 2004; and many if not all of the other documents that it just produced, in response to plaintiff's first round of written discovery, among them RFP Nos. 8 and 16 ("13"), and Int. No. 6 (Att. D). That discovery was served in December of 2005 (<u>Id</u>. at 1).

[3] The federal government has been criticized roundly for last minute, undifferentiated "document dumps" in employment cases. <u>Coles v. Perry</u>, 217 F.R.D. 1, 4-6 (D.D.C. 2003) (Facciola, J.).

(Att. G) (emphasis in original). A short time ago, counsel for defendant confirmed that there was no reason to believe that the documents that are the subjects of this Motion were produced before the evening of Friday February 22, 2008.[4]

### ARGUMENT

### NON-MONETARY SANCTIONS MUST BE ISSUED TO REMEDY DEFENDANT'S FAILURE TO PRODUCE BATES NOS. 3342 THROUGH 3371 IN A TIMELY MANNER

The Federal Rules of Civil Procedure provide a range of non-monetary sanctions to cure the prejudice that a plaintiff would otherwise suffer on account of his or her adversary's failure to produce documents in response to written discovery in a timely fashion. Rule 37(c), Fed. R. Civ. P. (incorporating Rule 37(b)(2)(A)-(C), Fed. R. Civ. P.). These sanctions include the issuance of an Order that "designated facts shall be taken in accordance" with a plaintiff's claim; and an Order "refusing to allow" a defendant "to support … designated … defenses." Rule 37(b)(2)(A), (B). Judgment by default may also be entered. Rule 37(b)(2)(C), Fed. R. Civ. P.

There is simply no doubt that the e-mail from Deputy Inspector General Stephens increasing the hiring ceiling in the Office of Audit on April 2, 2004, is exceptionally important (Doc. No. 3347). It shows that the staff ceiling of the Office of Audit had been <u>raised</u> two days before defendant supposedly imposed an overall hiring freeze in OIG (<u>Compare</u> Doc. No. 3347

---

[4] Plaintiff's counsel offered defendant's counsel a number of opportunities in writing, by e-mail, and over the telephone, to specify whether defendant produced Bates Nos. 3342 through 3371 earlier. When counsel spoke a short time ago, counsel for defendant stated that it was safe to assume that they were not. Given that defendant produced another set of documents with the same Bates numbers over a year ago, and the imminence of trial, plaintiff's counsel did not believe that this Motion could be delayed. If after its filing, defendant is able to confirm that it produced the documents in question in a timely and responsive fashion, plaintiff will immediately so notify the Court and either withdraw this Motion or modify the relief that it seeks.

with Att. B).  In other words, the earlier e-mail shows that there was no reason to disband plaintiff's former Division and free up the four auditors under plaintiff's supervision, because the staff ceiling for the Office of Audit had just been increased by five (Id.).

Other highly important documents that defendant was required to produce earlier were also withheld until February 22, 2008.  They included earlier drafts of the Heist Memorandum of April 20, 2004, which led to the abolition of plaintiff's former Division (Compare Bates nos. 3359-60, 3369-70 with Att. C).  One of these drafts was addressed to the Inspector General himself (Bates no. 3369).  Another document sought input from Michael Phelps, the Deputy Assistant Inspector General for Audit, about the Heist Memorandum; even though Mr. Phelps testified at his deposition that he had no involvement in preparing the Memorandum (Compare Bates no. 3364 with Phelps Dep. at 70).

Defendant's failure to produce the Stephens e-mail of April 2, 2004, and many other documents in Bates nos. 3342 through 3371, warrants preventing defendant from asserting its principle defense; namely, that a hiring freeze in the Office of Audit required disbanding plaintiff's former Division establishing these facts in plaintiff's favor.  Rule 37(b)(2)(B), Fed. R. Civ. P. (as incorporated by Rule 37(c)(1), Fed. R. Civ. P.).  That same failure also justifies precluding defendant from offering facts in support of that defense.  Rule 37(b)(2)(B), Fed. R. Civ. P.

> [H]owever innocent a failure to provide discovery may be, it is fundamental that a party that does not provide discovery cannot profit from its own failure.  Thus Rule 37(b)(2)(C) recognizes that parties failing to comply with discovery requests may be estopped from 'support(ing) or oppos(ing) designated claims or defenses.'

Dellums v. Powell, 566 F.2d 231, 236 (D.C. Cir. 1977).  Plaintiff respectfully submits that the Court should publish an Order to this effect to the jury and "inform[] the jury of" defendant's "failure to" have produced Bates nos. 3342 through 3371 when it was required to.

Neither willfulness nor bad intent of any type need be shown in order to impose sanctions under Rule 37(b)(2)(A) or (b)(2)(B).  <u>Dellums v. Powell</u>, <u>supra</u>, 566 F.2d at 236.  Only the sanction of dismissal or judgment by default under Rule 37 (b)(2)(C) must be predicated on some degree of "bad faith," and consideration of the need to penalize the party who failed to make discovery and "to deter those who might be tempted to such conduct in the absence of such a deterrent."  <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976); <u>accord</u> <u>Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers</u>, 357 U.S. 197, 212 (1958).  The record in this case makes clear that defendant's failure to produce Bates nos. 3342 through 3371 warrants the issuance of sanctions under Rule 37(b)(a)(A) and (b)(2)(B).  Plaintiff respectfully submits that as the record of this matter is developed further, including whether defendant has any justification for the untimely production of documents with identical Bates numbers, the sanction of judgment by default may also be warranted.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully moves the Court to issue one or more non-monetary sanctions against defendant, for its failure to produce in a timely manner documents Bates nos. 3342 through 3371, to publish an Order to this effect to the jury and inform the jury of the basis of its Order, and to consider entering judgment by default against defendant at the upcoming pre-trial conference.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100


_____//s//_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for plaintiff