## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. Action No. 05-0992 (PLF) |
| v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary Of Housing And | ) |
| Urban Development, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### INSTRUCTIONS

Plaintiff Saundra G. Elion hereby propounds Plaintiff's First Set of Interrogatories and First Request For Production Of Documents on defendant, Alphonso R. Jackson, Secretary of Housing and Urban Development, pursuant to Rules 33 and 34, Fed. R. Civ. P., and the Local Rules of this Court.  Serve a copy of your Answers and Objections no later than January 31, 2006 on counsel for plaintiff, Robert C. Seldon, Esq., Robert C. Seldon & Associates, P.C., 1319 F Street, N.W., Suite 305, Washington, D.C., 20004.  Respond in accordance with the Instructions and Definitions contained herein, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

This discovery initiative extends to all responsive information and documents within your custody or possession or otherwise subject to your control, whether located on your business premises, or at the business premises or residences of your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, parents, holding companies, affiliates, offices, officials, members, directors, representatives, employees, agencies, departments,

councils, bureaus, subsidiaries, units, divisions, and parts, or elsewhere.

Segregate and index all responsive documents according to the number of the Request(s) For Production or Interrogatories to which they respond.

If any responsive documents have already been produced in the Report of Investigation of plaintiff's administrative complaint of discrimination or defendant's initial disclosures, you may answer without providing additional copies provided you identify responsive documents by noting the page numbers where they appear.

If any responsive information or documents cannot be or are not produced in full due to their loss, destruction, or misplacement, identify all such information and documents; provide a complete and accurate account of the reasons for nonproduction and the circumstances surrounding their destruction, loss, or unavailability; identify persons with personal knowledge of the circumstances surrounding their destruction, loss, or unavailability; and respond to the fullest extent possible.

If any responsive documents or information is withheld on the grounds of privilege, identify:

    (a.)    the author(s), address(es), recipients(s), present custodian(s), and date(s) of all such documents;

    (b.)    all other persons who have seen or learned of all or part of any such document;

    (c.)    the subject matter and contents of each such document;

    (d.)    the specific basis for the claim of privilege; and

    (e.)    all other information necessary to adjudicate the propriety of your claim of privilege.

In responding to this discovery initiative, you have a duty to consult every available source including, but not limited to your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, officers, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions, councils, and parts.

This discovery initiative is continuing in character and must be supplemented to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## DEFINITIONS

Unless the text indicates to the contrary:

A. "You" of "your" means defendant Alphonso R. Jackson, the Secretary of Housing and Urban Development, the Department of Housing and Urban Development, and the Department of Housing and Urban Development Office of Inspector General, and all of your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, parents, holding companies, offices, officials, members, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions, parts, offices, parents, predecessors, successors, or assigns. Where documents, knowledge or information in your custody or possession or subject to your control is requested or referred to, such request or referral includes documents, knowledge, and information in the custody or possession or subject to the control of all of the foregoing persons and entities.

B. "Document" means the original and all non-identical copies of all writings, drawings, graphs, charts, and plans; photographs, tapes, and recordings; compact disks, laser disks, computer disks, e-mails, and other computer recordations or storage mediums and print-outs thereof; and digital, electronic, and electro-magnetic records.

C. "Person" means any individual, government entity, natural person, corporation,

3

partnership, association, joint venture, sole proprietorship, limited liability company, firm or other business enterprise or legal entity, or any of such person's agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, offices, officials, members, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions, parts, parents, holding companies, predecessors, successors, or assigns.

  D. "Identify" with respect to a person means to provide each such person's name and last known business address, place of residence, and business and residence telephone numbers.

  E. "Identify" with respect to a document means to provide a description thereof, its title, the date of its creation and transmission(s), its author(s), its recipient(s), its subject matter(s), and all attachments thereto.

  F. "And" and "or" mean "and/or."

  G. Use of the singular is deemed to include the plural and vice versa.

  H. Use of the feminine is deemed to include the masculine and vice versa.

  K. "Capital District Office of Audit" means the Capital District Office of Audit, Office of the Inspector General of the Department of Housing and Urban Development.

  L. "Headquarters Office of Audit" means the Headquarters Office of the Inspector General for Audit of the Department of Housing and Urban Development.

  M. "Headquarters Audits Division" means the Headquarters Audits Division of the Headquarters Office of the Inspector General for Audit of the Department of Housing and Urban Development.

  N. "Financial Audit Division" means the Financial Audit Division of the Headquarters Office of the Inspector General for Audit of the Department of Housing and Urban Development.

O. "FTE" means Full Time Employee and/or Full Time Equivalent.

**INTERROGATORIES**

1.) Provide a complete and accurate account of the basis for the First, Second, Third, and Fourth Affirmative Defenses in Defendant's Answer to the Complaint in this action including, but not limited to: a.) a specific identification of all portions of the Complaint as to which this "Court lacks subject matter jurisdiction," which are "barred by the applicable limitations period;" as to which "Plaintiff has not properly exhausted her administrative remedies;" and which fail "to state a claim upon which relief may be granted; b.) the facts on which you rely in support of the First, Second, Third, and Fourth Affirmative Defenses of Defendant's Answer to the Complaint in this action; c.) all persons with knowledge, personal or otherwise, on which you rely in support of the First, Second, Third, and Fourth Affirmative Defenses of Defendant's Answer to the Complaint in this action; and d.) all documents which refer or relate, whether in whole or in part, to your response to the foregoing Interrogatory.

2.) Provide a complete and accurate account of the functions of the Capital District Office of Audit separately and on an annual basis from January 1, 1998, until its abolition, including but not limited to, identifying: a.) the functions of the Capital District Office of Audit; b.) the duties and responsibilities of the District Inspector General for the Capital District Office of Audit; c.) all persons involved in determining the duties and work assignments of the Capital District Office of Audit; d.) all persons involved in determining the duties and work assignments of the District Inspector General for the Capital District Office of Audit; and e.) all documents, which refer or relate, to your response to the foregoing Interrogatory.

3.) Provide a complete and accurate account of the processes and actions leading up to and including your decision to abolish the Capital District Office of Audit including, but not

limited to, identifying: a.) all personnel and human resource specialists and persons involved in the decision to abolish the Capital District Office of Audit; b.) all persons involved in the decision to abolish the Capital District Office of Audit; c.) each person's actions in abolishing the Capital District Office of Audit; and d.) all documents, which refer or relate, to your response to the foregoing Interrogatory.

     4.)    Identify the positions to which incumbents in the Capital District Office of Audit were assigned immediately before and after that office was abolished including, but not limited to, identifying: a.) the name, position, grade, race, sex, and age of each such incumbent immediately before you abolished the Capital District Office of Audit; b.) the name, position, grade, race, sex, and age of each such incumbent immediately after you abolished the Capital District Office of Audit; and c.) all documents, which refer or relate, to your response to the foregoing Interrogatory.

     5.)    Provide a complete and accurate account of the functions of the Headquarters Office of Audit, separately and on an annual basis from January 1, 1998, through the present, including but not limited to, identifying: a.) the functions of the Headquarters Office of Audit; b.) the functions of each division and other component of the Headquarters Office of Audit; c.) all persons involved in determining the duties and work assignments of the functions of each division and other component of the Headquarters Office of Audit; d.) all persons involved in determining the duties and work assignments of the Directors of each division and other component of the Headquarters Office of Audit; and e.) all documents, which refer or relate, to your response to the foregoing Interrogatory.

     6.)    Provide a complete and accurate account of the processes and actions leading up to and including your decision to abolish the Headquarters Audits Division including, but not

limited to, identifying: a.) all personnel and human resource specialists and persons involved in the decision to abolish the Headquarters Audits Division and the position of the Director of the Headquarters Audits Division; b.) all persons involved in the decision to abolish the Headquarters Audits Division and the position of Director of the Headquarters Audits Division; c.) each person's actions in abolishing the Headquarters Audits Division and the position of Director of the Headquarters Audits Division; and d.) all documents, which refer or relate, to your response to the foregoing Interrogatory.

      7.) Identify the positions to which incumbents in the Headquarters Audits Division were assigned immediately before and after that office was abolished including, but not limited to, identifying: a.) the name, position, grade, race, sex, and age of each such incumbent immediately before you abolished the Headquarters Audits Division; b.) the name, position, grade, race, sex, and age of each such incumbent immediately after you abolished the Headquarters Audits Division; and c.) all documents, which refer or relate, to your response to the foregoing Interrogatory.

      8.) Provide a complete and accurate account of your processes and actions in soliciting, considering, and selecting among candidates for the position of Division Director in the Headquarters Office of Audit identified in paragraph 41 of Defendant's Answer to the Complaint in this action including, but not limited to, identifying a.) the successful candidate, his race, and his age at the time of your selection of him; b.) the processes, guidelines, and procedures by which you interviewed, considered, and selected the successful candidate for the foregoing position; c.) all persons (including, but not limited to, human resources personnel) involved in interviewing, considering, and selecting the successful candidate for the foregoing position; d.) all persons (including, but not limited to, human resources personnel) involved in

the processes of interviewing, considering, and selecting the successful candidate for the foregoing position; e.) a complete and accurate account of each such person's actions; f.) a complete and accurate account of your reasons for selecting the successful candidate for the foregoing position; and h.) all documents which refer or relate, whether in whole or in part, to your response to the foregoing Interrogatory.

9.) Provide a complete and accurate account of your processes and actions in not selecting plaintiff for the position of Division Director in the Headquarters Office of Audit identified in paragraph 41 of Defendant's Answer to the Complaint in this action including, but not limited to, identifying a.) all persons (including, but not limited to, human resources personnel) involved in your decision not to select plaintiff for the foregoing position; b.) a complete and accurate account of each such person's actions in your decision not to select plaintiff for the foregoing position; c.) a complete and accurate account of your reasons for not selecting plaintiff for the foregoing position; and d.) all documents which refer or relate, whether in whole or in part, to your response to the foregoing Interrogatory.

10.) Do you contend that you would have selected a candidate other than plaintiff for of Division Director in the Headquarters Office of Audit identified in paragraph 41 of Defendant's Answer to the Complaint even in the absence of discrimination, retaliation, or other impermissible factor. If so, provide a complete and accurate account of your basis for this contention including, but not limited to, identifying a.) the candidate(s) you would have selected instead of plaintiff, their sex(es), race(s), and their age(s) at the time of your selection for the foregoing position; b.) all persons (including, but not limited to, human resources personnel) who would have been involved in the foregoing selection of a candidate other than plaintiff; c.) a complete and accurate account of your basis for contending that such persons would have

8

selected a candidate other than plaintiff for the foregoing position; d.) a complete and accurate account of your reasons for contending that you would have selected a candidate other than plaintiff for the foregoing position; e.) all evidence tending to prove your contention that you would have selected a candidate other than plaintiff for the foregoing position; and f.) all documents which refer or relate, whether in whole or in part, to your response to the foregoing Interrogatory.

11.)   Do you contend that you would have abolished the Headquarters Audits Division of the Inspector General for Audit or reassigned plaintiff from her position as Director of the Headquarters Audits Division of the Inspector General for Audit to a nonsupervisory position even in the absence of discrimination, retaliation, or other impermissible factor. If so, provide a complete and accurate account of a.) your basis for any such contention; b.) all evidence tending to prove any such contention; and c.) all documents which refer or relate, whether in whole or in part, to your response to the foregoing Interrogatory.

12.)   Provide a complete and accurate account of the positions to which plaintiff would have been entitled to be reassigned had plaintiff's termination from the service or reduction in grade been proposed in accordance with 5 C.F.R. Part 351 in connection with your Proposal for Realignment of the Office of Audit (Apr. 20, 2004) and the processes for ascertaining all such positions including, but not limited to, identifying: a.) plaintiff's competitive area as of April 20, 2004; b.) plaintiff's competitive level in her competitive area as of April 20, 2004; c.) all of your other employees occupying the same competitive area and competitive level as of April 20, 2004, including, but not limited to, each such employee's name, race, sex, age, position, and grade level; d.) the order of retention of plaintiff and each such employee; and e.) each Human

9

Resources or employee relations specialist or personnel who provided information in response to this Interrogatory.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.) Organizational charts for or other documents from which the organization of the following can be ascertained separately, on an annual basis, from January 1, 1998, through the present:

    A.) Your Office of Inspector General.

    B.) Your Office of Assistant Inspector General for Audit.

    C.) The Regional, District, and other local offices in your Office of Inspector General.

    D.) The Regional, District, and other local offices in your Office of Assistant Inspector General for Audit.

    E.) The Department of Housing And Urban Development.

    F.) The Regional, District, and other local offices in the Department of Housing And Urban Development.

2.) Staffing charts or other documents from which positions as auditors; grade levels of the foregoing positions; and race, sex, and age of incumbents in the foregoing positions in the following entities can be ascertained separately, on an annual basis, from January 1, 1998, through the present:

    A.) Your Office of Assistant Inspector General for Audit.

    B.) The Regional, District, and other local offices in your Office of Assistant Inspector General for Audit.

3.) Documents from which the following information can be ascertained separately, on an annual basis, from January 1, 1998, through the present:

 A.) Standards or guidelines employed to evaluate your Office of Assistant Inspector General for Audit, and the divisions and components thereof, and your evaluations and rankings of your Office of Assistant Inspector General for Audit, and the divisions and components thereof.

 B.) Standards or guidelines employed to evaluate the Regional, District, and other local offices in your Office of Assistant Inspector General for Audit and your evaluations and rankings of the Regional, District, and other local offices in your Office of Assistant Inspector General for Audit.

4.) All documents which refer or relate, whether in whole or in part, to your responses to the foregoing Interrogatories.

5.) All documents which refer or relate, whether in whole or in part, to the performance and conduct of plaintiff while in your employ including, but not limited to, her official and unofficial personnel files, performance appraisals, awards, commendations, salary history, position descriptions, individual development plans, records of work assignments, memoranda and e-mails concerning performance, and corrective, remedial, disciplinary or other personnel action involving her.

6.) All documents which refer or relate, whether in whole or in part, to the performance and conduct of the Division Director in the Headquarters Office of Audit identified in paragraph 41 of Defendant's Answer to the Complaint while in your employ including, but not limited to, his official and unofficial personnel files, performance appraisals, awards, commendations, salary history, position descriptions, individual development plans, records of

work assignments, memoranda and e-mails concerning performance, and corrective, remedial, disciplinary or other personnel action involving him.

  7.)  All documents which refer or relate, whether in whole or in part, to complaints of discrimination based on race, sex, or age or retaliation (formal or informal); proceedings before the Equal Employment Opportunity Commission or the Merit Systems Protection Board involving complaints of discrimination based on race, sex, or age or retaliation; grievances involving allegations of discrimination based on race, sex, or age or retaliation; and suits in federal courts involving allegations of discrimination based on race, sex, or age or retaliation in which any of the following persons is alleged to have engaged in discrimination or retaliation:

  A.)  James Heist

  B.)  Michael Phelps

  C.)  Michael Stephens

  8.)  Documents from which the following information can be derived separately, on a Fiscal Year basis, for each Fiscal Year beginning with FY 2001 and continuing through FY 2006:

  A.)  The number of FTE's for Auditors of the Inspector General for Audit of the Department of Housing and Urban Development budgeted by office, district, and/or region.

  B.)  The funds budgeted for FTE's for Auditors of the Inspector General for Audit of the Department of Housing and Urban Development budgeted by office, district, and/or region.

      C.)    The number of FTE's for Auditors of the Inspector General for Audit of the Department of Housing and Urban Development employed by office, district, and/or region.

      D.)    The funds budgeted for FTE's for Auditors of the Inspector General for Audit of the Department of Housing and Urban Development expended by office, district, and/or region.

    9.)    Documents from which the following information can be derived separately, on a Fiscal Year basis, for each Fiscal Year beginning with FY 2001 and continuing through FY 2006:

      A.)    The funds budgeted for rent for the Capital District Office of Audit at 800 N. Capitol Street, N.W., in Washington, D.C.

      B.)    The funds expended for rent for the Capital District Office of Audit at 800 N. Capitol Street in Washington, D.C.

      C.)    The funds budgeted for rent for the Office of Inspector General at 800 N. Capitol Street in Washington, D.C.

      D.)    The funds expended for rent for the Office of Inspector General at 800 N. Capitol Street in Washington, D.C.

    10.)    All documents which refer or relate, whether in whole of in part, to the reduction of FTE's within the Office of Audit and the cost savings associated with closing the "Capital Region Office of Audit" referred to in Defendant's Rule 26(a)(1) Disclosures.

    11.)    All documents which refer or relate, whether in whole of in part, to the reduction of FTE's within the Office of Audit and the cost savings associated with closing the "Capital Region Office of Audit" not referred to in Defendant's Rule 26(a)(1) Disclosures.

12.) All documents which refer or relate, whether in whole of in part, to the utilization and return of space at the North Capital Street location referred to in Defendant's Rule 26(a)(1) Disclosures.

13.) All documents which refer or relate, whether in whole of in part, to the utilization and return of space at the North Capital Street location not referred to in Defendant's Rule 26(a)(1) Disclosures.

14.) Documents from which the following information can be derived:

    A.) The reduction of FTE's within the Office of Audit associated with abolishing the Headquarters Audits Division.

    B.) The cost savings within the Office of Audit associated with abolishing the Headquarters Audits Division.

15.) Documents from which the following information can be derived separately, on a Fiscal Year basis, for each Fiscal Year beginning with FY 2001 and continuing through FY 2006:

    A.) The number of auditors detailed or temporarily assigned to the Financial Audit Division.

    B.) The number of auditors detailed or temporarily assigned to the Headquarters Office of Audit other than the Financial Audit Division.

    C.) The funds budgeted to assign or temporarily detail auditors to the Financial Audit Division.

    D.) The funds budgeted to assign or temporarily detail auditors to the Headquarters Office of Audit other than to the Financial Audit Division.

  E.)  The funds expended in assigning or temporarily detailing auditors to the Financial Audit Division.

  F.)  The funds expended in assigning or temporarily detailing auditors to the Headquarters Office of Audit other than to the Financial Audit Division.

  13.)  All documents which refer or relate, whether in whole or in part, to the Memorandum for Michael Stephens from James Heist entitled "Proposed Realignment of the Office of Audit" dated April 20, 2004.

           Respectfully submitted,

           Robert C. Seldon, Esq.
            D.C. Bar No. 245100
           Molly E. Buie, Esq.
            D.C. Bar No. 483767
           Robert C. Seldon & Associates, P.C.
           1319 F Street, N.W., Suite 305
           Washington, D.C. 20004
           (202) 955-6968


          By: _____

          Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on this ___ day of December, 2005, I served a copy of PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES by e-mail and first class mail postage pre-paid, upon:

AUSA John C. Truong
Office of the U.S. Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
John.Truong@usdoj.gov

 

_____
Robert C. Seldon