**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SAUNDRA ELION,                          )
                                        )
         Plaintiff,                     )
                                        )
         v.                             ) Civil Action No. 05-0992 (PLF)
                                        )
ALPHONSO R. JACKSON,                    )
Secretary of the                       )
U.S. Dept. of Housing and               )
Urban Development,                      )
                                        )
Defendant.                              )
_____)

**DEFENDANT'S OMNIBUS RESPONSE TO PLAINTIFF'S**
**FIVE MOTIONS *IN LIMINE***

        In response to Plaintiff's five motions in limine (Dkt. Nos. 52, 53, 54, 55, and 58),

Defendant hereby submits this Omnibus Response thereto:


1.      **ADR Involving Mr. Austin Groom**

        Plaintiff's first motion in limine seeks to exclude evidence that Defendant and Austin

Groom resolved his EEO complaint through ADR and, as part of that resolution, reinstated him.

See Dkt. No. 52.   Plaintiff claims that because Defendant was able to persuade Magistrate Judge

Kay to rule that the terms of the Mr. Groom's ADR settlement were confidential, Plaintiff was

not able to conduct discovery on the impact of Mr. Groom's settlement on the Office of the

Inspector General ("OIG").  See Dkt. No. 52, at ECF p. 6-7.[1]  This is a red herring.

        First, Plaintiff seeks to have Mr. Groom testify at trial because he was involuntarily

_____

        [1]        Plaintiff did not have page numbers for this Motions in Limine. Therefore,
Defendant will use the page numbers provided by the ECF filing system.

1

reassigned after he filed an EEO complaint.  See Joint Pretrial Statement, at ECF p. 12.  With

this motion in limine, Plaintiff wants "to have her cake and eat it too" by attempting to limit

Defendant's ability to cross-examine Mr. Groom on the result of his EEO complaint.  In any

event, Defendant has moved to exclude Mr. Groom from testifying at trial because his testimony

is irrelevant, and will only cause undue prejudice to Defendant and confuse the jury from the

underlying issues.  See Def. Motion In Limine at 2-5 (Dkt. No. 57).  In fact, Mr. Groom testified

that he does not have any knowledge of Plaintiff's claims in this case.  See Groom Depo. at 49:3-

5 (Dkt. No. 52-7). Therefore, Plaintiff's first motion in limine will be moot if the Court grants

Defendant's motion in limine.

Second, Plaintiff claims that she was not able to conduct discovery about "whether Mr.

Groom's reinstatement reduced the number of vacancies on OIG's staff" and whether the "funds

were paid in accordance with the ADR agreement" because of Magistrate Judge Kay's ruling.

See Dkt. No. 52, at ECF p. at 7.   This claim lacks merit.  The fact of Mr. Groom's reinstatement

as a result of the ADR settlement is not confidential and Plaintiff was aware of this fact.  See

Groom Depo. at 48:15-18 (Dkt. No. 52-7).  Armed with this knowledge since April 16, 2006 (the

date of Mr. Groom's deposition), Plaintiff did not even attempt to ask Defendant about the

impact on staff level because of Mr. Groom's reinstatement.

Moreover, the amount of money paid to Mr. Groom is irrelevant to Plaintiff's underlying

discrimination and retaliation allegations.  Therefore, Plaintiff cannot now seek both Mr. Groom

testify to disparage Defendant and also prevent Defendant from cross examining Mr. Groom on

his EEO complaint against Defendant.

2.      **Plaintiff's Performance and Conduct.**

Plaintiff's second motion in limine seeks to exclude evidence of Plaintiff's managerial

shortcomings, arguing that the April 20, 2004 Memorandum, which proposed to reassign her to

become a Special Assistant, did not include Plaintiff's mismanagement of her staff as a reason

for the reassignment.  See Dkt. No. 53, at ECF 4-5.   Plaintiff is attempting to prevent Defendant

from presenting its legitimate, non-discriminatory reasons justifying its decision to abolish the

Headquarters Audits Division ("HAD") and reassign Plaintiff from a position of Director of the

HAD to become a Special Assistant.

Indeed, James Heist, the official who proposed the abolishment of the HAD and

Plaintiff's reassignment, testified that although Plaintiff's conduct was not a factor in his

proposal, her mismanagement of the staff lowered the supervisor-to-staff ratio. The low ratio was

a part of the background process that led him to the proposal.  See Heist Depo. at 115-16 (Dkt.

no. 53-4).  Furthermore, Michael Stephens, the official who approved the realignment, also

testified that Mr. Heist orally informed him (Stephens) that Plaintiff's mismanagement of her

staff figured into Mr. Heist's thinking about the proposal.  See Stephens Depo. at 67:10-68:15

(Gov. Exh. 1).

Under these facts, the Court should allow Defendant to introduce evidence showing that

Plaintiff's mismanagement of her staff lowered the supervisor-to-staff ratio in April 2004, the

time of the realignment.  This ratio played a role in the background process leading to the

proposed realignment.  The omission of the mismanagement from the April 20, 2004

Memorandum may affect the weight of Defendant's proposed testimony on this point but should

not render that testimony inadmissible.  The Court, therefore, should deny Plaintiff's second

motion in limine.

3.    **Plaintiff's "Other Claim".**

Plaintiff's third motion in limine seeks to exclude evidence that Plaintiff did not receive a supervisory position as a Division Director in the Office of Audits.  See Dkt. No. 54, at 2. Plaintiff argues that since she has voluntarily dismissed Counts VI to XI of her First Amended Complaint pertaining to her non-selection for the Division Director position, Defendant should not be allowed to introduce evidence of this non-selection.  Id. at ECF p. 2.

Defendant does not oppose Plaintiff's third motion in limine in principle.  However, Defendant reserves the right to raise this issue if Plaintiff argues at trial that Defendant derailed her career by preventing her from obtaining another managerial position.  Specifically, Defendant intends to argue at trial that Plaintiff was not as qualified for the Division Director position as the selectee, Robert Gwin.  In fact, after Mr. Gwin retired as the Division Director, Defendant chose Brenda Patterson, an African-American female, to replace him.

Given Defendant's position on Plaintiff's third motion in limine, the Court should grant Plaintiff's motion but allow Defendant address that point if Plaintiff opens the door to such evidence.

4.    **Personnel Specialist**

Plaintiff's fourth motion in limine seeks to exclude Defendant from presenting a human resource specialist from testifying about the abolishment of the HAD, arguing that Defendant did not provide her with the information during discovery.  Defendant does not intend to have a human resource specialist to testify about the abolishment of the HAD and Plaintiff's reassignment.

Rather, Defendant intends to have Mr. Heist and, possibly, Mr. Phelps testify about the fact that they consulted a human resource specialist when they were proposing to abolish the HAD and reassigned Plaintiff. Specifically, both witnesses will testify that they consulted with human resources to ensure that the realignment and eventual reassignment would not affect the grade, salary and benefits of the HAD's staff, including that of Plaintiff. Plaintiff has had knowledge that Mr. Heist consulted with human resources on the realignment and reassignment from day one. See April 20, 2004 Memorandum (Dkt. No. 53-2). Specifically, Plaintiff has had the April 20, 2004 Memorandum since the EEO stage, which indicates that Mr. Heist discussed "with Human Resources Division" to make sure that "this realignment can be accomplished without anyone's grade being affected." See April 20, 2004 Memorandum (Dkt. No. 53-2). In fact, Plaintiff's counsel had an opportunity to extensively query Mr. Heist on this issue when he deposed Mr. Heist on July 16, 2006. Accordingly, the Court should deny Plaintiff's fourth motion in limine.

**5.      Testimony of Undisclosed Witnesses and Treatment of Women and Minorities.**

Plaintiff's fifth motion in limine seeks to exclude the testimony of Sharelle Higgins, Brenda Patterson, and Joan Hobbs at trial arguing that Defendant should not be permitted to offer evidence of the treatment of women and minorities "after" the employment actions in this case. See Dkt. No.58 at 2 (emphasis provided). Plaintiff cites Defendant's portion of the Joint Pretrial Statement out of context to support this argument.

First, incorrectly citing the Joint Pretrial Statement, Plaintiff argues that Ms. Higgins should not be allowed to testify about "'**her** progression with the federal government' and unspecified 'human resources matters.'" Dkt. No. 58 at 2 (citing "Defendant's Witnesses"

5

portion of the Joint Pretrial Statement) (emphasis added).  Nowhere in the Joint Pretrial

Statement did Defendant indicate that it would offer Ms. Higgins to testify about "her

progression" in the federal government.  In actuality, "Defendant's Witnesses" specifically states

that "Ms. Higgins will testify as to matters related to career progression in the federal

government, including entry into the Senior Executive Service and other human resources

matters."  See Joint Pretrial Statement at p. 17.  Defendant intends to call Ms. Higgins to testify

about "career progression in the federal government" in general, *not* her own progression.  Ms.

Higgins's testimony is intended to rebut any testimony that Plaintiff may offer at trial that

Defendant derailed her career from "progress[ing] in the federal government" when Defendant

reassigned her to become a Special Assistant.  Ms. Higgins will testify that, as a Special

Assistant, Plaintiff is qualified to apply for Senior Executive Service positions or other

managerial positions but has failed to do so.  Contrary to Plaintiff's assertion, Ms. Higgins's

intended testimony is not to show achievements in the treatment of minorities after the fact.  See

Dkt. No. 58 at 2.

Second, Ms. Patterson's intended testimony is to "rebut" the witnesses that Plaintiff

intends to produce at trial.  According to "Plaintiff's Witnesses" list, Plaintiff intends to

introduce six witnesses who will testify as to how Defendant discriminated against minority

employees and retaliated against employees who filed EEO complaints.  See Joint Pretrial

Statement at p. 12-15 (ex., Austin Groom, Donna Hawkins, D. Michael Beard, Janet Bonds,

Latesha Campbell-Walters, and Daniel Salas).[2]  Ms. Patterson's testimony is intended to rebut

---

[2]    Defendant has moved to exclude these witnesses from testifying at trial.  See Def.
Mot. in Limine (Dkt. No. 57).

these witnesses' testimony, their testimony is allowed.  Moreover, Ms. Patterson's intended

testimony is to rebut any evidence that Plaintiff intends to offer at trial that Defendant has

prevented her from progressing in the federal government because Plaintiff failed to apply for

the position that Ms. Pattterson was selected for – Director of Technical and Oversight Planning

Division.

Finally, Ms. Hobbs is expected to testify about "her personal knowledge and experience

as a subordinate of Plaintiff," not about the treatment of minorities "after" the fact.  <u>See</u> Joint

Pretrial Statement at p. 18.  Ms. Hobbs's testimony is also intended to rebut testimony that

Plaintiff intends to offer at trial about Defendant's treatment of minorities.  <u>See</u> Joint Pretrial

Statement at p. 12-15 (ex., Austin Groom, Donna Hawkins, D. Michael Beard, Janet Bonds,

Latesha Campbell-Walters, and Daniel Salas). This is not "after" the fact testimony.

Accordingly, the Court should deny Plaintiff's fifth motion in limine.

Dated: February 25, 2008.                                  Respectfully Submitted,


   /s/  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

7

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAUNDRA ELION, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | ) Civil Action No. 05-0992 (PLF) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary of the | ) |
| U.S. Dept. of Housing and | ) |
| Urban Development, | ) |
| | ) |
|       Defendant. | ) |
| _____ | ) |

**ORDER**

Upon consideration of Plaintiff's five motions in limine (Dkt. Nos. 52, 53, 54, 55, and 58), Defendant's Opposition thereto, and the entire record herein, it is this _____ day of ____, 2008,

ORDERED that Plaintiff's four motions in limine (Dkt. Nos. 52, 53, and 58) be and are hereby DENIED; and it is

ORDERED that Plaintiff's third motion in limine (Dkt. No. 54) be and is hereby GRANTED, but Defendant shall be allowed to raise the issue that Plaintiff failed to be selected to become a Division Director in the Office of Audits, if made necessary by testimony elicited by Plaintiff.

SO ORDERED.

_____
U.S. District Judge