UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA G. ELION, | ) |
|       Plaintiff, | ) |
| v. | ) Civ. Action No. 05-0992 (PLF) |
| ALPHONSO R. JACKSON,<br>  Secretary Of Housing And<br>  Urban Development, | ) |
|       Defendant. | ) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR NON-MONETARY SANCTIONS**

On Monday February 25, 2008, plaintiff moved the Court to issue an Order imposing non-monetary sanctions on defendant for its eleventh hour production of highly probative documents that were responsive to plaintiff's original written discovery (Att. A, Bates nos. 3342 through 3371[1]). Later that evening, defendant moved to supplement its list of proposed exhibits with six documents from the group it just produced (Att. H). One of defendant's newly proposed exhibits was an e-mail from the Director of another OIG Headquarters' Division the week before plaintiff's former Division was abolished (Att. I (Def. Exh. No. 40)). That e-mail codified a detailed plan that had already been discussed and was ready to be implemented, a plan that would have made it unnecessary to reassign plaintiff's three former staff auditors (Id.).

Last evening, defendant produced yet another series of documents (Att. J). The letter transmitting these documents admitted that defendant would not have produced them, but for Plaintiff's Motion for Sanctions (Att. J at 1-2). One document of particular significance was an

---

[1]     Attachments A through G were submitted with plaintiff's opening Motion.

1

e-mail from HUD Inspector General Kenneth Donohue concerning the "FTE Ceiling-Request for Hiring up to Ceiling" in the Office of Audit (Att. K). The Inspector General's e-mail was addressed to OIG senior management, including the three individuals responsible for abolishing plaintiff's former Division, Deputy Inspector General Michael Stephens; Assistant Inspector General for Audit James Heist; and Deputy Assistant Inspector General Michael Phelps (Id.).

The Inspector General's e-mail shows that within three months of disbanding plaintiff's former Division on account of an alleged hiring freeze, the Inspector General and these senior OIG officials were engaged in a dialogue to add 12 more auditors to the Office of Audit (Att. K).

The possible involvement of HUD Inspector General Kenneth Donohue in abolishing plaintiff's former Division was never revealed before last Friday evening, when defendant produced two drafts of the Heist Memorandum of April 20, 2004 (Att. A, Bates nos. 3359-60, 3369-70). Unlike the final Heist Memorandum, these drafts were addressed to the Inspector General as well as Deputy Inspector General Stephens (Compare Att. A Bates nos. 3359-60, 369-70, with Att. C). Production of these drafts, required in response to Plaintiff's 1st Int. No. 6 and 1st RFP No. 16 (Att. L), would have inevitably led to the discovery of the Inspector General's e-mail; and revealed the dialogue and the plan to raise the hiring ceiling in the Office of Audit (Att. K).

Defendant's proposed Exhibit No. 40, which was produced last Friday, is also highly probative (Att. I). It is an e-mail from the Director of OIG's Financial Audits Division to senior audit management exactly one week before plaintiff's former Division was abolished (Id.). The document contains a highly specific plan already under consideration by senior OIG management; one which called for detailing staff to the Financial Audit Division and making it

unnecessary to reassign the three staff auditors in plaintiff's former Division (<u>Compare</u> Att. C at 1, <u>with</u> Att. I).

Defendant never produced this e-mail before last Friday evening (Att. H at 1), or identified the e-mail in its disclosures (Att. M at 4).  Moreover, <u>defendant never disclosed</u> the Director of OIG's Financial Audits Division Randy McGinnis or identified him or his e-mail in response to plaintiff's written discovery, which was required in response to Plaintiff's 1st Interrogatory No. 6 (<u>Id</u>. at 1-4; Att. L).

Plaintiff's Motion for Non-Monetary Sanctions sought the issuance of an Order that would impose sanctions short of judgment by default under Rule 37(b)(2)(A), b)(2)(B).  The Motion concluded by respectfully suggesting to the Court that as the record developed further, there might be grounds for the entry of default judgment against defendant, under Rule 37(b)(2)(C).  Judgment by default, in contrast to other sanctions under Rule 37 as to which intent is irrelevant, is warranted to rectify actions taken with conscious disregard for the discovery and disclosure processes, to penalize the offending party, and to deter others from engaging in similar misconduct.  <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976); <u>Dellums v. Powell</u>, 566 F.2d 231, 236-37 (D.C. Cir. 1977).  Plaintiff respectfully submits

that with the record that has now been developed, the Court should address at the upcoming pre-trial conference whether the entry of judgment by default against defendant is now appropriate.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100


_____//s//_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200

Counsel for plaintiff

4