IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUNDRA ELION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0992 (PLF) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
QUASH OR IN THE ALTERNATIVE MOTION IN LIMINE**

Defendant files this Reply in support of its motion to quash the subpoena served upon Deputy Counsel to the Inspector General Richard K. Johnson, or in the alternative moves in limine to exclude his testimony in the trial of this case, currently scheduled for March 3, 2008. For the reasons set forth below and in Defendant's Memorandum of Points and Authorities in support of its motion, Defendant respectfully requests that the Court exclude Mr. Johnson's testimony in its entirety.

Defendant's Motion to Quash established that plaintiff's request to depose Mr. Johnson should be dismissed because he failed to identify Mr. Johnson as a witness to testify at trial and failed to list Mr. Johnson in her initial disclosures or in supplements thereto. See Memorandum of Points and Authorities, p. 3. Fed. R. Civ. P. 37(c)(1) states in pertinent part:

> (1) Failure to Disclose, or Supplement. If a party fails to
> provide information or identify a witness as required by Rule 26 (a)
> or (e), the party is not allowed to use that information or witness to
> supply evidence on a motion, at a hearing, or at a trial, unless the
> failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Plaintiff has failed to establish that her failure to timely disclose this

witness was substantially justified or harmless. Despite Plaintiff's vague assertions, Defendant still does not know what specific testimony Plaintiff intends to elicit from Mr. Johnson. Plaintiff had ample time to reveal her intent to call Mr. Johnson as a witness as the interrogatories she prepared were provided on or about March 8, 2006. Had Plaintiff supplemented her initial disclosures to timely identify Mr. Johnson as a witness, Defendant could then have undertaken to discover exactly what Plaintiff intends to prove through his testimony. Consequently, Plaintiff's failure to disclose Mr. Johnson in a timely manner is neither substantially justified nor harmless.

Plaintiff's demand for Mr. Johnson's testimony is also breathtaking in its implications for the attorney-client privilege and the attorney work-product doctrine. Though Plaintiff never sought to depose him nor listed him as a potential witness in her Initial Disclosures, she now seeks to force an agency counsel - presently on active duty in the U.S. Air Force - to testify regarding the content of discovery responses he prepared during active litigation, based upon privileged communications with his agency clients. Plaintiff asks this Court to believe that she merely wishes for Mr. Johnson to explain these items for the jury's benefit, and/or to "confirm their significance"; she suggests that "Mr. Johnson need not even be identified as an attorney" for these purposes.

Obscuring Mr. Johnson's role as agency counsel undoubtedly favors Plaintiff's position, but Defendant is understandably less sanguine than Plaintiff regarding the likely scope of Mr. Johnson's testimony, regarding which Plaintiff has shown no substantial need nor inability to find suitable testimony from other witnesses. Mr. Johnson cannot reasonably explain or confirm the significance of Defendant's discovery responses without necessarily discussing the privileged communications that gave rise to their creation, or revealing his protected mental

impressions and thought processes that helped create them.  Forcing an agency counsel to testify regarding the content and significance of discovery responses he prepared unnecessarily forces him to walk an ethical minefield, and deprives the agency client of reasonable reliance on the confidence of its communications.  For these reasons, Defendant respectfully asks the Court to grant the Motion.  Defendant's discovery responses speak for themselves.

Plaintiff contends alternatively that Defendant enjoys no privileges or protections of any kind in this area.  Her arguments are meritless and should be rejected.  Defendant does not claim that its discovery responses are privileged, but the confidential counsel-client communications that produced those responses - which Mr. Johnson's testimony would necessarily disclose - certainly are privileged.  Plaintiff's citations are therefore inapposite here.  Mr. Johnson cannot explain the Defendant's responses or "confirm their significance" without necessarily delving into privileged communications.  Plaintiff would then have a free hand to explore every contour of Mr. Johnson's representation of Defendant.  This is exactly the kind of problem the attorney-client privilege was designed to prevent.

Plaintiff's contention that the attorney work-product doctrine would not be infringed by calling Mr. Johnson to testify is similarly meritless.  Plaintiff again asks the Court to trust that its inquiries into the content and significance of Defendant's discovery responses would not touch upon Mr. Johnson's mental impressions or thought processes; as discussed above, to do so would be folly.  Plaintiff then argues that the very act of producing those responses waived Defendant's attorney work-product protections.  As above, Defendant does not claim that the responses themselves are protected work product, but Mr. Johnson's underlying mental impressions and theories - i.e., his intangible work product, which he would be forced to draw

3

upon to explain the responses - are indeed protected.  Defendant has not previously produced Mr. Johnson's intangible work product, so it has not waived the protection of the attorney work-product doctrine.  Plaintiff is deliberately conflating the responses with Mr. Johnson's own intangible work product to strip the latter of its clear protection under current law.  See, e.g., Baker v. GMC, 209 F.3d 1051, 1054 (8th Cir. 2000) ("[O]pinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that the attorney engaged in illegal conduct or fraud.") (citations omitted); Banks v. Senate Sergeant-at-Arms and Doorkeeper, 222 F.R.D. 1, 5 (D.D.C. 2004) ("Questions of a witness that would disclose counsel's mental impressions, conclusions, opinions or legal theories may be interdicted to protect 'intangible work product.'") (citations omitted).  Plaintiff has said nothing to merit such an extraordinary remedy as to force Mr. Johnson to testify and place his client's confidences or his mental impressions in jeopardy.

For these reasons and those discussed in Defendant's Memorandum of Points and Authorities, Defendant respectfully requests that the Court exclude Mr. Johnson's testimony in its entirety.

Dated: February 27, 2008.

Respectfully Submitted,

 /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/   Rudolph Contreras
RUDOLPH CONTRERAS,

4

D.C. BAR #434122
Assistant United States Attorney

  /s/  John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant