IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAUNDRA ELION,            )
                          )
    Plaintiff,            )
                          )
    v.                    )   Civil Action No. 05-0992 (PLF)
                          )
ALPHONSO R. JACKSON,      )
                          )
    Defendant.            )
_____)

## AFFIDAVIT OF JAMES HEIST IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

I, JAMES HEIST, hereby declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following facts are true and correct based on my personal knowledge and belief and I can competently testify to the facts stated herein.

1. During the discovery phase of this proceeding I was requested by the Office of Legal Counsel (OLC) to the Inspector General to make available emails that were responsive to certain discovery requests propounded by Plaintiff. The process I used to provide EMails for discovery was as follows:

2. I maintained several Lotus Notes EMail archive files on my hard drive. Each of these files covered a specific timeframe (based on the date each EMail was sent or received by me). Most files, for example, covered a calendar quarter. After discussing this with Richard Johnson of OLC, I created a single Lotus Notes file that consisted of all the EMail messages in the archive files that covered the period requested by Mr. Johnson.

3. Any EMails that I had deleted during the normal course of business would not have been included as they would not have been saved in my original archive files. This consolidated EMail file was created on my hard drive and was too large to copy to a compact disk. Therefore, to the best of my recollection, I copied the file to a drive on the OIG network where Mr. Johnson could access the file. I do not know whether Mr. Johnson copied the file to his computer's hard drive or accessed the file from the network.

4. It was my understanding that Mr. Johnson would search this file for EMails responsive to the discovery request. I do not recall there being any subsequent requests from Mr. Johnson for me to conduct searches for EMails.

5. I have been shown a copy of an Email dated April 2, 2004 from Deputy Inspector General Michael Stephens to senior OIG officials regarding "Subject: FTE realignment."



GOVERNMENT
EXHIBIT
C

(Attch. 1) I have also been shown the Motion for Sanctions filed by Plaintiff through her counsel. Plaintiff's counsel misunderstands the significance of the content of the subject email, and in fact Plaintiff's counsel concludes erroneously that this realignment of FTEs impacted the Office of Audit's ability to hire or somehow increased actual staffing within the Office of Audit.

6.  The EMail in question states in part that, "... 5 FTE will be added to the Audit staff and 5 FTE will be subtracted from the Investigative staff." The EMail goes on to state that, "However, this new number is based on an overall FTE for the organization based on 660 not 675. Therefore Investigations new FTE ceiling will be 308 and Audit will be based on 301...."

7.  The resultant impact on the Office of Audit was not an increase in its FTE ceiling level, because the "5 FTE" was added back to the Office of Audit after the OIG-wide FTE ceiling number had been reduced from 675 to 660. The net effect was actually a reduction of the Office of Audit's FTE ceiling from 302 to 301. The revised 301 FTE ceiling was subsequently reflected in the 4/25/04 audit staffing chart, (Attch. 2) reduced from the 302 FTE level shown in the prior (4/18/04) Office of Audit staffing chart. (Attch. 3)

8.  Even if the Office of Audit's FTE ceiling had been increased by 5, the hiring freeze would have still been in effect. Those FTE's, as existing open FTEs, would have gone unfilled due to the hiring freeze. The mere fact that you have a designated FTE ceiling does not mean that your on board staff count has to equal that ceiling number. If the budget will not support the FTE ceiling level, which was the case in 2004, those FTEs go unfilled. This is because the Office of Audit, in concert with the rest of the OIG, needed to attain, through normal attrition, an actual on board staff level by the end of fiscal year 2004 that was significantly lower than the revised FTE ceiling. This was to make up for the fact that during the beginning part of fiscal year 2004, the Office of Audit's actual on board staff was greater than the revised FTE ceiling of 301.

9.  For example, at the beginning of fiscal year 2004, the Office of Audit's actual on board staff was 314 (see 10/5/03 Office of Audit staffing chart – Attch. 4). Because of the hiring freeze, the Office of Audit's on board actual staff was allowed, through attrition, to be lowered to the point that as of the beginning of fiscal year 2005 it was 285, or 16 less than the FTE ceiling level which remained at 301 (see 10/3/04 Office of Audit staffing chart, Attch. 5). This further supports, not undercuts, the decision to transfer HAD staff to Financial Audit because there was, in fact, no ability for me to even maintain the Office of Audit's on board staff level after April 2004, much less increase it.

I have nothing further to add.

_____
James A. Heist

February 28, 2008

Michael Stephens/WHQ/HUDOIG
04/02/2004 02:10 PM

To: rhaban@hudoig.gov, jheist@hudoig.gov, draschka@hudoig.gov, jharr@hudoig.gov
cc: dsalas@hudoig.gov, jmccarty@hudoig.gov, Helen Albert/WHQ/HUDOIG@HUDOIG, bsaddler@hudoig.gov, rjohnson@hudoig.com, Kenneth
bcc:
Subject: FTE reallignment

It has been decided at this time that 5 FTE will be added to the Audit staff and 5 FTE will be subtracted from the Investigative staff. However, this new number is based on an overall FTE for the organization based on 660 not 675. Therefore Investigations new FTE ceiling will be 308 and Audit will be based on 301.

Explanation of numbers:
(Realize that based on 660 and we kept the current percentage of FTE between OI and OA the numbers would have been OI 313 and OA 296 before our decision to move five slots from OI to OA).

Please base your planning regarding hiring on this information. I will continue to discuss with you individual hiring decisions to make sure that we are filling the most needed positions. The FTE makeup of the other divisions will remain the same.

At the present time, I have been advised that we have achieved the 660 desired level overall. I realize that this will vary depending on the situation and needs. You should plan to reach your allowable FTE ceiling as soon as possible. The earlier that we achieve and maintain the overall goal of 660 the better. This will put us in a much better position to deal with the significant problems relating to the '05 budget. As always, I look forward to discussing this with you at anytime, Thank you.

Michael P. Stephens
Deputy Inspector General
202-708-0430

Attch 1

## OFFICE OF AUDIT
## AUDIT STAFF

| REGION/OFFICE | CEILING 2004 | SCEP | ON BOARD 4/25/2004 | PENDING IN | PENDING STATUS OUT |
|---|---|---|---|---|---|
| **HEADQUARTERS AUDIT** | | | | | |
| AIG | 7 | | 7 | | |
| FINANCIAL AUDIT | 19 | | 20 | -1 | |
| TECH OVERSIGHT & PLANNING | 16 | | 14 | 1 | laith 5/3 |
| IS AUDIT | 16 | | 13 | | |
| SUBTOTAL | 58 | | 54 | 0 | |
| **FIELD AUDIT** | | | | | |
| REGION 1 | 19 | 0 | 19 | | |
| REGION 2 | 25 | 0 | 24 | 1 | llamas 6/17 |
| REGION 3 | 28 | 0 | 29 | | |
| REGION 4 | 41 | 1 | 38 | -1 | |
| REGION 5 | 31 | 0 | 30 | -1 | |
| REGION 6 | 28 | 0 | 28 | | |
| REGION 7 | 14 | 1 | 15 | -1 | |
| REGION 8 | 14 | 1 | 16 | | |
| REGION 9 | 29 | 0 | 28 | 1 | gish |
| REGION 10 | 14 | 1 | 15 | | |
| SUBTOTAL | 243 | 4 | 242 | -1 | |
| TOTAL | 301 | 4 | 296 | -1 | |

Pending status out: llamas 6/17, huffman, taylor, gish

(Attachment 2) 02479

# OFFICE OF AUDIT
## AUDIT STAFF

| REGION/OFFICE | CEILING 2004 | SCEP | ON BOARD 4/18/2004 | PENDING | PENDING STATUS IN | PENDING STATUS OUT |
|---|---|---|---|---|---|---|
| **HEADQUARTERS AUDIT** | | | | | | |
| AIG | 4 | | 4 | | | |
| FINANCIAL AUDIT | 16 | | 18 | -1 | | llamas 6/17 |
| TECH OVERSIGHT & PLANNING | 15 | | 13 | | | |
| IS AUDIT | 17 | | 14 | | | |
| HQ AUDIT | 9 | | 6 | | | |
| SUBTOTAL | 61 | | 55 | -1 | | |
| **FIELD AUDIT** | | | | | | |
| REGION 1 | 19 | 0 | 20 | -1 | | eknallan |
| REGION 2 | 24 | 0 | 24 | 1 | llamas6/17 | |
| REGION 3 | 28 | 0 | 29 | | | |
| REGION 4 | 41 | 1 | 39 | -2 | | |
| REGION 5 | 30 | 0 | 30 | -1 | | huffman,walls4/17 |
| REGION 6 | 28 | 0 | 28 | | | taylor |
| REGION 7 | 14 | 1 | 15 | -1 | | |
| REGION 8 | 14 | 1 | 16 | | | gish |
| REGION 9 | 29 | 0 | 28 | 2 | falh,gish | |
| REGION 10 | 14 | 1 | 15 | | | |
| SUBTOTAL | 241 | 4 | 244 | -2 | | |
| TOTAL | 302 | 4 | 299 | -3 | | |

(Attachment 3)   02478

## OFFICE OF AUDIT
## AUDIT STAFF

| REGION/OFFICE | CEILING 2003 | SCEP | ON BOARD 10/5/2003 | PENDING IN | PENDING STATUS OUT |
|---|---|---|---|---|---|
| **HEADQUARTERS AUDIT** | | | | | |
| AIG | 4 | | 4 | | |
| FINANCIAL AUDIT | 16 | 1 | 17 | 0 | |
| TECH OVERSIGHT & PLANNING | 15 | 0 | 14 | -1 | bowles |
| IS AUDIT | 18 | 0 | 18 | 0 | |
| HQ AUDIT | 9 | 0 | 7 | 0 | |
| SUBTOTAL | 62 | 1 | 60 | -1 | |
| **FIELD AUDIT** | | | | | |
| REGION 1 | 19 | 1 | 21 | 0 | |
| REGION 2 | 24 | 0 | 24 | 0 | |
| REGION 3 | 28 | 0 | 30 | -1 | schimony 10/31 |
| REGION 4 | 41 | 1 | 41 | -2 | lopez, huffman |
| REGION 5 | 30 | 0 | 33 | -1 | huntz 10/31 FAIR |
| REGION 6 | 28 | 0 | 29 | -1 | russ 10/17 |
| REGION 7 | 14 | 1 | 17 | -1 | scott |
| REGION 8 | 14 | 1 | 16 | | coyle |
| REGION 9 | 29 | 0 | 29 | -2 | velasco 12/31, doss 12/31 |
| REGION 10 | 14 | 1 | 14 | | |
| SUBTOTAL | 241 | 5 | 254 | -8 | |
| TOTAL | 303 | 5 | 314 | -9 | |

not in count, may leave

(Attachment 4)   02462

# OFFICE OF AUDIT
# AUDIT STAFF

| REGION/OFFICE | CEILING 2004 | SCEP | ON BOARD 10/3/2004 | PENDING | PENDING STATUS IN | OUT |
|---|---|---|---|---|---|---|
| **HEADQUARTERS AUDIT** | | | | | | |
| AIG | 7 | | 7 | 0 | | |
| FINANCIAL AUDIT | 19 | | 18 | -1 | mays | dvorak,patterson |
| TECH OVERSIGHT & PLANNING | 16 | | 16 | 0 | gwin,patterson,sorenson | MCLEOD12/31,laporte10/22 |
| IS AUDIT | 16 | | 11 | 0 | | |
| SUBTOTAL | 58 | | 52 | 0 | | |
| **FIELD AUDIT** | | | | | | |
| REGION 1 | 19 | 0 | 17 | 1 | dvorak | |
| REGION 2 | 25 | 0 | 24 | -3 | | |
| REGION 3 | 28 | 0 | 28 | -1 | | |
| REGION 4 | 41 | 1 | 36 | -2 | | |
| REGION 5 | 31 | 0 | 30 | 1 | verson10/18 | jackson*, gilbert* |
| REGION 6 | 28 | 0 | 27 | | | |
| REGION 7 | 14 | 1 | 13 | | | mays |
| REGION 8 | 14 | 1 | 16 | -4 | | MALLOY 12/31 CLUGSTON12/31,lanassa1030 |
| REGION 9 | 29 | 0 | 27 | | | kile12/31,abrams,williams,gwin |
| REGION 10 | 14 | 1 | 15 | | | |
| SUBTOTAL | 243 | | 233 | -8 | | |
| TOTAL | 301 | 4 | 285 | -8 | | |

* job offers have been made by HUD program, awaiting final approval

(Attachment 5)  02496