

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 26, 2008

VIA E-MAIL IN PDF

Robert C. Seldon, Esq.
1319 F Street, N.W., Suite 305
Washington, D.C. 20004

    Re:    <u>Elion v. Jackson, Civ. No. 05-992 (PLF)</u>

Dear Mr. Seldon:

    During trial preparation today, I discovered that I have certain documents that HUD provided to me for review in connection with your discovery requests but which were not produced to you. These documents have the bates range of S(a)00001 to S(a) 000127, and are enclosed.

    The agency gave me these documents on August 16, 2006; however, due to work load and oversight on my part, I failed to review them and produce the responsive documents to you as a formal response to your document production requests. In any event, as explained below, at least some of these documents are not responsive or were otherwise provided to Plaintiff within the discovery period. However, out of an abundance of caution, I am producing all documents found today.

    For example, documents with bates ranges of S(a)000107 to S(a)000127 discuss the logistics of the move from Capital District to Headquarters in April 2002. These documents are not responsive to any of Plaintiff's document requests. Moreover, documents with bates range of S(a)00096 to S(a)000106 are from May 2004 to August 2004 and are irrelevant because they discuss issues that occurred after the abolishment of the Headquarters Audit Division and Plaintiff's reassignment in April 2004.

    The following documents were attached as exhibits to Plaintiff's deposition in August 2006: S(a)00029-31 (Exh. 5); S(a)00032-34 (Exh. 6); S(a)00042 (Exh. 7); S(a)00043-47 (Exh. 8); S(a)00010 (Exh. 10); S(a)000 69 and S(a)00072 (Exh. 17); S(a)00065-68 (Exh. 15); S(a)00062-64 (Exh. 16); and S(a)00073 (Exh. 18). Documents with bates number S(a)00084 to


GOVERNMENT EXHIBIT E

S(a)00087 and S(a)00088 were provided to you on February 22, 2008. As for the remaining documents, Plaintiff should have the vast majority of them as those are emails that were sent by Plaintiff, received by Plaintiff, or on which Plaintiff was copied.

Normally, if I were reviewing these documents for production during the discovery period, I would have withheld the majority of the 127 pages of documents as non-responsiveness or duplicative. However, as I alluded to above, I want to be transparent with Plaintiff because of this late production and to show good faith that these documents were overlooked due to simple inadvertence, for which I apologize.

Please do not hesitate to call me if you have questions.

                              Sincerely,
                              UNITED STATES ATTORNEY
                              JEFFREY A. TAYLOR

By:   //s//
       John C. Truong
       Assistant United States Attorey

Enclosures: