**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAUNDRA G. ELION, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>ALPHONSO R. JACKSON, )<br>  Secretary Of Housing And )<br>  Urban Development, )<br>)<br>  Defendant. )<br>_____) | Civ. Action No. 05-0992 (PLF) |

**SUPPLEMENTAL MEMORANDUM REGARDING DISCLOSURE OF INDIVIDUALS
(Higgins, Patterson, and Hobbs)**

The Federal Rules of Civil Procedure require parties to disclose "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Rule 26(a)(1)(a), Fed. R. Civ. P.[1] The penalty for failure to make timely disclosure is automatic exclusion at trial, in accordance with Rule 37, Fed. R. Civ. P.; E.g., Yeti By Molly LTD v. Deckers Outdoor Corporation, 259 F.3d 1101, 1107 (9th Cir. 2001); Wilson v. Bradlees of New England, 250 F.3d 10 (1st Cir. 2001); Heidtman v. El Paso, 171 F.3d 1038 (5th Cir. 1999); Klonoski v. Mahlad, 156 F.3d 255 (1st Cir. 1998); Coles v. Perry, 217 F.R.D. 1, 6 (Facciola, J.). Parties also "have an obligation under Rule 26(e) to supplement their initial disclosures with the name of every person who may have discoverable information; the failure to meet that obligation carries a high risk of sanctions. See, e.g., Coles v. Perry, 217 F.R.D. 1, 5

---

[1] Individuals with impeachment knowledge are excluded from the Rule's coverage. The admissibility of extrinsic testimony to impeach a witness's credibility are exceptionally limited and of no relevance here. Rule 608(a), Fed. R. Evid.

(D.D.C.2003)" (Facciola, J.); D'Onofrio v. SFX Sports Group, Inc., 247 F.R.D. 43, 54 (D.D.C. 2008) (Facciola, J.)

Witnesses who are selected to be called at trial are a sub-set of individuals with discoverable information. Disclosure of their identities cannot be compelled in advance of a pre-trial order, because the selection of trial witnesses embodies counsel's decisions about trial strategy. D'Onofrio v. SFX Sports Group, Inc., 247 F.R.D. 43, 53-54 (D.D.C. 2008) (Facciola, J.) (citing IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 323 (D.Kan.1998). That is why a "distinction has traditionally been drawn between witnesses to the events in question and witnesses who will be called for trial by the adverse party." Id. (quoting 8 Wright, Federal Practice and Procedure, §2013 (2nd ed. 1994).

"There is no rebuttal witness exception to the requirement to disclose witnesses under Fed. R. Civ. P. 26(a)(1)." United States ex rel. Fago v. M&T Mortgage Corp., 518 F.Supp.2d 108, 114 (D.D.C. 2007) (Kessler, J.). The Rule's requirement to disclose individuals stems from their having knowledge of "discoverable information," not their placement at trial. "The harm from the failure to disclose a witness flows from the unfair surprise hindering the prejudiced party's ability to examine and contest that witness' evidence." United States ex rel. Percell v. MWI Corp., 520 F.Supp.2d 158, 168 (D.D.C. 2007) (RMU) (citing Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc., 493 F.3d 160, 168 (D.C. Cir. 2007)).

Sharelle Higgins and Brenda Patterson were not identified at all in defendant's disclosures (Att. A. at 1-4). Joan Hobbs was a subordinate of plaintiff who left plaintiff's supervision in 2001; she was listed in defendant's disclosures but only about plaintiff's

performance as a manager of the audit function of the Capital District Office (Id. at 3).[2] This is a subject that the Court has eliminated from trial on defendant's motion as having occurred "long before" the operative events in this case. Minute Order of Feb. 29, 2009. Accordingly, none of the three may be called as witnesses.

                    Respectfully submitted,

                    _____//s//_____
                    Robert C. Seldon, Esq.
                     D.C. Bar No. 245100

                    _____//s//_____
                    Molly E. Buie, Esq.
                     D.C. Bar No. 483767

                    Robert C. Seldon & Associates, P.C.
                    1319 F Street, N.W., Suite 200
                    Washington, D.C. 20004
                    (202) 393-8200

                    Counsel for Plaintiff

---

[2] The Capital District Office was the one that plaintiff headed until 2002, before she was the Director of the Headquarters Audits Division. Hobbs ceased working for plaintiff in 2001.