UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SAUNDRA G. ELION,                   )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )    Civil Action No. 05-992 (PLF)
                                    )
ALPHONSO R. JACKSON,                )
  Secretary, United States Department of )
  Housing and Urban Development,    )
                                    )
    Defendant.                     )
_____)

ORDER

        This is an employment discrimination case in which the plaintiff, an African American woman, alleges race and gender discrimination and retaliation for engaging in protected activity, all under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. Both sides seek to call witnesses at trial to offer so-called "me too" testimony. The purpose of such testimony is to support (or, in defendant's case, to undermine) the inference that defendant, the United States Department of Housing and Urban Development ("HUD"), discriminated and retaliated against plaintiff when it disbanded the Headquarters Audit Division ("HAD") and reassigned her in April 2004. Both parties also seek to call certain witnesses to testify about other collateral but purportedly relevant matters.

        Each side has filed various motions *in limine* and supplemental papers arguing that this Court should preclude the other side from offering its proposed witnesses, or at least limit the scope of those witnesses' testimony. The Court has taken these motions – and the parties' oral arguments in support – under advisement, and intends to issue an Opinion

explaining its conclusions shortly. The Court has determined, however, that it would benefit the parties' ongoing settlement efforts to advise the parties of the Court's conclusions now. Accordingly, it is hereby

ORDERED that Austin Groom will be permitted to testify about his termination in 2002. If plaintiff decides to call Mr. Groom to testify about his termination, defendant will be permitted to ask Mr. Groom if he was reinstated and if he was reinstated after he engaged in alternative dispute resolution with HUD. No party, however, may inquire into *the terms* of Mr. Groom's settlement agreement with HUD; it is

FURTHER ORDERED that Stanley McLeod will be permitted to testify about his personal knowledge of the need for additional personnel – or lack thereof – in the Division of Technical Oversight and Planning; it is

FURTHER ORDERED that Donna Hawkins will be permitted to testify about (1) defendant's allegedly discriminatory treatment of her; (2) events or conduct which Ms. Hawkins personally observed and of which Ms. Hawkins has personal knowledge, such as defendant's reductions of Ms. Elion's staff, from which the jury may infer discrimination or retaliation; and (3) Ms. Elion's competence and HAD's performance. Ms. Hawkins will not be permitted to offer conclusions, impermissible lay opinions, or inferences from these events.

If plaintiff calls Ms. Hawkins to testify about defendant's allegedly discriminatory treatment of her, defendant may ask Ms. Hawkins about her recent Equal Employment Opportunity complaint. Specifically, defendant may ask Ms. Hawkins whether her complaint was ultimately rejected by the Equal Employment Opportunity Commission ("EEOC"), but it may not explicitly compare Ms. Hawkins' administrative complaint with Ms. Elion's claims or

offer evidence that the EEOC concluded that disbanding HAD was not a pretext for discrimination, or that the hiring freeze was legitimate; it is

FURTHER ORDERED that Michael Beard will not be permitted to testify about his reassignment in 2005. Mr. Beard may be permitted, after a detailed proffer out of the presence of the jury, to offer testimony about his personal knowledge (if he has any, which the Court doubts) of Ms. Elion's competence and HAD's performance; it is

FURTHER ORDERED that Janet Bonds will be permitted to testify about Ms. Elion's competence and HAD's performance; it is

FURTHER ORDERED that the Court will decide at a later time whether Latesha Campbell-Waters will be permitted to testify, and if so, as to what matters; it is

FURTHER ORDERED that Daniel Salas will not be permitted to testify; it is

FURTHER ORDERED that Sharelle Higgins will not be permitted to testify; it is

FURTHER ORDERED that, if plaintiff's counsel puts Ms. Elion's competence at issue, Joan Hobbs will be permitted to testify; it is

FURTHER ORDERED that Brenda Patterson will be permitted to testify about her promotion in 2004 and about her personal knowledge of defendant's treatment of minority employees, provided such testimony involves specific events (rather than vague generalizations), does not constitute an impermissible lay opinion, and is otherwise relevant and admissible; it is

FURTHER ORDERED that Plaintiff's First Motion *in Limine* [52] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that Plaintiff's Fifth Motion *in Limine* [58] is GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that Defendant's Motion *in Limine* [57] is GRANTED in part and DENIED in part.

As noted above, an Opinion explaining this Order will follow.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 5, 2008