**PLAINTIFF'S PROPOSED NON-STANDARD INSTRUCTION**
**<u>RETALIATION</u>**

I have instructed you earlier that Title VII makes it unlawful for an employer to retaliate against an employee for his or her use of an agency's administrative discrimination complaints process. There are three essential elements to a claim of retaliation. Only the third element is in dispute here and for you to decide.

The first element of a claim of retaliation is that an employee has to have engaged in protected EEO activity before he or she was subject to a personnel action made unlawful by Title VII. The parties have stipulated to the fact that Ms. Elion engaged in protected EEO activity when she filed an informal EEO complaint against HUD OIG in December of 2002; that that process ran until March 20, 2003; and that this protected activity took place before the personnel actions that Ms. Elion complains about in this suit. You are to take these stipulated facts as true for all purposes during your deliberations.

The second element of a claim of retaliation is that an employer has taken personnel or other action that is covered by Title VII. Personnel and other actions that are covered by the anti-retaliation provisions of Title VII are those that might have dissuaded a reasonable worker from making a charge of discrimination. I have instructed you as a matter of law that the personnel actions Ms. Elion complains about, namely her removal as Director of the HUD OIG Headquarters

Audits Davison and/or her reassignment as a special assistant to the Assistant Inspector General for Audit, were covered personnel actions under Title VII.

The third element of a claim of retaliation is proof by a preponderance of the evidence that retaliation was a factor that motivated an employer to take personnel or other action. In other words, Ms. Elion must prove by a preponderance of the evidence that retaliation was a motivating factor, but not the sole motivating factor, in HUD OIG's actions of April 21, 2004. This is the only element of Ms. Elion's claim of retaliation that is in dispute and the only one that is for you to decide.

All of the instructions that I have given to you in the context of Ms. Elion's claims of discrimination, including for example my instructions about direct and circumstantial evidence, inferences and preponderance of the evidence, motivating factors, and an employer's right to use its business judgment, apply equally to Ms. Elion's claim of retaliation.

Retaliation may be proven with the same types of evidence, direct and circumstantial, that prove discrimination.


Source:    Mitchell v. Baldridge, 759 F.2d 80, 86 (D.C. Cir. 1985); Shirley v. Chrysler First, Inc., 970 F.2d 39, 44 (5th Cir. 1992); Gipson v. Wells Fargo, N.A., 460 F.Supp.2d 15, 25 (D.D.C. 2006); Rochon v. Gonzales, Rochon v. Gonzalez, 438 F.3d 1211, 1215-16 (D.C. Cir. 2006); Lathram v. Snow, 336 F.3d 1085, 1094 (D.C. Cir. 2003); 42 U.S.C. §2000e-3 (incorporated in 42 U.S.C. §2000e-16).