# FINAL INSTRUCTIONS

Ladies and gentlemen of the Jury, now that you have had all of the evidence in this case presented to you and the closing arguments of the lawyers, it is my duty and responsibility to give you instructions as to the law applicable to the evidence so that your verdict will be true and just.  It is your duty as jurors to follow the law as I give it to you and to apply that law in this case as you find the facts from the evidence.  It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this case.

# 1-1  FUNCTION OF THE COURT

As I have told you before, my job is to conduct the trial of the case in an orderly, fair, and efficient manner; to rule on questions of law that arise during the trial; and to tell you the law that applies to this case.

It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions.  In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

## 1-2 FUNCTION OF THE JURY

Your function as jurors is to decide the facts. You are the sole and exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the credibility or believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

## 1-3  SIGNIFICANCE OF
## PARTY DESIGNATIONS

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence.  A plaintiff must prove every

element of his or her claim by a preponderance of the

evidence and a defendant must prove every element of its

defense by a preponderance of the evidence.

# 1-4  JURORS' DUTY TO DELIBERATE

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs

about the effect or weight of evidence merely to return a

verdict or solely because of other jurors' opinions.

# 1-5  ATTITUDE AND CONDUCT OF JURORS

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict which you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

# 1-6  INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

# 1-7  COURT'S COMMENTING
## ON THE EVIDENCE

The law permits me to comment to you about the evidence in this case, although I do not believe I have done so in this case.  But let me say that any comments I may have made about the facts do not bind you.  If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

## 1-8  COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

## 1-9  JURY NOT TO TAKE CUE FROM JUDGE

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

## 1-10  RULINGS ON OBJECTIONS

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer -- when I ordered it stricken -- you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

# 1-11  EQUALITY OF LITIGANTS -- GOVERNMENT AGENCY

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.  The federal government and its agencies, like HUD OIG, have the same right to a fair trial as private individuals. All persons, individuals and including government agencies, stand equal before the law and are to be treated as equals

in this court.  In other words, the fact that the defendant is

an agency of the federal government,

must not affect your decision.

## 2-1  EVIDENCE IN THE CASE

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

# INFERENCES

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses and exhibits. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.  An inference is a deduction or conclusion which reason and common sense lead you to make from facts which have been proved.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences, while the defendant may ask you to draw another. It is for you and you alone to decide what inferences to draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you are permitted to draw – but are not required to draw –from the facts which have been established by either direct evidence or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Let me give you an example. If you were outside and saw the leaves of the trees wet and the sky cloudy, you could (but are not required to) infer that it had been raining that day.

If you were inside during the day and saw a man or woman entering the courtroom with a wet overcoat and shaking his or her umbrella, you could (but are not required to) infer that it had been raining outside not long ago.

If you saw that same man or woman putting  on a wet coat and carrying a wet umbrella as he or she was leaving the courtroom, you could not infer what the weather would be outside three or four hours later; that would not be a legitimate inference but unwarranted speculation.

## 2-4  INADMISSIBLE AND STRICKEN EVIDENCE

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

# 2-5 STATEMENTS OF COUNSEL

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence.

A lawyer's question that contains an assertion of a fact does not provide evidence of that fact unless that fact is already in evidence or, with my permission, has been asked subject to proving the facts asserted later during the trial.

# 2-6  JURY'S RECOLLECTION CONTROLS

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.  It is your recollection of the evidence that controls.

## 2-8  BURDEN OF PROOF

The party who makes a claim or a defense has the burden of proving it. This burden of proof means that the plaintiff must prove every element of a claim by a preponderance of the evidence and that the defendant must prove every element of a defense by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence on an issue where the plaintiff has the burden, the evidence favoring

the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

If, after considering all of the evidence on an issue where the defendant has the burden, the evidence favoring the defendant's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the defendant on that issue, then the defendant will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or

mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant. If you believe that the evidence is evenly balanced on an issue the defendant had

to prove, then the defendant has not carried the burden of

proof and your finding on that issue must be for the

plaintiff.

## 2-9  EVIDENCE PRODUCED BY ADVERSARY

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors him or her whether he or she produced it or his or her adversary produced it.

## 2-10  DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence: direct and circumstantial.  Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

# **STIPULATIONS**

The parties have stipulated to certain facts for the purposes of this case.  Stipulations of fact reflect an agreement between parties that certain facts are true for the purposes of this case.  I have read the parties' stipulations to you earlier during my preliminary instructions.

You must regard stipulated facts as true in deciding your verdict.  You must not regard stipulated facts in isolation from other facts that you are to decide by a preponderance of the evidence, nor should you assume anything because some facts have been stipulated to and others have not.  Stipulated facts are to be treated no differently from facts that

you decide by a preponderance of the evidence during your deliberations, except that no proof of stipulated facts is required because they have been agreed to by the parties.

## 3-1  JURY TO DETERMINE CREDIBILITY OF WITNESSES

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

## 3-8  IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the

prior statement when you assess the truthfulness of the testimony given in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury, then you may also treat that prior statement as evidence in this case -- that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

# THE STATUTE

This case arises under Title VII of the Civil Rights Act of 1964, a federal law which prohibits employers, including the federal government and its agencies, from discriminating against an employee or an applicant for employment and from retaliating against an employee or applicant for employment for utilizing a protected EEO complaints process.

In specific terms, Title VII provides that:

All personnel actions affecting employees or applicants for employment with the federal government shall be made free from any discrimination based on race, color, religion, sex, or national origin, and free from any retaliation based on protected EEO activity.

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin or prior use a federal agency's administrative discrimination complaints process was a motivating factor for any personnel practice, even though other factors also motivated the practice.

Race and sex are two of the categories protected under Title VII.

Using a federal  agency's EEO discrimination complaints  process is an activity that is protected under Title VII,  whether or not the complaint is successful and whether or not its allegations are correct.

# DAMAGES

I will now give you a series of instructions about damages.

You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of plaintiff and against defendant.

## DAMAGES

Compensatory damages are those damages that comprise fair compensation for a plaintiff when he or she has been discriminated against or retaliated against. If you find in favor of plaintiff, then you must award plaintiff such sum as you find by a preponderance of the evidence will fairly and reasonably compensate her for any damages you find she actually sustained as a direct result of being removed from a supervisory position and/or reassigned involuntarily to a position with significantly different responsibilities.

Any compensatory damages you award to Ms. Elion must include some compensation for the

violation of Title VII of the Civil Rights Act, even if it is only nominal. On the other hand, any compensatory damages may also include compensation for any future economic loss, emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that you find she experienced as a consequence of discrimination or retaliation.

No evidence of the monetary value of intangible damages has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, conjecture, speculation, guess work or punishment. On the other hand, the law does not require that plaintiff prove the amount of damages with mathematical precision. The damages that you award must be fair compensation, no more and no less.

Your award of damages must not include any amounts for benefits or attorney fees. The award of any amounts for benefits or attorney fees, if appropriate, is for the Court to decide and award.

# JURY ORGANIZATION AND DELIBERATIONS

Ladies and gentlemen, now that you have heard the evidence, the arguments of counsel and my instructions, you will retire to the Jury Room. First select from among your number a foreperson in any manner you choose. That person has two primary responsibilities:

1. To preside over the jury deliberations and keep the jury deliberations moving in a rational fashion in order to arrive at a fair verdict based on the evidence and in the context of the Court's instructions on the law;

2.  To be the primary contact between the jury and the Court during deliberations and to return the jury's verdict in Open Court when the Jury has arrived at a unanimous verdict.

All exhibits received in evidence will be sent to you at the outset of your deliberations.

You have as much time as you desire to deliberate and arrive at a fair verdict.  No verdict should be arrived at because of the pressure of time.

If today after what I judge to be a reasonable time you have not arrived at a verdict, I will bring you into Court, give your some instructions and send you home, to return tomorrow to resume your deliberations.

# NO. 102
# NOTETAKING BY JURORS

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pens when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

# UNANIMOUS VERDICT

The verdict you return must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your

honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

# COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the Marshal or the Deputy Clerk, signed by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing, or orally here in Open Court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions that you are to decide, until after you have reached a unanimous verdict.

# VERDICT FORM

A verdict form has been prepared for your convenience. You will take this form to the jury room.

[Form of special verdict read.]

You will note that the verdict form contains several questions. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided at the end of each question.

When you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree.

# VERDICT FORMS --
# JURY'S RESPONSIBILITY

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## SEPARATE AND MULTIPLE CLAIMS

Ms. Elion makes three claims in this case.

First, Ms. Elion has claimed that intentional discrimination on account of her race was a motivating factor in HUD OIG's decision to remove her from a supervisory position and/or reassign her involuntarily to a position with significantly different responsibilities in April 2004.  Second, Ms. Elion has claimed that intentional discrimination on account of her sex was a motivating factor in HUD OIG's decision to remove and/or reassign her in April 2004. Third, Ms. Elion has claimed that HUD OIG retaliated against her; specifically, she has claimed that a motivating factor in HUD OIG's decision to

remove and/or reassign her in April 2004 was her filing of an administrative complaint of discrimination with the agency in December 2002.

You are to deliberate on each of these claims and render a verdict on each one separately. If you find that Ms. Elion has proven one or more of her claims by a preponderance of the evidence, you are to find for her and enter judgment accordingly.  If you find that Ms. Elion has not proven any of her claims by a preponderance of the evidence, you are to find for HUD OIG and enter judgment accordingly.

**PROOF OF INTENT**

Ms. Elion has the burden of proving by a preponderance of the evidence that HUD OIG intentionally discriminated against her on the basis of her race or sex, or retaliated against her for engaging in protected activity, when it decided to remove and/or reassign her.  HUD OIG "intentionally" discriminated or retaliated against Ms. Elion if HUD OIG voluntarily and knowingly treated her less favorably than others because of her sex, race, or prior protected activity.

Ms. Elion is not required to produce direct evidence of HUD OIG's intent to discriminate or

retaliate. It may be established with circumstantial evidence. An employer's more favorable treatment of non-minorities or men, under similar circumstances, or an employer's more favorable treatment of employees who did not engage in protected EEO activity, is one type of circumstantial evidence from which you may infer, but do not have to infer, that the employer intended to discriminate or retaliate against the plaintiff. Ms. Elion has offered evidence from which she asserts you may infer HUD OIG's intent to discriminate or retaliate against her. As with all evidence in the case, what weight you give to this evidence, and what inferences you choose to draw, is entirely up to you.

# BUSINESS JUDGMENT

It is not your function to second-guess the wisdom of HUD OIG's business decisions. An employer may act for any reason, whether good or bad, so long as unlawful intentional discrimination or retaliation are not among the motivating factors for the employer's action. In other words, you may not return a verdict for plaintiff just because you might disagree with the employer's decision or believe it to be harsh or unreasonable. It is your function to determine whether plaintiff's race, sex, or decision to file an administrative complaint of discrimination was a motivating factor in HUD OIG's decision.

# ESSENTIAL ELEMENTS OF
# PLAINTIFF'S CLAIMS

Ms. Elion has the burden of proving by a preponderance of the evidence that HUD OIG intentionally discriminated against her on the basis of her race or sex, or retaliated against her for engaging in protected activity, when it decided to remove her from a supervisory position and/or reassign her. If plaintiff has not proved, by a preponderance of the evidence, that HUD OIG decided to remove and/or reassign her due to discrimination on the basis of her race or sex, or in order to retaliate against her for engaging in protected activity, your verdict must be for defendant.

To prevail on her claims, Ms. Elion is not required to prove that her race, her sex, or her prior use of the agency's administrative discrimination complaints process were the sole reasons or even the primary reasons behind defendant's decision to remove and/or reassign her.  Ms. Elion need only prove that her race or her gender was a motivating factor in HUD OIG's decision to remove and/or reassign her, or to retaliate against her because of her prior use of the agency's administrative discrimination complaints process.  Thus, if you find that unlawful discrimination or retaliation was a motivating factor in HUD OIG's decisions, then you must return a verdict for the plaintiff on that claim.

If, however, you find that HUD OIG's decisions were not motivated by unlawful discrimination or retaliation, then you must return a verdict for the defendant – even if you disagree with HUD OIG's decisions or think they were unfair.

# RETALIATION

I have talked about discrimination on the basis of race and discrimination on the basis of sex or gender. I have also talked about retaliation. Let me explain this concept a little further. Retaliation is a separate claim under Title VII. To prevail on her retaliation claim, Ms. Elion must prove, by a preponderance of the evidence, that (1) she engaged in a protected EEO activity; (2) HUD took a personnel action or unlawful employment practice against her, in April 2004, that would dissuade a reasonable employee from making or supporting a charge of discrimination; and (3) there is a causal link between the personnel action or unlawful

employment practice taken by HUD and the

protected EEO activity Ms. Elion previously engaged

in – in other words, that HUD OIG decided to

remove her from her supervisory position and/or

reassign her to retaliate against her for engaging in

protected activity.

       The parties have stipulated to the fact that

Ms. Elion engaged in protected EEO activity when

she filed an administrative complaint of

discrimination against HUD OIG in December 2002.

Thus, it is undisputed that Ms. Elion has satisfied the

first element of her retaliation claim.  It is for you to

decide whether she has satisfied the second and third

elements.

Retaliation claims may be proven with the same types of evidence as discrimination claims. All of the instructions that I have given to you in the context of Ms. Elion's claims of discrimination, including for example my instructions about direct and circumstantial evidence, inferences, motivating factors, and an employer's right to use its business judgment, apply equally to Ms. Elion's claim of retaliation.

## AGENCY

HUD is a government agency.  It can only

act through natural individuals as its agents or

employees.  A government agency is responsible for

the acts of its employees and agents, like Mr. Heist,

Mr. Phelps, and Mr. Stephens, so long as they were

acting within the scope of their authority as agents, or

within the scope of their duties as employees.

To prevail on her claims, Ms. Elion must

prove, by a preponderance of the evidence, that at

least one of the individuals who played a central role

in the decision to remove her from her supervisory

duties and/or reassign her intended to discriminate or

retaliate against her.  She does not need to prove that

each individual who played a central role in the

decision to remove and/or reassign her intended to

discriminate or retaliate against her.