**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAUNDRA G. ELION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-992 (PLF) |
| | ) |
| ALPHONSO JACKSON, | ) |
| | ) |
|     Defendant. | ) |

**STIPULATION AND AGREEMENT FOR PAYMENT OF
COMPENSATORY DAMAGES AND ATTORNEYS' FEES AND COSTS**

The parties to this action, Saundra G. Elion ("Plaintiff"), and Alphonso Jackson, Secretary, United States Housing and Urban Development ("Defendant" or "HUD"), hereby enter into the following Stipulation and Agreement for Payment of Compensatory Damages and Attorneys' Fees and Costs ("Stipulation") in order to resolve certain matters in dispute in the above-styled action without further expense or delay, and accordingly do unconditionally agree to the following terms:

    1.    Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all claims for compensatory damages and attorneys' fees and costs that Plaintiff raised or could have raised in this action through May 2, 2008. Plaintiff agrees to accept the terms set forth herein in full satisfaction of any and all claims for compensatory damages and attorneys' fees and costs through May 2, 2008, based upon and related to this cause of action and her employment with HUD OIG through May 2, 2008.

    2.    Defendant shall, subject to the conditions and limitations set forth herein, promptly pay a lump sum of Five Hundred and Eighty Thousand ($580,000.00) to Plaintiff and her counsel, without deduction, withholding, or set-off. This payment may be made by an electronic transfer of




funds to an account specified by Plaintiff's undersigned counsel. The $580,000 settlement payment does not include payment for any amount of back pay and, according to Plaintiff and her counsel, represents a payment of $355,000 to Plaintiff's counsel for attorney's fees and costs with the remaining $225,000 to be retained by Plaintiff.

3. Defendant's counsel shall promptly submit to the Department of Treasury all information required for payment of the amount specified in paragraph 2 and take all reasonable steps to ensure timely payment. Plaintiff and her counsel shall cooperate by providing any reasonably requested information attendant to the request for payment by the Department of Treasury.

4. This Stipulation by Plaintiff, Plaintiff's counsel and counsel for the Defendant shall compromise and constitute full accord and satisfaction of all Plaintiff's claims for (1) all compensatory damages found by the jury and entered in the Judgment entered by the Court on April 10, 2008; (2) all attorneys' fees and costs accrued or sought through May 2, 2008; and (3) interest on those amounts or other compensation for delay that have been, or could be, made on such amounts in this case. By this Stipulation, Plaintiff waives, releases and abandons any and all claims for compensatory damages and attorneys' fees and costs through May 2, 2008, whether asserted or unasserted, including claims against the current and former employees of HUD Office of Inspector General, that arose at any time during her employment by HUD OIG, whether past or present, that have accrued as of May 2, 2008. Such waived, released, and abandoned claims include, but are not limited to, those at issue in the above-styled litigation and any other complaint or grievance filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events and/or subject matter involved in said litigation or claims, but does not

-2-



include Plaintiff's claims for equitable relief in the above captioned action which are expressly excluded from this Stipulation. This Stipulation shall include all Plaintiff's claims for attorney's fees and costs incurred in connection with the administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised in this action through the date of execution of this Stipulation. Nothing in this Stipulation shall have any effect on Plaintiff's claims for equitable relief.

5. Plaintiff and Defendant each waive any right to appeal any order or judgment entered in this case prior to the filing of this Stipulation; provided further that both parties specifically reserve their respective right to appeal any order or judgment entered after this Stipulation is filed with the Court, including but not limited to the Court's resolution of Plaintiff's motion for an award of equitable relief.

6. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives, including current and former employees of HUD Office of Inspector General, concerning any matter that was or should have been at issue in this proceeding as of the date of the execution of this Stipulation.

7. Plaintiff acknowledges that she has read this entire Stipulation and that she understands all of its terms and conditions. Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this Stipulation to her and that Defendant has provided reasonable and sufficient time for this purpose.

8. This Stipulation does not constitute an admission or an acknowledgment of liability or fault or any wrongful conduct whatsoever on the part of the Defendant, its agents, servants, or

- 3 -



employees, and does not constitute an admission or an acknowledgment on the part of Plaintiff that HUD is not at fault as found by the jury, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

9. This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

10. The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

11. The Court shall retain jurisdiction to enforce the terms of this Stipulation and to conduct such further proceedings and award relief as may be necessary to resolve this action fully, including without limitation the adjudication of Plaintiff's pending motion for equitable relief and entry of a final judgment.



IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing as of the 19th day of May, 2008.

Respectfully submitted,

//s// Robert C. Seldon
Robert C. Seldon, D.C. Bar #245100
498610
Molly E. Buie, D.C. Bar # 483767
1319 F Street, N.W. - Suite 200
Washington, D.C. 20004
(202) 393-8200

Counsel for Plaintiff

Saundra G. Elion
Plaintiff

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR #
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

//s// John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0406

J. Bryan Howell
Office of General Counsel
HUD OIG

Counsel for Defendant

**SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**

Date: _____